UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-LEIBOWITZ

JANE DOE,
    *Plaintiff*,

v.

IBANERA, LLC, *et al.*,
    *Defendants*.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court *sua sponte*. Plaintiff filed the Complaint in this action on September 9, 2025 [ECF No. 1], and summonses were issued for all seven (7) Defendants—Michael Carbonara, Ibanera, LLC, Marriott International, Inc., David Parr, Bjorn Snorrason, Starwood Hotels & Resorts Management Com., LLC, and Starwood Hotels & Resorts Worldwide, LLC—on September 10, 2025. [ECF Nos. 1, 3]. However, it appears that two (2) of the Defendants—Michael Carbonara and Bjorn Snorrason—have not been served with a copy of a summons and Complaint. And, the remaining five (5) Defendants who have been served with process—Ibanera, LLC, David Parr, Marriot International, Inc., Starwood Hotels & Resorts Management Co., LLC, and Starwood Hotels & Resorts Worldwide, LLC—have not responded by the deadline as follows:

- **Ibanera, LLC** was served on October 17, 2025, and its response was due on November 7, 2025. [*See* ECF No. 6].

- **David Parr** was served on October 16, 2025, and his response was due on November 13, 2025. [*See* ECF No. 7].

- **Marriot International, Inc.** was served on October 28, 2025, and its response was due on November 18, 2025. [*See* ECF No. 8].

1

- **Starwood Hotels & Resorts Management Co., LLC** was served on October 28, 2025, and its response was due on November 18, 2025.  [*See* ECF No. 9].

- **Starwood Hotels & Resorts Worldwide, LLC** was served on October 28, 2025, and its response was due on November 18, 2025.  [*See* ECF No. 10].

Counsel for Defendants Ibanera, LLC, Michael Carbonna, and David Parr appeared on November 10, 2025.  [*See* ECF Nos. 14, 15].  However, counsel for Defendants Marriott International, Inc., Bjorn Snorrason, Starwood Hotels & Resorts Management Co., LLC, and Starwood Hotels & Resorts Worldwide, LLC, have not appeared to date.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants <u>Ibanera, LLC and David Parr</u> must SHOW CAUSE in writing **no later than Wednesday, November 26, 2025**, as to why they should not be found in default under Rule 55 of the Federal Rules of Civil Procedure for failing to respond to the Complaint [ECF No. 1].

2. Plaintiff must serve Defendants <u>Michael Carbonara and Bjorn Snorrason</u> with a copy of the summons and Complaint **no later than December 8, 2025**, or they will be DISMISSED under Rule 4(m) of the Federal Rules of Civil Procedure absent good cause shown.

3. <u>Defendants Marriot International, Inc., Starwood Hotels & Resorts Management Co., LLC, and Starwood Hotels & Resorts Worldwide, LLC</u> cannot proceed *pro se* in these proceedings.  It is a long-held principle that corporations and limited liability companies must be represented by counsel because they are artificial entities that can only act through agents.  *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *Souffrant v. Denhil Oil,*

*LLC*, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies."). Rule 55(a) of the Federal Rules of Civil Procedure, which governs the entry of default, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[d]efault is to be used sparingly," as cases should be adjudicated on their merits. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002); *see also Hammer Brand, LLC v. Voro Inc.,* No. 8:23-CV-1272-KKM-UAM, 2023 WL 8789742, at *1 (M.D. Fla. Dec. 19, 2023). Accordingly, these Defendants must SHOW CAUSE in **writing no later than December 8, 2025**, as to why entry of a clerk's default should not be entered against them for failure to retain counsel to represent them in this action. *See Camela Navigation, Inc. v. Parlay Shipping & Trading, LLC,* No. 16-CV-61650, 2017 WL 7796154, at *1 (S.D. Fla. May 23, 2017) (granting motion for default judgment against LLC for failure to retain counsel as ordered by the court).

**DONE AND ORDERED** in the Southern District of Florida on November 20, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record