UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

      Plaintiff,

v.

IBANERA LLC, *et al.*,

      Defendants.
_____/

**RETURN OF SERVICE**

    I, Daniel J. Barroukh, being duly sworn, depose and state as follows:

1.    I am attorney of record for Plaintiff, Jane Doe, in the above-captioned case.

2.    I have personal knowledge of the facts set forth herein.

3.    On information, Defendant Snorrason resides at 9 Boggvisstaðir, 620 Dalvik, Iceland a/k/a 9 Boggvisbraut, 620 Dalvik, Iceland.

4.    On November 11, 2025, I prepared and sent a FedEx International Priority shipment to Defendant Snorrason in Iceland containing the Summons [ECF No. 3., p. 3] and Complaint [ECF No. 1], and another copy of the Summons and Complaint translated to Icelandic. The package was sent via FedEx International Priority, addressed to Bjorn Snorrason at 9 Boggvisstaðir, 620 Dalvik, Iceland, with FedEx Tracking No. 885956074088.

5.    On November 25, 2025, I prepared and sent a FedEx International Priority shipment to Defendant Snorrason in Iceland containing the Summons [ECF No. 3., p. 3] and Complaint [ECF No. 1], and another copy of the Summons and Complaint translated to Icelandic. The

package was sent via FedEx International Priority, addressed to Bjorn Snorrason at 9 Boggvisbraut, 620 Dalvik, Iceland, with FedEx Tracking No. 886405691089.

6. According to FedEx records, the aforesaid shipments were delivered in Iceland on November 17, 2025 and December 2, 2025, respectively, and the Icelandic Post confirmed receipt of each shipment. Attached hereto as Exhibits A and B are true copies of the FedEx Proofs of Delivery confirming delivery.

7. Service was effectuated pursuant to the provisions of Fed. R. Civ. P. 4(f)(2) and the Hague Service Convention, Article 10(a). Service by international courier is permitted under Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which allows judicial documents to be sent abroad by postal channels directly to the person to be served, provided the destination country has not objected to such service. Iceland is a party to the Hague Service Convention and has not objected to service by postal channels under Article 10(a)(3). Accordingly, the service of the Summons and Complaint on Defendant Snorrason via FedEx International Priority is consistent with the Hague Convention and applicable federal law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 2, 2025.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh