UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**PLAINTIFF'S EXPEDITED MOTION FOR LEAVE TO SERVE DEFENDANT BJORN SNORRASON BY ALTERNATIVE METHOD OF SERVICE AND FOR AN ENLARGEMENT OF TIME TO EFFECT SERVICE OF PROCESS**[1]

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 4(f)(3) and other applicable law, respectfully moves this Court for an order authorizing alternative service of process on Defendant Bjorn Snorrason ("Snorrason"), via email and enlarging the time within which to serve Snorrason, as proposed and detailed below. In support, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

While Plaintiff has already properly served Defendant Bjorn Snorrason via 1) FedEx and 2) International Registered Mail, alternative service and an enlargement are warranted in the event this Court does not find that said service was properly effectuated under the Hague. FedEx in Iceland delivers to the closest Icelandic Post Office which delivers it from there. Additionally, we are still waiting on the confirmation of the International Registered Mail.

---

[1] Expedited relief is required under Southern District of Florida L.R. 7.1(d)(2) because, as set forth herein, the court-mandated deadline to serve Defendant Bjorn Snorrason is December 8, 2025. The date by which an expedited ruling is needed is December 8, 2025.

## BACKGROUND

Plaintiff Jane Doe is a victim of human trafficking, rape, battery, and related unlawful conduct. She commenced this action on September 9, 2025, alleging violations of federal and state law stemming from Defendants' sex trafficking, sexual assault, mistreatment, and retaliation while in their employ. *See* ECF No. 1 (Compl.). Since filing her complaint, Plaintiff has engaged in substantial and good faith efforts to serve process on Defendant Bjorn Snorrason, an Icelandic national who lives in Iceland. By diligent search, Plaintiff has identified two addresses where Defendant Snorrason resides and has attempted service on both locations. Plaintiff seeks an order permitting service of process on Snorrason via his known and operational email addresses, which he uses for business and communication, pursuant to Federal Rule of Civil Procedure 4(f)(3) in order to ensure Defendant Snorrason is apprised of this action and is afforded an opportunity to respond. Plaintiff has located active email accounts used by Defendant Snorrason and will serve process via those addresses. Counsel for Plaintiff has sent an email to each of Snorrason's email addresses and none of the emails bounced back. These email addresses represent the method of communication most likely to reach Snorrason immediately and reliably.

## STANDARD

Rule 4(f)(3) of the Federal Rules of Civil Procedure states:

> (f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States: . . .
>     (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(3). This District has outlined the three factors to consider when reviewing motions for alternative service under Rule 4(f)(3):

2

> The Court examines three factors in determining whether to exercise its discretion and permit alternative service of process. First, the Court must be satisfied that the proposed method of service is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Second, the Court must determine if the proposed method of service minimizes offense to foreign law. Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f).

*Tracfone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015). Plaintiff's request to serve Snorrason by email meets all three factors, as set forth more particularly below.

Further, Plaintiff must serve Defendant Snorrason no later than December 8, 2025, absent a showing of good cause. *See* ECF 16. An extension of the service deadline is appropriate where, as here, Snorrason is an Icelandic national who lives in Iceland and Plaintiff has diligently pursued service but additional time is required in light of the difficulty of serving process on individuals in Iceland. The 90-day time period set forth in Federal Rule of Civil Procedure 4(m) does not apply to service in a foreign country, which is governed by Federal Rule of Civil Procedure 4(f). In *Harris v. Orange S.A.*, 636 F. App'x 476, 485 (11th Cir. 2015), the court recognized that most courts confronted with the timeliness of foreign service have applied a "flexible due diligence standard" to determine whether delay should be excused. "We thus join the majority of circuits to have considered the issue in holding that a plaintiff's complaint may be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant." *Harris*, 636 F. App'x 476, at 485-86.

## ARGUMENT

I. **The Court Should Authorize Alternative Service on Defendant Snorrason**

    A. **Service by email is reasonably calculated to apprise Snorrason of this action and provide him with an opportunity to respond.**

3

"The Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." *Id*. Accordingly, the "means" of service is authorized at the court's discretion. "Rule 4(f)(3) allows this Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement." *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690 (S.D. Fla. 2010).

Courts in this District have repeatedly found that the alternative service method requested here is proper and provides formal notice to defendants. *See, e.g.*, *Tiffany (NJ) LLC v. Individuals, Bus. Entities, & Unincorporated Assocs. Identified on Schedule "A"*, No. 24-CV-24178-JB, 2024 WL 5433923, at *1 (S.D. Fla. Nov. 8, 2024) (email and web posting appropriate methods of service on defendant in Iceland); *Richemont Int'l SA v. Aaareplicawatch.Com*, No. 23-62202-CIV-Smith, 2023 WL 11915379, at *2 (S.D. Fla. Dec. 6, 2023) (same); *Kipu Sys., LLC v. ZenCharts, LLC*, No. 17-24733-CIV-WILLIAMS/TORRES, 2018 WL 8264634, at *2 (S.D. Fla. Mar. 29, 2018) (authorizing service via email where the defendants' email addresses were "known and operational"); *Hernandez*, 126 F. Supp. 3d at 1365 (via email and FedEx); *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (via email, U.S. mail, and international courier to defendants' known personal or corporate addresses); *Song v. Defendant "1"*, No. 6:24-CV-809-JSS-UAM, 2025 WL 359209, at *3 (M.D. Fla. Jan. 31, 2025) (via

WhatsApp and email); *VPR Brands, LP v. Shenzhen Weiboli Tech. Co.*, No. 22-81576-CIV, 2022 WL 22863807, at *2 (S.D. Fla. Oct. 27, 2022) (via WhatsApp and email).

Here, service via email is reasonably calculated to apprise Snorrason of the pendency of this lawsuit and to afford him an opportunity to respond. Indeed, email is the method of service most likely to actually reach him. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store*, No. 18-CV-61590-UU, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018) (email the method of service most likely to reach defendant); *Tiffany*, 2024 WL 5433923 at *1 (permitting service on Icelandic resident via email); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (finding "that the e-mails that did not bounce back presumptively reached Defendant").

Plaintiff has performed diligent searches and identified various email addresses linked to Defendant Snorrason. *See* Declaration of Daniel Barroukh. None of the emails recently sent to these addresses bounced back. *Id*. Additionally, Snorrason was recently served successfully via email in a separate lawsuit currently pending before this District in his capacity as the director of a party to that proceeding (Case No. 1:25-cv-20978-MD) by service effectuated upon him, in part, via email to these same email addresses. *See* ECF No. 19. Plaintiff thus seeks an order to serve Snorrason by email to his email addresses listed as follows: bjornsnorrason@gmail.com; bjorn.snorrason@ibanera.com; bjorn@ibanera.com; bjorn@dalpay.com; and bsnorra@internet.is.

**B.     Service under Rule 4(f)(3) is available without first attempting service by other means, and the proposed method via email does not violate any international agreement.**

A plaintiff is not required to exhaust other methods of service before seeking authorization for alternative service under Rule 4(f)(3). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Brookshire*

*Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *1-2 (S.D. Fla. May 31, 2007) (citing *Rio*, 284 F.3d at 1015). Service under Rule 4(f)(3) is just "as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *TracFone Wireless, Inc. v. Washington*, 290 F.R.D. 686, 687–88 (M.D. Fla. 2013) (citing Rio, 284 F.3d at 1015). "Rule 4(f) does not denote any hierarchy or preference of one method of service over another. The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (citing Rio, 284 F.3d at 1015). In fact, "[a]s long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Fru Veg Mktg.*, 896 F. Supp. 2d at 1182 (citing *Rio*, 284 F.3d at 1014).

Thus, "[s]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Id*. Here, service via email is the most direct and reliable method to ensure Snorrason is provided with notice and an opportunity to respond to Plaintiff's complaint while limiting further damage to Plaintiff, and other service methods are not required under federal law.

Further, service via email does not violate any international agreement. "[T]his district has confirmed that a proposed alternative method of service of process is not offensive to the forum's law if such method is not 'expressly prohibited' by the forum's law. *Hernandez*, 126 F. Supp. 3d at 1365 (citing *Distelec*, 268 F.R.D. at 690-91). Iceland has not objected to service via email, and there are no international agreements that expressly prohibits service via email. See *Tiffany*, 2024 WL 5433923 at *1 (email and web posting appropriate methods of service on defendant in Iceland); *Richemont*, 2023 WL 11915379 at *2 (S.D. Fla. Dec. 6, 2023) (same).

6

Indeed, the Hague Convention does not specifically preclude service via e-mail because the Defendant Snorrason is not a resident of the United States. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015). A court acting under Rule 4(f)(3) is free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011).

### C. The facts and circumstances of this case warrant service of process on Snorrason via email.

Service via an alternative method under Rule 4(f)(3) is warranted where failure to permit alternative service will result in delay. *See, e.g., VPR Brands*, 2022 WL 22863807 at *2 (element of urgency weighs in favor of alternate service under Rule 4(f)(3)); *Rio*, 284 F.3d at 1015 (urgency supports alternative service "even if other methods of service remain incomplete or unattempted."); *Fru Veg Mktg.*, 896 F. Supp. 2d at 1182-83 (alternative service appropriate to prevent delays in litigation). Additionally, email is the "most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their business." *Richemont*, 2023 WL 11915379 at *2 (authorizing email service on defendant in Iceland).

## II. The Court Should Extend the Service Deadline

Plaintiff additionally seeks an order enlarging the time within which to serve Defendant Snorrason. Since the commencement of this action, Plaintiff has worked diligently to locate and

serve Snorrason. Plaintiff has made numerous attempts to serve Defendant Snorrason by the court-mandated December 8, 2025, service deadline. Her extensive efforts have included searching online database, collecting information in aid of service, translating the Complaint and Summons into the Icelandic language, sending a copy of the Summons and Complaint to Snorrason at his personal address, 9 Boggvisstaðir, 620 Dalvik, Iceland, via U.S. mail; sending a copy of the Summons and Complaint to Snorrason at his personal addresses, 9 Boggvisstaðir, 620 Dalvik, Iceland (the "Boggvisstaðir address") and 9 Boggvisbraut, 620 Dalvik, Iceland (the "Boggvisbraut address"), via Fedex; and emailing Snorrason at his aforementioned email addresses for the purpose of providing notice of this action to him. As of the date hereof, only Fedex has generated up-to-date proofs of delivery, confirming delivery to the Icelandic postal service (Íslandspóstur).[2] *See* Return of Service, ECF No. 19, and Barroukh Decl. Plaintiff thus seeks an extension of time to ensure sufficiency of process.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above, Plaintiff Jane Doe respectfully requests that this Court enter an order authorizing alternative service on Defendant Bjorn Snorrason via email at the email addresses listed above and deeming such service effective upon transmission, and enlarging the time period within which to serve the Complaint upon Defendant Bjorn Snorrason by thirty (30) days, and for such other relief as the Court deems just and proper.

---

[2] FedEx's presence in Iceland is through a local agent rather than FedEx's own drivers and it relies on Íslandspóstur for last-mile delivery to certain places in Iceland, such as the subject addresses here. As such, signature confirmation was not available for Plaintiff's shipments to Snorrason's residence despite Plaintiff's request.

|  |  |
|---|---|
| Dated: December 2, 2025<br>Miami, Florida | Respectfully submitted,<br><br>**DEREK SMITH LAW GROUP, PLLC**<br><br>/s/ Daniel J. Barroukh<br>Daniel J. Barroukh, Esq.<br>Florida Bar No. 1049271<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>danielb@dereksmithlaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, I electronically filed the foregoing through the CM/ECF system and also certify that the foregoing document is being served this day on all counsel of record or interested parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

## SERVICE LIST

| | |
|---|---|
| **COLE SCHOTZ P.C.**<br>Scott J. Topolski<br>Florida Bar No. 0006394<br>2255 Glades Road, Suite 300E<br>Boca Raton, Florida 33431<br>Telephone: (561) 609-3856<br>Facsimile: (561) 423-0392<br>Email: stopolski@coleschotz.com<br>*Co-Counsel for Defendants Ibanera LLC,*<br>*Michael Carbonara, and David Parr*<br>**VIA CM/ECF** | Marriott International, Inc.<br>c/o Corporate Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301<br>**VIA U.S. MAIL**<br><br>Starwood Hotels & Resorts Worldwide, LLC<br>c/o Corporate Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301<br>**VIA U.S. MAIL** |
| **COGENT LAW GROUP, LLP**<br>Evan Ronald Smith<br>2001 L St. NW, Suite 500<br>Washington, DC 20036<br>Telephone: 202.644.8880<br>Email: esmith@cogentlaw.com<br>*Co-Counsel for Defendants Ibanera LLC,*<br>*Michael Carbonara, and David Parr*<br>**VIA CM/ECF** | Starwood Hotels & Resorts Management Company, LLC<br>c/o Corporate Service Company<br>1201 Hays Street<br>Tallahassee, FL 32301<br>**VIA U.S. MAIL** |