UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:25-cv-24118-LEIBOWITZ

JANE DOE,
    *Plaintiff,*

v.

IBANERA, LLC, *et al.*,
    *Defendants.*
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Expedited Motion for Leave To Serve Defendant Bjorn Snorrason by Alternative Method of Service and for an Enlargement of Time to Effect Service of Process (the "Motion") [ECF No. 20], filed on December 2, 2025.  In the Motion, Plaintiff asks for court permission to serve Defendant Bjorn Snorrason ("Snorrason")—who resides in Iceland—by electronic mail ("e-mail"), and Plaintiff requests an additional thirty (30) days to do so. [ECF No. 20 at 7–8].  In support of the Motion, Plaintiff represents as follows:

> Plaintiff has worked diligently to locate and serve Snorrason…. Her extensive efforts have included searching online database, collecting information in aid of service, translating the Complaint and Summons into the Icelandic language, sending a copy of the Summons and Complaint to Snorrason at his personal address, 9 Boggvisstaðir, 620 Dalvik, Iceland, *via* U.S. mail; sending a copy of the Summons and Complaint to Snorrason at his personal addresses, 9 Boggvisstaðir, 620 Dalvik, Iceland (the "Boggvisstaðir address") and 9 Boggvisbraut, 620 Dalvik, Iceland (the "Boggvisbraut address") *via* Fedex; and emailing Snorrason at his aforementioned email addresses for the purpose of providing notice of this action to him.  As of the date hereof, only Fedex has generated up-to-date proofs of delivery, confirming delivery to the Icelandic postal service (Íslandspóstur).  *See* Return of Service, ECF No. 19, and Declaration of Daniel Barroukh ("Barroukh Decl.") [ECF No. 21].

[*Id.*].

Rule 4(f)(3) of the Federal Rules of Civil Procedure, which governs service of an individual in a foreign country, provides: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States … by other means not prohibited by international

agreement, as the court orders." Thus, service may be accomplished under Rule 4(f)(3) as long as it is (i) ordered by the court, and (ii) not prohibited by an international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir. 2002).

A court has discretion to determine what alternative means of service is appropriate in a particular case. *Rio Props., Inc.,* 284 F.3d at 1016 ("[W]e commit to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."). Courts have permitted alternative service of process through various means, including by e-mail and/or service on local counsel. *See, e.g., Rio Props., Inc.,* 284 F.3d at 1018 (affirming district court decision to permit service by e-mail and by regular mail to the defendant's U.S. subsidiary and U.S. attorney); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011) (authorizing service by e-mail and through service on local counsel); *TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A.,* 268 F.R.D. 687, 690 (S.D. Fla. 2010) (permitting plaintiff to serve defendant *via* Fed–Ex and hand-delivery to defendant's U.S. attorney); *Chanel, Inc. v. Zhixian,* No. 10–60585, 2010 WL 1740695, at *4 (S.D. Fla. Apr. 29, 2010) (authorizing service *via* e-mail and public announcement); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 931 (N.D. Ill. 2009) (directing substituted service on U.S. attorneys retained by Russian defendants); *Brookshire Bros. Ltd. v. Chiquita Brands, Int'l,* No. 05–21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (authorizing service on foreign defendants through local counsel).

The alternative method of service, however, must comport with constitutional notions due process. To meet this requirement, the alternative method of service "must be reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props., Inc.,* 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)) (internal quotation marks omitted).

In the case at bar, Plaintiff has performed diligent searches and identified the following e-mail addresses linked to Snorrason: bjornsnorrason@gmail.com; bjorn.snorrason@ibanera.com; bjorn@ibanera.com; bjorn@dalpay.com; and bsnorra@internet.is. [*See* Barroukh Decl., ECF No. 21 ¶ 4]. None of the e-mails recently sent to these addresses bounced back. [*Id.* ¶ 5]. Plaintiff thus seeks an order authorizing it to serve Snorrason at these e-mail addresses. Upon review, the Court finds that Plaintiff has provided sufficient assurance that Snorrason can be reached *via* these e-mail addresses. Moreover, Plaintiff has provided the Court with FedEx proofs of delivery of the summons and complaint to the post office in Iceland that services Snorrason's residence. [*See* ECF Nos. 19-2; 19-3]. So, that effort combined with e-mail service of process seems sufficient to the Court.

Additionally, the Court finds that service by e-mail is not, in this case, prohibited by international agreement. Iceland is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which does not prohibit service by e-mail. *See Weiss Ratings, LLC v. The Individuals, Business Entities & Unincorporated Ass'ns*, Case No. 22-cv-23242-BLOOM/Otazo-Reyes, 2022 WL 17324856, at *1 (S.D. Fla. Nov. 29, 2022) (granting leave to proceed by alternate service for defendant that appeared to be located in Iceland). Consequently, service by e-mail does not violate an international agreement in this case.

Finally, Plaintiff has made a sufficient showing that service upon Snorrason *via* multiple e-mail addresses is reasonably calculated to apprise Snorrason of the pendency of this action and afford him an opportunity to present his objections. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion [**ECF No. 20**] is **GRANTED IN PART.**
2. Pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, Plaintiff is permitted to serve the Summons, Complaint, and other relevant filings in this matter upon Defendant Bjorn Snorrason *via* e-mail to the following e-mail addresses: bjornsnorrason@gmail.com;

bjorn.snorrason@ibanera.com; bjorn@ibanera.com; bjorn@dalpay.com; and bsnorra@internet.is. **within fourteen (14) days of the date of this Order**.

**DONE AND ORDERED** in the Southern District of Florida on December 4, 2025.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record