**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE,

        Plaintiff,                             CASE NO. 1:25-cv-24118-DSL

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**AMENDED RETURN OF SERVICE**

I, Daniel J. Barroukh, being duly sworn, depose and state as follows:

1.      I am attorney of record for Plaintiff, Jane Doe, in the above-captioned case.

2.      I have personal knowledge of the facts set forth herein.

3.      On information, Defendant Snorrason resides at 9 Boggvisstaðir, 620 Dalvik, Iceland a/k/a 9 Boggvisbraut, 620 Dalvik, Iceland.

4.      On November 11, 2025, I prepared and sent a FedEx International Priority ("FedEx") shipment to Defendant Snorrason in Iceland containing the Summons [ECF No. 3., p. 3] and Complaint [ECF No. 1], and another copy of the Summons and Complaint translated to Icelandic. The package was sent via FedEx, addressed to Bjorn Snorrason at 9 Boggvisstaðir, 620 Dalvik, Iceland, with FedEx Tracking No. 885956074088.

5.      On November 25, 2025, I prepared and sent a FedEx shipment to Defendant Snorrason in Iceland containing the Summons [ECF No. 3., p. 3] and Complaint [ECF No. 1], and another copy of the Summons and Complaint translated to Icelandic. The package was sent via FedEx International Priority, addressed to Bjorn Snorrason at 9 Boggvisbraut, 620 Dalvik, Iceland, with FedEx Tracking No. 886405691089.

6.      According to FedEx records, the aforesaid shipments were delivered in Iceland on November 17, 2025 and December 2, 2025, respectively, and the Icelandic Post confirmed receipt of each shipment. ECF Nos. 19-1 and 19-2.

7.      Service was effectuated via FedEx pursuant to the provisions of Fed. R. Civ. P. 4(f)(2) and the Hague Service Convention, Article 10(a). Service by international courier is permitted under Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, which allows judicial documents to be sent abroad by postal channels directly to the person to be served, provided the destination country has not objected to such service. Iceland is a party to the Hague Service Convention and has not objected to service by postal channels under Article 10(a)(3). Accordingly, the service of the Summons and Complaint on Defendant Snorrason via FedEx is consistent with the Hague Convention and applicable federal law.

8.      Pursuant to the Court's Order dated December 4, 2025 (ECF No. 22) and Fed. R. Civ. P. 4(f)(3), on December 4, 2025, I further served true copies of the Court's issued Summons to Bjorn Snorrason (ECF No. 3, p. 3), Plaintiff's Complaint (ECF No. 1), the Civil Cover Sheet (ECF No. 1-1), the Court's Order dated December 4, 2025 (ECF No. 22), and the said Summons and Complaint translated to Icelandic, on the Defendant, Bjorn Snorrason, *via* e-mail to the following e-mail addresses: bjornsnorrason@gmail.com, bjorn.snorrason@ibanera.com, bjorn@ibanera.com, bjorn@dalpay.com, and bsnorra@internet.is, and the said service was effectuated on December 4, 2025. *See* Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2025.

/s/ Daniel J. Barroukh
Daniel J. Barroukh