UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

JANE DOE,
Plaintiff,

v.

IBANERA LLC,
MICHAEL CARBONARA,
BJORN SNORRASON,
DAVID PARR,
MARRIOTT INTERNATIONAL, INC.,    CASE NO. 1:25-cv-24118-LEIBOWITZ
STARWOOD HOTELS & RESORTS
MANAGEMENT COMPANY, LLC,
and
STARWOOD HOTELS & RESORTS
WORLDWIDE, LLC,

Defendants.
_____/

## DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE SEPARATE RESPONSES AND MOTIONS

Defendants Ibanera LLC ("Ibanera"), David Parr ("Parr"), and Michael Carbonara ("Carbonara") (collectively, the "Ibanera Defendants"), Defendants Marriott International, Inc. ("Marriott"), Starwood Hotels & Resorts Management Company, LLC ("Starwood Management Co."), and Starwood Hotels & Resorts Worldwide, LLC ("Starwood Worldwide", together with Marriott and Starwood Management Co, the "Hotel Defendants")[1] and Defendant Bjorn Snorrason ("Snorrason") pursuant to ¶ 2(a) of this

---

[1] For the avoidance of doubt, all Defendants join this Motion in order to comply with the Court's Order in Cases with Multiple Defendants (ECF No. 4), but all Defendants reserve all rights and do not waive any rights under Rule 12, including, but not limited to any challenge under 12(b)(2) or (3).

1

Court's Order in Cases with Multiple Defendants (ECF No. 4), respectfully move for leave to file three separate responses and motions. In support, the Defendants state as follows:

**I. INTRODUCTION**

The Court has ordered all defendants to file joint motions and responses unless they demonstrate conflicts of position requiring separate filings. See ECF No. 4 at ¶ 2(a). Such conflicts are present here. The claims asserted against the Defendants are factually and legally distinct from each other. The claims asserted against the Ibanera Defendants are distinct from those asserted against Snorrason and, separately, the three unrelated Hotel Defendants.

The Defendants and their counsel do not believe they can effectively file joint motions. The claims brought against Snorrason are alleged individual actions which create direct conflicts with the Ibanera Defendants. In addition, as the alleged events at issue in the Complaint occurred in Singapore and he is a citizen of Iceland, Snorrason will be moving to dismiss the Complaint under Fed. R. Civ. P. 12(b)(2), amongst other possible arguments. The Plaintiff's claims against the Hotel Defendants include negligence-based and statutory liability theories which differ substantially from Plaintiff's allegations against the Ibanera Defendants, dictating dramatically diverging defenses. The Hotel Defendants are wholly unrelated to the Ibanera Defendants and Snorrason.

For the reasons explained below, requiring all Defendants to proceed "in lockstep" with any of the other defendants would impair their ability to present individualized defenses, create substantial inefficiencies, prejudice their litigation strategy, and undermine counsel's ethical obligations under the Rules of Professional Conduct and the Federal Rules of Civil Procedure.

## II. ISSUES NECESSITATING SEPARATE FILINGS

**A. Conflicts Between the Ibanera Defendants and Defendant Bjorn Snorrason**

The Complaint alleges that Snorrason personally drugged and assaulted the Plaintiff, which are intentional torts. The claims against the Ibanera Defendants arise from entirely different legal theories—corporate and agency liability, alleged employment relationships, Title VII and FCRA doctrines, allegations of TVPRA liability, and issues of supervision and foreseeability. The differences in claims and the relationships of the parties to the alleged activities create significant conflicts:

    1.    Conflicting factual positions, including the Ibanera Defendants' lack of knowledge of what Defendant Snorrason did or did not do, and issues of foreseeability and ratification, which may be inconsistent with Snorrason's litigation posture.

    2.    Conflicting or non-aligned legal positions, in view of the distinctly different theories of liability advanced by the Plaintiff against these Defendants and the potential for the Ibanera Defendants and Defendant Snorrason to take conflicting positions on issues such as tort liability, agency authority, and scope of their relationship;

    3.    The significant possibility that a cross-claim will arise between the Ibanera Defendants and Defendant Snorrason if the Ibanera Defendants are deemed liable for any of Snorrason's personal actions.

Jointly briefing case issues with Snorrason would introduce undue complexities for the attorneys and prejudice the Ibanera Defendants.

### B. Lack of Commonality Between the Ibanera Defendants and the Hotel Defendants

Although the Ibanera Defendants and Hotel Defendants do not have any apparent conflicts of interest at this time, they also have almost nothing in common in terms of their legal positions or the alleged bases of liabilities to the Plaintiff. The Hotel Defendants are accused of premises liability, negligent security, violation of international hotel-operations standards, and TVPRA theories based on hotel conduct. None of these issues overlap with employment, agency, and corporate-governance issues relevant to the Ibanera Defendants.

Requiring the Ibanera Defendants and the Hotel Defendants to file joint motions and responses would complicate rather than simplify the Court's management of this suit, for several reasons:

1. **Non-overlapping defenses**: The Ibanera Defendants anticipate challenging employment status, agency authority, and foreseeability—none of which apply to the Hotel Defendants.

2. **Different governing law**: The Hotel Defendants' duties arise primarily from premises liability and international hotel operation standards, not U.S. employment law.

3. **Divergent procedural needs**: Discovery, jurisdictional arguments, and factual predicates differ significantly between the groups.

4. **Risk of confusion and prejudice**: Combining unrelated defenses of these two groups of defendants into a single omnibus motion would obscure issues, burden the Court, and prejudice the Ibanera Defendants' and the Hotel Defendants' ability to present targeted, coherent arguments.

The Hotel Defendants and the Ibanera Defendants anticipate that combining motions and responses with each other will result in an awkward joinder and submission of separate and unrelated arguments, each with full citations and support, having in common little more than the heading and signature pages. Because of the lack of overlap in issues to be addressed, these groups of Defendants would need additional judicial resources to

4

authorize requests for increased page limits, to fairly enable each group of defendants to present their separate arguments in joint motions and responses.

### III. SEPARATE FILINGS PROMOTE JUDICIAL EFFICIENCY

Separating briefs by the Ibanera Defendants, the Hotel Defendants and Snorrason will allow each defendant group to present streamlined, issue-specific, and non-conflicting arguments; enable the Court to review discrete legal issues without navigating contradictory positions within a single document; and reduce motion practice later, because issues will be cleanly framed rather than intermingled.

The Court's resources are best protected by allowing each of these three logically-related groups of defendants to present their particular allegations and defenses in their logical groupings.

### IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant them leave to file motions and responses in the three groups identified herein, confirm that such filings comply with ECF No. 4, set the deadline for all Defendants to respond to the Complaint as January 20, 2026, [2] and grant any further relief the Court deems appropriate.

---

[2] In ECF No. 4, the Court stated that "The time for responsive pleadings—for all Defendants—begins to run once all Defendants have *either* (1) been served *or* (2) waived service. If the Defendants face response periods of different lengths—say, because one Defendant has been personally served whereas another has waived service—all Defendants will be subject to the *longest* of those response periods." Defendant Michael Carbonara, who waived service, has the longest response period and his response is due on January 20, 2026.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that:

On December 22, 2025, Evan Smith, representing all of the undersigned counsel, conferred with Nicolas Yoda, Esq., counsel for Plaintiff. The parties were unable to reach agreement and Mr. Yoda indicated that Plaintiff opposes the motion.

Respectfully submitted,

**Defendants Ibanera LLC, David Parr, and Michael Carbonara**

By Counsel:

*/s/ Scott J. Topolski*
Scott J. Topolski, Esq.
Florida Bar No. 0006394
COLE SCHOTZ P.C.
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
T: (561) 609-3856
F: (561) 423-0392
Email: stopolski@coleschotz.com

*/s/ Evan R. Smith*
Evan R. Smith, Esq.
*Admitted Pro Hac Vice*
Cogent Law Group, LLP
2001 L St. NW, Suite 500
Washington, D.C. 20036
Phone: (202) 644-8880
Fax: (202) 644-8880
Email: esmith@cogentlaw.com

**Defendants Marriott International, Inc., Starwood Hotels & Resorts Management Company, LLC, and Starwood Hotels & Resorts Worldwide, LLC**

By Counsel:

*/s/ Virginia Regis Callahan*
Virginia Regis Callahan
Florida Bar No. 1058943
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 200
Tampa, Florida 33607-6233
Telephone: 410.580.4328
Facsimile: 410.580.3011
Virginia.Callahan@us.dlapiper.com
DocketingChicago@us.dlapiper.com


**Defendant Bjorn Snorrason**

By counsel:

/s/  Naomi M. Berry
Naomi M. Berry (FBN 69916)
Carlton Fields, P.A.
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200
Miami, FL 33136-4118
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055
Email: nberry@carltonfields.com