UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.
_____/

**PLAINTIFF'S UNOPPOSED EXPEDITED MOTION TO SEAL DEFENDANTS', IBANERA LLC, MICHAEL CARBONARA, AND DAVID PARR'S, MOTION AND EXHIBITS [ECF NO. 32][1]**

Plaintiff, JANE DOE ("Plaintiff"), by and through her undersigned counsel respectfully submits this Unopposed Expedited Motion to Seal Defendants', Ibanera LLC, Michael Carbonara, and David Parr's (collectively, the "Ibanera Defendants"), Motion for Summary Judgment and Incorporated Memorandum of Law, and Exhibits, ECF No. [32], and in support states as follows:

**FACTUAL BACKGROUND**

1. This action arises from Plaintiff's claims of sexual assault. *See* Complaint, ECF No. [1], at ¶ 4. Plaintiff filed her Complaint under the pseudonym "Jane Doe" to protect her identity as a victim of sexual violence—a protection commonly afforded to similarly situated victims in federal courts. *See, e.g., Doe v. Doe*, 2025 U.S. Dist. LEXIS 139086, at *3 (C.D. Cal. July 21, 2025). (recognizing that in cases involving sexual assault, plaintiffs have a typically compelling need for anonymity and accordingly permitting plaintiff to proceed pseudonymously); *Doe v.*

---

[1] Expedited relief is required under S.D. Fla. L.R. 7.1(d)(2) because the documents containing Plaintiff's identifying information have been publicly accessible since January 20, 2026, and continued public access causes ongoing, irreparable injury to Plaintiff's ability to proceed pseudonymously. The harm compounds daily and cannot be remedied retroactively. Plaintiff respectfully requests a ruling by February 9, 2026.

*Combs*, 2025 U.S. Dist. LEXIS 221588, at *5 (S.D.N.Y. Nov. 10, 2025) (holding that allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims favoring a plaintiff's use of a pseudonym). Plaintiff intends to file a motion for leave to proceed pseudonymously and seeks to preserve the efficacy of that relief by preventing further dissemination of her identifying information.

2. On January 20, 2026, the Ibanera Defendants filed their Motion for Summary Judgment and Incorporated Memorandum of Law ("Defendants' MSJ") under ECF No. 32. Defendants MSJ and its exhibits disclose highly sensitive information that directly relates to the Plaintiff's identity and thereby eviscerate the pseudonymity protections she requires as a victim of sexual assault.

3. Specifically, Defendants' MSJ and its exhibits contain data enabling direct identification of Plaintiff, such as (a) the legal name of Plaintiff's business, which can be linked to Plaintiff through publicly accessible records, *passim but see* ECF No. [32] at p. 11, ECF No. [32-1] at p. 3, and ECF [32-3] at p. 2 *in particular*; (b) private wire transfer instructions and the international bank account number ("IBAN") relating to Plaintiff's business, *see* ECF [32-3] at pp. 10, 12, and 14; (c) the office location of Plaintiff's company, *see* ECF [32-3] at pp. 10, 12, and 14, and (d) the Web address of Plaintiff's business, see ECF [32-3] at p. 16.

4. These disclosures also violated, in part, Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.4(f)(2) of the Local Rules of this Court, which require redaction of financial account numbers. The Ibanera Defendants failed to redact the IBAN associated with Plaintiff's business.

**LEGAL STANDARD**

5. The public enjoys a common-law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This presumption of access, however, is not absolute; courts have "supervisory power over their own records and files," and may seal documents where good cause exists. *Id*. at 598.

6. In the Eleventh Circuit, an order to seal requires a showing of good cause under Federal Rule of Civil Procedure 26(c). *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Good cause requires a balancing of the competing interests, including factors such as a party's interest in keeping the information confidential, the possible harm to legitimate privacy interests, the degree and likelihood of injury, and the availability of a less onerous alternative. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *Chicago Tribune*, 263 F.3d at 1313 (good cause standard "requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential.").

**ARGUMENT**

7. Applying the *Romero* factors, good cause exists to seal the materials identified herein. Plaintiff has a compelling interest in maintaining the confidentiality of information that reveals her identity. As a victim of sexual assault, Plaintiff faces a concrete risk of harassment, stalking, or retaliation if her identity becomes publicly known.

8. The limited materials that Plaintiff seeks to seal include highly sensitive personal identifiers, including the name of Plaintiff's business, private wire transfer instructions, and Plaintiff's business address, the disclosure of which could create many concrete harms to Plaintiff by undermining her privacy and safety and exposing her identity. Her business name and/or

business Web address, when cross-referenced with publicly available corporate records, would directly reveal her identity. Her business address could facilitate unwanted contact or worse. The disclosure of her IBAN and wire instructions exposes her to financial fraud and identity theft.

9. These are not speculative harms—they are the predictable consequences of publicly disclosing identifying information about a sexual assault victim in federal court filings. These harms outweigh any need for public disclosure, and there is no less onerous alternative to sealing these materials. Because the identifying information appears repeatedly throughout Defendants' MSJ, piecemeal redaction would be impracticable and would still permit triangulation of Plaintiff's identity.

10. The Ibanera Defendants' disclosure threatens the privacy and safety of Plaintiff and undermines the protections provided by this Court's Local Rules and the Federal Rules of Civil Procedure. The severity of this breach necessitates judicial intervention to seal Document No. 32 and its associated exhibits to stop the ongoing harm, protect the privacy and confidentiality of Plaintiff, and prevent further unauthorized dissemination of Plaintiff's identity.

11. The Ibanera Defendants' MSJ and exhibits have been publicly accessible on the Court's docket since January 20, 2026. Every day of continued public access increases the likelihood that Plaintiff's identity will be discovered and further disseminated. Once her identity becomes widely known, the harm cannot be undone—no subsequent sealing order can restore her anonymity. Accordingly, expedited consideration is necessary to mitigate the ongoing harm and prevent further irreparable injury. Plaintiff respectfully requests a ruling by February 9, 2026.

12. Plaintiff suggests that the materials described herein remain under seal pending further order of this Honorable Court.

13. All Defendants have indicated that they do not oppose the relief sought herein.

14. Plaintiff's proposed relief is sought in good faith and, if granted, will not prejudice the proceedings.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to issue an Order sealing Defendants', Ibanera LLC, Michael Carbonara, and David Parr's, Motion and Exhibits at ECF Nos. [32], [32-1], [32-2], and [32-3] to prevent further dissemination of Plaintiff's identity, and any other relief the Court deems appropriate.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel has conferred with the respective counsel of all the Defendants, who have advised that the Defendants do not oppose the relief sought herein.

Dated this 2nd day of February, 2026.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ Daniel J. Barroukh
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Dr, Suite O-301
Miami, FL 33131
Tel: (786) 688-2335
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on February 2, 2026, on all counsel of record on the service list below via CM/ECF.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**COLE SCHOTZ P.C.**
Scott J. Topolski
Florida Bar No. 0006394
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone: (561) 609-3856
Facsimile: (561) 423-0392
Email: stopolski@coleschotz.com
*Co-Counsel for Defendants Ibanera LLC, Michael Carbonara, and David Parr*
**VIA CM/ECF**

**COGENT LAW GROUP, LLP**
Evan Ronald Smith
2001 L St. NW, Suite 500
Washington, DC 20036
Telephone: 202.644.8880
Email: esmith@cogentlaw.com
*Co-Counsel for Defendants Ibanera LLC, Michael Carbonara, and David Parr*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Naomi M. Berry
Florida Bar No. 69916
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: nberry@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Aaron S. Weiss
Florida Bar No. 48813
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: aweiss@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Virginia Regis Callahan
Florida Bar No. 1058943
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 200
Tampa, Florida 33607
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: Virginia.Callahan@us.dlapiper.com
*Counsel for Marriott International, Inc, Starwood Hotels & Resorts Management Company, LLC, and Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**