UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**JOINT SCHEDULING REPORT**

Pursuant to Rule 16.1(b) of the Local Rules of the United States District Court for the Southern District of Florida, Plaintiff, JANE DOE ("Plaintiff"), and Defendants, IBANERA LLC, MICHAEL CARBONARA, BJORN SNORRASON, DAVID PARR, MARRIOTT INTERNATIONAL, INC., STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, LLC, and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, ("Defendants")[1], by and through respective undersigned counsel, hereby respectfully file this Joint Status Report and accompanying Joint Proposed Scheduling Order, and state as follows:

    **(A)**    **The likelihood of settlement**

The Parties have not yet begun to discuss resolution but will explore the possibility of settlement as the case progresses. At this time, the Parties cannot say that settlement is likely or unlikely at this time.

---

[1] For the avoidance of doubt, Defendants Marriott International, Inc., Starwood Hotels & Resorts Management Company, LLC, Starwood Hotels & Resorts Worldwide, LLC, and Bjorn Snorrason join this Joint Scheduling Report in order to comply with the Court's Order Requiring Scheduling Report and Certificates of Interested Parties (ECF No. 34), but reserve all rights and do not waive any rights under Rule 12, including, but not limited to any challenge under 12(b)(2) or (3) or the common law doctrine of *forum non conveniens*.

**(B)     The likelihood of appearance in the action of additional parties**

The Parties do not anticipate the appearance of additional parties.

**(C)     Proposed limits on the time:**

Defendants Marriott International, Inc., Starwood Hotels & Resorts Management Company, LLC, and Starwood Hotels & Resorts Worldwide, LLC (the "Marriott Defendants") and Defendant Snorrason each respectively moved to dismiss the (original) Complaint [ECF No. 1] based, *inter alia*, on lack of personal jurisdiction and that venue is not proper in this jurisdiction. The Marriott Defendants and Defendant Snorrason and intend to renew their arguments on these issues and will  respectively be filing renewed motions to dismiss as to the claims asserted in the Amended Complaint based, *inter alia*, on lack of personal jurisdiction and improper venue.  As such, the Marriott Defendants and Defendant Snorrason request that discovery and all case deadlines following discovery be stayed pending this Court's decision on their Motion to Dismiss. The Parties have conferred on these issues and Marriott Defendants and Defendant Snorrason understand that Plaintiff [opposes/consents] to the stay

Defendants Ibanera LLC, Michael Carbonara and David Parr (the "Ibanera Defendants") have filed a Motion for Summary Judgment that, if granted, may dispose of some or all claims in this action. The Ibanera Defendants participation in this Joint Scheduling Report is without prejudice to that motion, and the Ibanera Defendants expressly preserve all rights, arguments, and defenses related thereto, including the right to seek amendment or vacatur of any scheduling deadlines that may become unnecessary. The Ibanera Defendants further note that certain discovery and pretrial deadlines may be rendered moot by the Court's ruling on the pending Motion for Summary Judgment.

  (i)  To join other parties and to amend the pleadings: **June 16, 2026.**

  (ii)  To file dispositive motions: **March 12, 2027.**

  (iii)  To complete all discovery, including expert discovery: **February 19, 2027.**

**(D)** **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

Though none at this time, the Parties will attempt to streamline the case when possible and necessary going forward.

**(E)** **The necessity or desirability of amendments to the pleadings**

Unknown at this time.

**(F)** **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

It is unknown whether admissions of fact may be obtained, whether authenticity of documents will be an issue, or whether the Parties will need advance rulings from the Court as to certain evidentiary matters. However, the Parties will attempt to resolve as many evidentiary issues as possible by means of admissions and stipulations.

**(G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The Parties have no suggestions at this time, but will discuss this issue following the applicable discovery cut-off date and before the status conference.

**(H)** **Suggestions on the advisability of referring matters to a Magistrate Judge or master**

The Parties do not consent to referral of dispositive motions to a Magistrate Judge, nor do the Parties consent to have this case proceed before a Magistrate Judge for trial. The Parties do not

consent to refer any issues to a Magistrate Judge for final rulings that may not be appealed to the District Court.

**(I)** **A preliminary estimate of the time required for trial**

The Parties estimate a trial time of 9-10 days.

**(J)** **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

The Parties request that the status conference be held on or about **June 14, 2027** and that trial in this matter be set for on or after the two-week trial period beginning **June 21, 2027**.

**(K)** **Any issues about**:

(i) **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**:

The Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production: Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

1.  **Nature of Production of ESI**. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. The Parties agree that ESI shall be produced to the requesting party in a commercially reasonable manner, including the relevant metadata (e.g., creation date, modification date, authorship), unless otherwise agreed. If a party requests documents that are stored in a readily accessible electronic format, the producing party may provide the requesting party copies of the documents in .pdf format with bates numbering, provided that such format retains all metadata from the native format. If the receiving party determines in good faith that production of a document in a .pdf format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily

4

accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B). The parties will collaborate to establish search terms and identify custodians for email searches.

2. **Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests; (2) To the extent that a party requests to examine a hard drive, server, computer, voice mail system, or other electronic device or component, the party making the request shall bear the cost of the examination and may examine the device or component at a mutually agreeable time and in a commercially reasonable manner.

(ii) **Claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert those claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**:

To the extent that counsel for a disclosing party receives electronic discovery from its client and the discovery does not contain any privileged communications, counsel for the disclosing party may forward such electronic discovery to opposing counsel by e-mail without waiving the attorney-client privilege. If and when discovery commences, the Parties will seek entry of an order under Fed. R. Evid. 502(d). The Parties anticipate that the proposed form of order to be submitted will generally be consistent with those routinely entered in this District, including in cases like *Cuhaci v. Kouri Group, LP*, 2021 WL 767661 (S.D. Fla. Feb. 26, 2021) (Bloom, J.) and *TracFone Wireless, Inc. v. Urge Mobile, LLC*, 2016 WL 4249945 (S.D. Fla. July 15, 2016) (Lenard, J.). The Parties specifically consent to the jurisdiction of a United States Magistrate Judge for final disposition of such motion.

The Parties acknowledge that either party may challenge the other party's claim of privilege under any applicable Federal Rules of Civil Procedure, Local Rules of the Southern District of Florida, or other source of law.

      (iii)    **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**:

At this time, the Parties are not aware to the extent ESI will be a significant source of relevant discovery.

**(L)**    <u>**Any other information that might be helpful to the Court in setting the case for status or pre-trial conference**</u>

None at this time.

## OTHER STIPULATED MATTERS

1.    **Email Service**. The Parties agree that materials that are not required to be filed via CM/ECF shall be served via email at the following email addresses: danielb@dereksmithlaw.com and derek@dereksmithlaw.com for Plaintiffs; aweiss@carltonfields.com and nberry@carltonfields.com for Defendant Snorrason; Virginia.Callahan@us.dlapiper.com and ellen.dew@us.dlapiper.com for the Marriott Defendants; and, esmith@cogentlaw.com and STopolski@coleschotz.com for the Ibanera Defendants.

2.    **Stipulation as to Discovery Related to Experts**. In order to avoid consuming the Parties' and the Court's time and resources on potential discovery issues relating to experts, the Parties have agreed to certain limitations on the scope of expert discovery in this matter. Neither the terms of the stipulation nor the Parties' agreement to them implies that any of the information restricted from discovery in this stipulation would otherwise be discoverable. The following categories of data, information, or documents need not be disclosed by any Party and are outside the scope of permissible discovery (including deposition questions):

      a.    draft reports, draft studies, draft affidavits, draft declarations, draft preliminary, intermediate, or draft materials prepared by, for, or at the direction of an expert unless the expert relies on the aforementioned as the basis for his or her opinion;

6

    b. any notes or other writings taken or prepared by or for an expert in connection with this matter, including, but not limited to, correspondence or memos to or from, and notes of conversations with, the expert's assistants and/or clerical or support staff, other expert witnesses, non-testifying expert consultants, or attorneys for the party offering the testimony of such expert, unless the expert relies on the aforementioned as the basis for his or her opinion;

    c. materials or information that may have been reviewed or considered but not relied upon by the expert; and

    d. written or oral communications between the expert and any Party or counsel or other agent for the party on whose behalf the expert was engaged, except to the limited extent that an expert expressly relies on a communication of a matter of fact from such counsel.

  3. **Extended Notice of Depositions**. It is stipulated that that the pre-deposition notice requirements set forth in S.D. Fla. L.R. 26.1(h) shall be modified and provide that, absent agreement to the contrary, a Party is to provide at least 21 calendar days advance notice of any deposition.

  4. Unless the Court enters an order that is explicitly inconsistent with any of the agreed to matters herein, the Parties agree to treat any agreed to matters as binding stipulations. In the event that a Party believes that an order of the Court is inconsistent with any of the agreed to matters herein, that Party shall promptly make their position known in writing to the other Parties. If after conferral on the matter, the Parties are not able to resolve any agree on any such discrepancy, they shall promptly seek clarification from the Court by appropriate motion or request.

  Dated: February 9, 2026.

Respectfully submitted,

/s/ *Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No. 1049271
danielb@dereksmithlaw.com

**DEREK SMITH LAW GROUP, PLLC**
520 Brickell Key Drive, #O-301
Miami, FL 33131
Telephone: 786-688-2335
Fax: (305) 503-6741

*Counsel for Plaintiff Jane Doe*

/s/ Aaron S. Weiss *(with permission)*
Aaroun S. Weiss, Esq.
Florida Bar No. 48813

**CARLTON FIELDS, P.A.**
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: aweiss@carltonfields.com

*Counsel for Defendant Bjorn Snorrason*


/s/ Evan Ronald Smith, Esq. *(with permission)*
Evan Ronald Smith, Esq.

**COGENT LAW GROUP, LLP**
2001 L St. NW, Suite 500
Washington, DC 20036
Telephone: 202.644.8880
Email: esmith@cogentlaw.com

*Co-Counsel for Defendants Ibanera LLC, Michael Carbonara, and David Parr*

/s/ Virginia Regis Callahan, Esq. *(with permission)*
Virginia Regis Callahan, Esq.
Florida Bar No. 1058943

**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 200
Tampa, Florida 33607
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: Virginia.Callahan@us.dlapiper.com

*Counsel for Marriott International, Inc, Starwood Hotels & Resorts Management Company, LLC, and Starwood Hotels & Resorts Worldwide, LLC*