**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-CV-24118- LEIBOWITZ**

JANE DOE,

    Plaintiff,

v.

IBANERA, LLC, et al.,

    Defendants.

_____/

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., STARWOOD HOTELS &**
**RESORTS MANAGEMENT COMPANY, LLC, AND STARWOOD HOTELS**
**& RESORTS WORLDWIDE, LLC'S MOTION TO DISMISS PLAINTIFF JANE DOE'S**
**AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 2 |
| III. | ARGUMENT | 3 |

A.    Plaintiff's Complaint Should be Dismissed for Lack of Personal Jurisdiction over the Hotel Defendants. ........... 3

     1.    Plaintiff fails to demonstrate grounds for exercising specific jurisdiction over the Hotel Defendants ........... 4

     2.    Plaintiff fails to demonstrate grounds for exercising general jurisdiction over the Hotel Defendants consistent with due process ........... 5

B.    Plaintiff's Complaint Should be Dismissed for Improper Venue. ........... 5

C.    Plaintiff Fails To State Claim under Federal Rule of Civil Procedure 12(b)(6) ........... 7

     1.    Plaintiff fails to state a claim against the Hotel Defendants under the TVPRA ........... 8

         a.    Plaintiff does not allege a violation of 18 U.S.C. § 1591. ........... 8

         b.    Plaintiff fails to allege that the Hotel Defendants "participated" in a "venture" that violated the TVPRA. ........... 9

         c.    Plaintiff fails to allege that the Hotel Defendants had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to Plaintiff*. ........... 11

         d.    Plaintiff fails to allege that the Hotel Defendants "knowingly benefitted" from the alleged sex trafficking of Plaintiff. ........... 12

     2.    Plaintiff fails to allege facts showing the Hotel Defendants violated Section 1591 ........... 13

     3.    Plaintiff fails to state claim for negligence. ........... 14

| | | |
|---|---|---|
| IV. | CONCLUSION | 16 |

## **TABLE OF AUTHORITIES**

**Cases**

*A.B. v. H.K. Group of Co., Inc.*, 2022 WL 467786 (N.D. Ga. Feb. 9, 2022)................................ 11

*A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171 (E.D. Pa. 2020).................................................. 13

*A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018 (D. Ore. 2021) ........................ 13

*A.D. v. Marriott Int'l, Inc.*, 2023 WL 2991042 (M.D. Fla. Apr. 18, 2023) ................................... 9

*A.L. v. G6 Hosp. Prop. LLC*, 2025 WL 1151750 (S.D. Fla. Apr. 18, 2025) ............................... 10

*AcryliCon USA, LLC v. Silikal GmbH,* 985 F.3d 1350 (11th Cir. 2021)........................................ 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................................... 7

*B.J. v. G6 Hosp.,* 2023 WL 3569979 (N.D. Cal. May 19, 2023)................................................... 10

*B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214 (N.D. Cal. July 30, 2020) ........... 13

*Banosmoreno v. Walgreen Co.*, 299 F. App'x 912 (11th Cir. 2008)............................................ 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................... 7

*C.C. v. Rashid*, 2025 WL 1785273 (D. Nev. June 26, 2025)....................................................... 14

*Catelyn H. v. G6 Hosp., LLC*, 2025 WL 929032 (D. Nev. Mar. 26, 2025)................................. 14

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ................................................................................ 5

*Demelus v. King Motor Co. of Fort Lauderdale*, 24 So. 3d 759 (Fla. 4th DCA 2009 ................. 15

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021) ...................................... 9, 11, 12, 13

*Doe (K.B.) v. G6 Hosp., LLC*, 2023 WL 8650785 (N.D. Ga. Dec. 14, 2023) .............................. 11

*Doe v. Fenix Int'l Ltd.*, 2024 U.S. Dist. LEXIS 198977 (S.D. Fla. Nov. 1, 2024)...................... 14

*Doe v. Fitzgerald*, 2022 WL 2784805 (C.D. Cal. May 13, 2022) ................................................ 13

*Doe v. Grindr Inc.*, 128 F.4th 1148 (9th Cir. 2025)...................................................................... 14

*Doe v. Hyatt Hotels Corp.*, 2023 WL 7181703 (S.D. Fla. Oct. 17, 2023), *aff'd sub nom. Doe
    (V.H.) v. Hyatt Hotels Corp.*, 2024 WL 3859882 (11th Cir. Aug. 19, 2024) ........................ 3, 4

*Doe v. U.S.*, 718 F.2d 1039 (11th Cir. 1983) ................................................................................ 16

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247 (11th Cir. 2000) ..................... 3

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023) ......................................................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ...................................... 5

*Grape Stars Int'l, Inc. v. nVentive, Inc.*, 2020 WL 4586123 (S.D. Fla. Aug. 10, 2020) ............... 7

*H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697 (E.D. Mich. 2020) ............................... 12

*Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022) .......................................................... 8

*Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267 (S.D. Fla. 2018) .............................. 14

*K.H. v. Riti, Inc.*, 2023 WL 3644224 (N.D. Ga. Apr. 17, 2023), *aff'd*, 2024 WL 505063 (11th
Cir. Feb. 9, 2024) ......................................................................................................................... 9

*L.H. v. Marriott Int'l, Inc.,* 604 F. Supp. 3d 1346 (S.D. Fla. 2022) ............................................ 12

*Lambert v. Melia Hotels Int'l S.A.*, 526 F. Supp. 3d 1207 (S.D. Fla. 2021) .......................... 5, 6, 7

*Leon v. Millon Air, Inc.*, 251 F.3d 1305 (11th Cir. 2001) .............................................................. 6

*Lescano v. Marriott Int'l, Inc.,* 2017 WL 10299576, at *3 (M.D. Fla. Aug. 9, 2017) .................. 5

*Limardo v. Corp. Intercontinental*, 590 F. Supp. 1109 (S.D. Fla. 1984) ...................................... 4

*N.G. v. G6 Hosp. Prop. LLC*, 2025 WL 1332210 (M.D. Fla. May 7, 2025) ........................... 9, 10

*Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir. 2009) ...................................... 4

*Reed v. Barnes*, 2025 WL 963072 (N.D. Tex. Mar. 31, 2025) ....................................................... 9

*S. Y. v. Wyndham Hotels & Resorts, Inc.*, 519 F. Supp. 3d 1069 (M.D. Fla. 2021) .................... 15

*Spandeck Engineering (S) Pte Ltd v Defence Science & Technology Agency* [2007] 4 SLR(R) . 15

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357 (11th Cir. 2006) ... 3

*Sun Trust Bank v. Sun Int'l Hotels Ltd.*, 184 F. Supp. 2d 1246 (S.D. Fla. 2001) .......................... 4

*Tan Woo Thian v PricewaterhouseCoopers Advisory Services Pte Ltd* [2021] 1 SLR ............... 15

*Tazoe v. Airbus S.A.S.*, 631 F.3d 1321 (11th Cir. 2011) ................................................................ 6

*Treminio v. Crowley Mar. Corp.*, 707 F. Supp. 3d 1234 (M.D. Fla. 2023) ................................. 11

*Van Schijndel v. Boeing Co.,* 434 F. Supp. 2d 766 (C.D. Cal. 2006), *aff'd sub nom. Schijndel v.
Boeing Co.,* 263 F. App'x 555 (9th Cir. 2008) ........................................................................... 6

*Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989) ................................................... 3

*Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261 (S.D. Fla. 2004) ................................................. 6

*Walker v. Super 8 Worldwide*, 2012 U.S. Dist. LEXIS 207692 (M.D. Fla. June 21, 2012)... 15, 16

**Statutes**

18 U.S.C. § 1591 .......................................................................................................... 8, 12, 13, 14

18 U.S.C. § 1595 ............................................................................................................ 1, 8, 9, 13

Fla. Stat. § 48.193(1) ................................................................................................................. 4

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) .............................................................................................................. 1

Fed. R. Civ. P. 12(b)(3) .......................................................................................................... 5, 6

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 7

Defendants Marriott International, Inc. ("Marriott"), Starwood Hotels & Resorts Management Company, LLC ("Starwood Management"), and Starwood Hotels & Resorts Worldwide, LLC ("Starwood Worldwide", together with Starwood Management, the "Starwood Defendants") (collectively, Marriott and the Starwood Defendants are referred to as the "Hotel Defendants"), move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), and (6), to dismiss the claims asserted against the Hotel Defendants in Plaintiff's Amended Complaint ([Doc. 36], hereinafter "FAC") with prejudice.

## I.      INTRODUCTION

Despite amending her complaint, Plaintiff has not addressed or remedied the fatal flaws in her pleading that require dismissal of her claim against the Hotel Defendants. Plaintiff's FAC describes a harrowing tale of harassment, sexual assault, and rape by Defendant Bjorn Snorrason during a business trip that Plaintiff took with Snorrason to Singapore in 2024. While the Hotel Defendants empathize with Plaintiff and do not condone any acts of violence, including sexual violence, occurring anywhere in the world, Plaintiff's efforts to hold the Hotel Defendants liable for (1) violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA") and (2) negligence fail as a matter of law for several, independent reasons.

First, this Court lacks personal jurisdiction over the Hotel Defendants, who are affiliates of the franchisor for the Sheraton Towers located at 39 Scotts RD, Singapore 228230 (the "Singapore Sheraton"). Plaintiff has failed to allege any facts establishing either general or specific jurisdiction over the Hotel Defendants relating to Plaintiff's claims because the Hotel Defendants are not "at home" in Florida, and the alleged tortious conduct occurred in Singapore, at a hotel owned and operated by an independent Singapore-based Franchisee, with no connection to the Hotel Defendants' activities in Florida.

Even if the Hotel Defendants could be subject to personal jurisdiction in this Court on Plaintiff's asserted claims, dismissal is still warranted under forum non conveniens because Florida is not the appropriate venue for this dispute. Singapore is an available and adequate alternative, and private and public interest factors overwhelmingly favor litigating there, as the alleged conduct, evidence, and witnesses are all located in Singapore.

Plaintiff also fails to state a claim under the TVPRA. Plaintiff alleges, in conclusory fashion, that the Hotel Defendants violated the TVPRA because employees of the franchised hotel failed to prevent Plaintiff's sexual assault and this somehow means that the Hotel Defendants are

liable under the TVPRA.  As a threshold matter, this claim fails because Plaintiff does not—and cannot—allege that she was compelled to engage in any commercial sex act by fraud, force, or coercion.  This, alone, is fatal to her TVPRA claim as to all Defendants.  Moreover, the FAC fails to allege a single well-pleaded allegation indicating that the Hotel Defendants knew or should have known of Plaintiff's alleged trafficking at the Singapore Sheraton, let alone that the Hotel Defendants participated in a venture that violated the TVPRA as to the Plaintiff. Plaintiff's tortured construction of the TVPRA statute fails to assert a claim against the Hotel Defendants.

Finally, Plaintiff's negligence claim also must be dismissed because the License Agreement is governed by Singapore law and both Florida and Singapore law are clear there is no liability for the willful criminal act of a third person when it is not foreseeable. Further, Plaintiff has not adequately alleged under Florida or Singapore law that the Hotel Defendants owed Plaintiff a duty and without that, Plaintiff's claim for negligence fails.

Plaintiff amended her complaint in response to the Hotel Defendants' previous motion to dismiss, but her amendments do not cure the pleading deficiencies in her claims against the Hotel Defendants. Having failed to establish jurisdiction or plead a plausible claim against the Hotel Defendants, despite her amendment, Plaintiff's claims against the Hotel Defendants should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

The FAC continues to lack any well-pled factual allegations against the Hotel Defendants and focuses on allegations of the "repeated rape of Jane Doe by Snorrason, who lured her to Singapore under the guise of a business meeting, where he repeatedly raped, beat and battered Jane Doe for days on end." FAC ¶ 1. Specifically, Plaintiff alleges that she was employed by Ibanera to develop an application for processing high volume cryptocurrency transactions. *Id.* ¶ 34.  In the course of her work for Ibanera, Plaintiff was encouraged by Defendant Parr to attend a crypto convention in Singapore in September 2024.  *Id.* ¶ 58.  During her trip, Plaintiff alleges that she stayed at the Sheraton Towers in Singapore.  *Id.* ¶ 68.  Throughout the trip, Plaintiff alleges that she was subject to repeated acts of harassment, assault, and rape by Defendant Snorrason.  *Id.* ¶¶ 72–179.  On one occasion, Plaintiff alleges that Snorrason drugged her drink and she became incapacitated.  *Id.* ¶¶ 114–23. She attempted to return to the Sheraton hotel, at which point the hotel manager contacted paramedics to assist Plaintiff.  *Id.* ¶ 129.  The paramedics arrived and administered a breathalyzer and blood test to Plaintiff and treated her for an asthma-induced panic

attack.  *Id.* ¶ 130.  Plaintiff ultimately refused medical care and was left in her hotel room with Snorrason who allegedly raped her.  *Id.* ¶¶ 133–35.  Plaintiff reported the assault to police in Singapore and then returned to Miami.  *Id.* ¶¶ 177–81.

Based on this narrative, Plaintiff alleges—in entirely conclusory allegations—that the Hotel Defendants "in effecting interstate commerce by conducting business and soliciting prospective clients, and through the enticement, harboring, solicitation, and recruitment of clients, enticed, solicited, and recruited Plaintiff to appear at Defendants' business conference and be sexually assaulted and battered." *Id.* ¶ 239. Plaintiff further alleges that the Hotel Defendants "solicited, harbored, enticed, and recruited [], and committed sexual assault and battery of Plaintiff by force and/or coercion" and that "[t]hrough the sexual assault and battery of Plaintiff, the Hotel Defendants would have profited and obtained revenue from Plaintiff." *Id.* ¶¶ 241–42.

## III.   ARGUMENT

### A.   Plaintiff's FAC Should be Dismissed for Lack of Personal Jurisdiction over the Hotel Defendants.

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of pleading "sufficient material facts to establish the basis for exercise of such jurisdiction." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiff must establish personal jurisdiction by a preponderance of the evidence. *AcryliCon USA, LLC v. Silikal GmbH,* 985 F.3d 1350, 1364 (11th Cir. 2021). However, Plaintiff fails to allege any basis for personal jurisdiction over the Hotel Defendants in Florida.

Florida courts apply a two-step analysis to determine whether personal jurisdiction is proper. *Doe v. Hyatt Hotels Corp.*, 2023 WL 7181703, at *2 (S.D. Fla. Oct. 17, 2023), *aff'd sub nom. Doe (V.H.) v. Hyatt Hotels Corp.*, 2024 WL 3859882 (11th Cir. Aug. 19, 2024). First, a plaintiff must prove that "the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's Long Arm Statute." *Id.* (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)). Second, a plaintiff must prove that "sufficient minimum contacts exist, in order to satisfy the due process requirements of the United States Constitution." *Id.* In her FAC, Plaintiff fails to add any additional allegations to establish jurisdiction over the Hotel Defendants and as a result, Plaintiff fails to demonstrate sufficient minimum contacts to meet due process under either a general or specific jurisdiction theory.

3

### 1.      Plaintiff fails to demonstrate grounds for exercising specific jurisdiction over the Hotel Defendants

Florida's long-arm statute identifies the type of activities or contacts a non-resident may engage in that would permit the court to exercise specific jurisdiction over the defendant.  Fla. Stat. § 48.193(1).  It is a fundamental requirement, however, that plaintiff's cause of action must "arise out of or relate to" at least one of defendant's contacts with the forum.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1222 (11th Cir. 2009).  Where Plaintiff asserts tort claims, it is necessary for the defendant's contact with the forum to be the "but-for" cause of the tort so that the non-resident defendant has "fair warning" that its contact may subject it to jurisdiction in the forum.  *Id.* at 1222–23. Here, Plaintiff alleges that she stayed at and was assaulted at a Sheraton hotel located in Singapore, not Florida.  Indeed, there is not a single allegation in the FAC of any actions or contacts between the Hotel Defendants and Florida that even relate to Plaintiff's claim, let alone establish that the Hotel Defendants contacts with Florida were the "but-for" cause of her injuries.

It is not reasonably foreseeable that the Hotel Defendants would be haled into a Florida court for this case. The alleged conduct and injury occurred in Singapore, and there is no allegation whatsoever of any action or contact by any of the Hotel Defendants with Florida.  Thus, any activity by the Hotel Defendants in Florida is completely separate and unrelated to the claims brought by Plaintiff in this action. *See Doe*, 2023 WL 7181703, at *5 ("Even with the Hyatt Defendants admitting [Hyatt] conducts business in the jurisdiction, without the alleged tort arising out of or relating to [Hyatt's] contacts with Florida, Due Process prevents the exercise of personal jurisdiction over the Hyatt Defendants."); *see also Sun Trust Bank v. Sun Int'l Hotels Ltd.*, 184 F. Supp. 2d 1246, 1270 (S.D. Fla. 2001) ("[A] negligence action for personal injuries sustained at a hotel while vacationing in another country does not 'arise from' the simple act of making a reservation by calling the hotel's reservations office in Florida.") (citing *Limardo v. Corp. Intercontinental*, 590 F. Supp. 1109, 1111 (S.D. Fla. 1984) (holding that a negligence claim brought against a hotel had no jurisdictionally significant connection to contractual arrangements made to secure reservations)). Exercising personal jurisdiction over the Hotel Defendants here would offend traditional notions of fair play and substantial justice.

2.      **Plaintiff fails to demonstrate grounds for exercising general jurisdiction over the Hotel Defendants consistent with due process**

Plaintiff still does not allege contacts between the Hotel Defendants and Florida that are so substantial that the Hotel Defendants could be deemed "at home" in this jurisdiction to establish general jurisdiction. A court has general jurisdiction over a foreign corporation "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). There are rare instances where a court may assert general jurisdiction over a corporation where it's affiliations with the State are "so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919). Generally, a foreign corporation is only "at home" in its place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137; *see also Lescano v. Marriott Int'l, Inc.*, 2017 WL 10299576, at *3 (M.D. Fla. Aug. 9, 2017) (holding that the mere fact that Marriott conducts business in Florida is insufficient to subject it to general personal jurisdiction in the state).

Plaintiff acknowledges that Marriott is a Delaware corporation with its principal place of business in Maryland. FAC ¶ 12. Plaintiff similarly alleges that Starwood Management Co. and Starwood Worldwide are both Delaware limited liability companies, with their principal places of business in Maryland. *Id*. ¶¶ 13–14.  Even with the benefit of reviewing the Hotel Defendants initial Motion to Dismiss, Plaintiff's FAC offers no additional facts establishing that the Hotel Defendants' Florida contacts fall into the extremely rare, exceptional case where its affiliations render it essentially "at home" in Florida.  As a result, there is no basis to find that the Hotel Defendants are subject to general personal jurisdiction in this Court.

B.      **Plaintiff's FAC Should be Dismissed for Improper Venue.**

Even if jurisdiction were proper, this case should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for forum non conveniens or improper venue because Florida is not the appropriate forum for this dispute. *See Lambert v. Melia Hotels Int'l S.A.*, 526 F. Supp. 3d 1207, 1213 (S.D. Fla. 2021) ("a district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute."). A case may be dismissed under the forum non conveniens doctrine if a defendant can show: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit

5

in the alternative forum without undue inconvenience or prejudice." *Id.* (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011)). All of these elements are satisfied here.

First, Singapore is an adequate alternative forum for the dispute. An alternative forum is generally only considered inadequate "if the remedy provided by th[at] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Lambert*, 526 F. Supp. 3d at 1214. The alternative forum does not require identical remedies but will be adequate so long as it offers "at least some relief." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). Here, Singapore is an adequate forum for the dispute as its civil proceedings derive from the English common law, permitting actions in negligence and the recovery of damages in personal injury cases. *See Van Schijndel v. Boeing Co.,* 434 F. Supp. 766, 775 (C.D. Cal. 2006), *aff'd sub nom. Schijndel v. Boeing Co.,* 263 F. App'x 555 (9th Cir. 2008). Thus, Singapore provides an adequate alternative forum.

Second, the private factors weigh against litigating in Florida. The relevant private factors include: "(1) the relative ease of access to sources of proof, (2) the ability to obtain witnesses via compulsory processes, (3) the possibility to view the premises, and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive . . . the residency of material and/or key witnesses and the location of documentation evidence should also be considered." *Lambert*, 526 F. Supp. 3d at 1216. A court must consider the necessary evidence required to prove each element of the plaintiff's cause of action, as well as make a "reasoned assessment as to the likely location of such proof." *Id.*[1] Here, because the Singapore Sheraton where the alleged tort occurred is operated by an independent Franchisee based in Singapore, it is likely that the Franchisee possesses all relevant business records, surveillance footage, employee records, and operational documents. It is a completely separate company from the Hotel Defendants and its relationship with the Hotel Defendants is governed by Singapore law. License Agreement § 6.01(i), at 9 (Ex. 1 to the Declaration of Jack Tamburello attached hereto as Exhibit A). Thus, the Hotel Defendants would have to obtain discovery from a franchisee with little incentive to cooperate given the risk of exposure in a foreign jurisdiction, thus tipping the balance in favor of dismissal. *See Lambert*, 526 F. Supp. 3d at 1219. Most witnesses in this case are employees of the Sheraton Singapore or

---

[1] Considering a motion to dismiss for improper venue under Rule 12(b)(3), the Court may consider matters outside the pleadings, such as affidavit testimony. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

paramedics and police officers located in Singapore. Litigating in Florida would therefore require international travel, translations, and cross-border discovery for nearly all relevant witnesses. Moreover, because most of the essential witnesses and custodians are in Singapore and beyond this Court's subpoena power, compulsory process favors a Singapore forum.

Third, the public interest factors also weigh against litigating in Florida. Public interest factors that this Court must consider include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Lambert*, 526 F. Supp. 3d at 1222–23 (quotation omitted). In terms of administrative difficulties flowing from court congestion, "the Southern District of Florida has one of the busiest dockets in the country." *Grape Stars Int'l, Inc. v. nVentive, Inc.*, 2020 WL 4586123, at *12 (S.D. Fla. Aug. 10, 2020). Local interest in having localized controversies decided at home also favors dismissal as Florida's interest in this litigation is minimal where Plaintiff's tort claims arise from alleged criminal conduct in Singapore. *See Lambert*, 526 F. Supp. 3d at 1223.

Finally, nothing reasonably bars Plaintiff from reinstating her suit in the alternative forum and Singapore is also equally, if not more, convenient for the majority of non-party witnesses. Plaintiff would face less prejudice from witness unavailability, unwillingness, or cross-border compulsory process issues if suit proceeds there. Thus, litigating in Singapore does not impose an atypical or undue burden on the Plaintiff compared to the far greater burden of attempting to relocate most witnesses and evidence away from the jurisdiction where the alleged events of the dispute occurred. Based on the totality of the circumstances, this case should be dismissed under the doctrine of forum non conveniens.

### C.    Plaintiff Fails to State Claim under Federal Rule of Civil Procedure 12(b)(6)

Considering a motion to dismiss under Rule 12(b)(6), courts require a plaintiff to allege facts that "state a claim to relief that is plausible on its face" and, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556); *see also*

*Holland v. Carnival Corp.*, 50 F.4th 1088, 1093 (11th Cir. 2022).  "To that end, we have counseled that the first step in evaluating a motion to dismiss is to 'eliminate any allegations in the complaint that are merely legal conclusions.'" *Holland*, 50 F.4th at 1093 (citation omitted).

> **1.      Plaintiff fails to state a claim against the Hotel Defendants under the TVPRA.**

Plaintiff purports to bring a claim against the Hotel Defendants under "all applicable sections of 18 U.S.C.A. §§ 1591, 1595 in that '[a]n individual who is a victim of a violation of Section 1589, 1590, or 1591 of title 18, United States Code, may bring a civil action in any appropriate district court of the United States.'" FAC ¶ 243. However, Plaintiff's allegations related to the alleged assault committed by Defendant Snorrason do not state a claim under either a beneficiary or perpetrator theory of liability under the TVPRA. Plaintiff fails to allege that she is a victim of trafficking and fails to establish either that the Hotel Defendants "directly participated" in the venture that trafficked Plaintiff, or that the Hotel Defendants knew or should have known of that specific trafficking venture. For each of these reasons, the relevant case law requires dismissal of Plaintiff's TVPRA claim.

> **a.      Plaintiff does not allege a violation of 18 U.S.C. § 1591.**

As an initial matter, Plaintiff fails to allege that she is a victim of trafficking, which is a threshold requirement for a claim under the TVPRA. Plaintiff purports to base her TVPRA claim on a theory that Jane Doe was compelled to engage in commercial sex, in violation of 18 U.S.C. § 1591. FAC ¶ 244–45.  Section 1591 of the TVPRA creates a criminal offense for one who "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing . . .that the person has not reached 18 years of age and will be caused to engage in a commercial sex act . . . ." 18 U.S.C. § 1591. The statute defines "commercial sex act" to mean "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). But the FAC does not allege that anyone engaged in any of these actions as it relates to Plaintiff.  Rather, Plaintiff alleges that Ibanera and the individual defendants encouraged Plaintiff to attend a business conference in Singapore in September 2024 and that while she was in Singapore, Snorrason harassed, assaulted, and raped Plaintiff. FAC ¶¶ 58–63; ¶¶ 107–45.  Plaintiff further alleges that "because Plaintiff was not a willing and enthusiastic participant in the sexual assault and battery, Defendants failed to place Plaintiff in any future endeavors, preventing Plaintiff from additionally being compensated for her work." FAC ¶ 240. These allegations suggest retaliation *after* Plaintiff was assaulted. But the

allegations are entirely inconsistent with the notion that something of value was provided to Plaintiff "on account of" her performance of a sex act. *See Reed v. Barnes*, 2025 WL 963072, at *3 (N.D. Tex. Mar. 31, 2025) (dismissing TVPRA claim where plaintiff did not allege that anything of value was provided to plaintiff "on account of" any sex act). Without a factual basis to show that Plaintiff was a victim of sex trafficking, the TVPRA claim must be dismissed.

> **b.**    **Plaintiff fails to allege that the Hotel Defendants "participated" in a "venture" that violated the TVPRA.**

To state a claim for beneficiary liability under the TVPRA, a plaintiff "must plausibly allege that the defendant '(1) knowingly benefited (2) from participating in a venture; (3) that venture violated the TVPRA as to the [plaintiff]; and (4) the [defendant] knew or should have known that the venture violated the TVPRA as to the [plaintiff].'" *N.G. v. G6 Hosp. Prop. LLC*, 2025 WL 1332210, at *1 (M.D. Fla. May 7, 2025) (quoting *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021)).

The law is clear that Plaintiff cannot state a claim under the TVPRA without alleging that the Defendants benefitted from "participation" in the "venture" that trafficked her. *See* 18 U.S.C. § 1595(a). To satisfy this element, courts have held that a plaintiff must state facts in her complaint demonstrating that the defendant not only ignored or failed to prevent sex trafficking on hotel premises, but actually "took part in the common undertaking of sex trafficking." *Red Roof*, 21 F.4th at 727; *A.D. v. Marriott Int'l, Inc.*, 2023 WL 2991042, at *4 (M.D. Fla. Apr. 18, 2023) (factual allegations that the franchisor "did not fight hard enough to keep these traffickers from using the hotel" were insufficient to "plausibly establish that Marriott participated in a common undertaking of a sex trafficking venture involving risk or profit"); *see also K.H. v. Riti, Inc.*, 2023 WL 3644224, at *3 (N.D. Ga. Apr. 17, 2023), *aff'd* 2024 WL 505063 (11th Cir. Feb. 9, 2024) (Plaintiff must "'connect the dots' between plaintiff's experience as a victim of sex trafficking and the specific defendant in the lawsuit," either by alleging a 'direct association' between the defendant hotel and the plaintiff's trafficker, or by showing a 'continuous business relationship' between a defendant hotel and a sex trafficker" who trafficked the Plaintiff) (citation omitted).

Plaintiff continues to allege that "[t]hrough the sexual assault and battery of Plaintiff, the Hotel Defendants would have profited and obtained revenue from Plaintiff . . . . The Sheraton generated a substantial amount of revenue from the renting rooms, food and beverage sale, valet services, tips, and more, as a result of Ibanera's attendance." FAC ¶ 242.  Plaintiff's theory—that

a hotel may participate in a trafficking venture based solely on its renting of rooms to Defendant Snorrason and the Ibanera Defendants—is insufficient to establish participation in a venture for purposes of the TVPRA. *See A.L. v. G6 Hosp. Prop. LLC*, 2025 WL 1151750, at *4 (S.D. Fla. Apr. 18, 2025).

Plaintiff amended her complaint to add a handful of conclusory allegations directed at the staff of the Sheraton Singapore and their alleged inaction. The amendments in the FAC allege primarily that "staff personally observed Plaintiff screaming for help," "witnessed paramedics confirm Plaintiff has a near-zero BAC," and "left Plaintiff incapacitated and alone with [Snorrason]." *See* FAC ¶¶ 124, 128, 131, 137. These allegation do not establish that the Hotel Defendants "took part in the common undertaking of sex trafficking." The law is clear that observing something is not the same as participating in it. *See N.G.*, 2025 WL 1332210, *at 2 ("[A]llegations of financial benefit alone are insufficient 'to establish that the defendant participated in a sex trafficking venture, and observing signs of sex trafficking is not the same as participating in it.'") (citation omitted).

The fact that a defendant provides services such as the rental of a hotel room, which is then misused in connection with someone's trafficking or a criminal assault, is not enough to establish that the defendant participated in a venture that committed trafficking crimes. *See, e.g.*, *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 562 (7th Cir. 2023); *see B.J. v. G6 Hosp.*, 2023 WL 3569979, at *5 (N.D. Cal. May 19, 2023) ("general" business ventures, as opposed to a "sex trafficking" ventures do "not suffice to plead a violation of the TVPRA").

The FAC is replete with similarly deficient allegations. Plaintiff alleges broadly that the Hotel Defendants "owned and/or operated" the Singapore Sheraton. *See* FAC ¶ 69. Plaintiff alleges that "[t]he Hotel Defendants used the Client Relations and Success Manager position, and agreement to develop Plaintiff's app, to recruit, entice, harbor, solicit, and transport Plaintiff for sex acts that were forced upon her by Defendants Ibanera, Carbonara, Parr, and Snorrason." FAC ¶ 238. Plaintiff further alleges that "[t]he Hotel Defendants, in effecting interstate commerce by conducting business and soliciting prospective clients, and through the enticement, harboring, solicitation, and recruitment of clients, enticed, solicited, and recruited Plaintiff to appear at Defendants' business conference and be sexually assaulted and battered." FAC ¶ 239.

But the FAC does not (and cannot) allege that the Hotel Defendants had any part in soliciting or recruiting Plaintiff to come to the Singapore Sheraton or played any role in whether

Plaintiff retained her employment with the Ibanera Defendants. In fact, the FAC clearly alleges that Defendant Parr is the one who told Plaintiff that she needed to "go to Singapore for a business trip to attend the Crypto convention, TOKEN2024." FAC ¶ 58.  There is no allegation that the convention "TOKEN2024" was organized by the Hotel Defendants. None of this suggests that the Hotel Defendants participated in a common undertaking involving risk or profit *that violated the TVPRA*. *See A.B. v. H.K. Group of Co., Inc.*, 2022 WL 467786, at *4 (N.D. Ga. Feb. 9, 2022) (applying *Red Roof* and holding that "Plaintiff has not alleged any interactions between Defendants or their employees and the alleged traffickers sufficient to establish that Defendants 'took part in a common undertaking' with the alleged traffickers."). The allegation that the Hotel Defendants "financially benefitted from renting hotel rooms" to her trafficker does "nothing to show that [the Defendants] participated in a common undertaking involving risk or profit *that violated the TVPRA*." *Red Roof*, 21 F.4th at 727 (emphasis added). Without such, Plaintiff's TVPRA claim fails against the Hotel Defendants.

### c.      Plaintiff fails to allege that the Hotel Defendants had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to Plaintiff*.

Plaintiff also fails to plausibly allege that the Hotel Defendants "had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff." *Red Roof*, 21 F. 4th at 726. As to this element, the *Red Roof* Court explained: "[T]he defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA *as to the plaintiff*." *Id.* at 725 (emphasis added); *Doe (K.B.) v. G6 Hosp., LLC*, at *5 (N.D. Ga. Dec. 14, 2023) (even if a commercial venture could suffice, claim must be dismissed for failure to allege franchisor's knowledge of trafficking). Knowledge means "an awareness or understanding of a fact or circumstance" or "a state of mind in which a person has no substantial doubt about the existence of a fact." *Treminio v. Crowley Mar. Corp.*, 707 F. Supp. 3d 1234, 1245 (M.D. Fla. 2023) (citation omitted). Actual knowledge requires "[d]irect and clear knowledge," while "constructive knowledge" is "[k]nowledge that one using reasonable care or diligence should have, and therefore is attributed by law to a given person." *Id.* (citation omitted).

Plaintiff falls far short of pleading this element under *Red Roof*.  In lieu of any allegations of direct participation, Plaintiff's allegations amount, at most, to an accusation that the Hotel Defendants negligently failed to stop Defendant Snorrason's assault.  But the Eleventh Circuit and

11

numerous other federal courts around the country have roundly rejected this theory. As these courts have uniformly confirmed, the TVPRA does not impose any affirmative obligation on private businesses to police or prevent trafficking, and an alleged failure to prevent trafficking is not tantamount to affirmative "participation" in it. Courts have reiterated that the complaint must plead facts establishing that the Hotel Defendants knew or should have known of the trafficking by the *particular* ventures in which they allegedly participated. *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 706 (E.D. Mich. 2020).

### d.     Plaintiff fails to allege that the Hotel Defendants "knowingly benefitted" from the alleged sex trafficking of Plaintiff.

Plaintiff alleges that "[t]hrough the sexual assault and battery of Plaintiff, the Hotel Defendants would have profited and obtained revenue from Plaintiff [because] Ibanera sent many employees, workers, and individuals to attend business conferences at the [Singapore Sheraton]." FAC ¶ 242. Plaintiff alleges that this continued business from Ibanera allowed the Hotel Defendants to generate "a substantial amount of revenue from the renting rooms, food and beverage sales, valet services, tips, and more, as a result of Ibanera's attendance." *Id.*

But these allegations are insufficient to establish that the Hotel Defendants knew or could have known that any portion of the revenue received from the franchised hotel was derived from a criminal who would subsequently assault Plaintiff. *See supra* Part C.1.b. Since Jane Doe has not adequately pled participation in a venture in the first instance, she certainly has not pled that the Hotel Defendants "knew [they were] receiving some value *from participating in the venture*." *Red Roof*, 21 F.4th at 724 (emphasis added); *see also L.H. v. Marriott Int'l, Inc.,* 604 F. Supp. 3d 1346, 1359 (S.D. Fla. 2022) (rejecting Plaintiff's argument that she pled the "knowingly benefitted from" element when she alleged an unsupportable Section 1591(a) venture); *H.G.*, 489 F. Supp. 3d at 705 ("That Defendants knew or should have known about trafficking by other (or unspecified) ventures in which they are not alleged to have participated is not enough under the financial benefit prong of the TVPRA.").

The FAC emphasizes that "the Hotel Defendants' staff failed to protect Plaintiff" from Snorrason. *See* FAC ¶ 134. In fact, the majority of the new allegations against the Hotel Defendants raised by Plaintiff in the FAC go to this point. *See* FAC ¶¶ 124, 126, 128, 131, 137.  The TVPRA does not impose a duty to affirmatively police sex trafficking, however, and it is neither fair nor reasonable to expect the Defendants to usurp the role of law enforcement in doing so. Such a

construction of the TVPRA is untenable, deleting the key words and phrases discussed herein (*e.g.*, "knowingly benefits" and "participation in a venture") while appending a host of imagined regulatory standards onto it. Thus, it is unsurprising that every court to have considered this theory has resoundingly rejected it. *See*, *e.g.*, *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Ore. 2021) ("[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking."); *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 182 (E.D. Pa. 2020) ("We do not read the Act as requiring hotels . . . to affirmatively stop the trafficking."); *B.M. v. Wyndham Hotels & Resorts, Inc.*, 2020 WL 4368214, at *7 (N.D. Cal. July 30, 2020) ("[T]he Court does not read section 1595 of TVPRA [as] requiring hotels or their franchisors to affirmatively stop sex trafficking").  Simply put, failing to stop sex trafficking is not sufficient to plausibly alleges participation in a venture that violated the TVPRA.

The mere receipt of room rentals, alone, is insufficient when Plaintiff cannot connect the defendant's knowledge of the receipt of room rentals with the allegedly unlawful ventures. Explaining this element, the *Red Roof* Court stated that a "plaintiff like the Does must allege that the defendant knew it was receiving some value *from participating in the alleged venture*." *Red Roof*, 21 F.4th at 724 (emphasis added). As such, the Hotel Defendants respectfully submit that the allegations in the FAC are insufficient to establish that the Hotel Defendants knowingly benefitted from their alleged participation in a TVPRA violating venture.

### 2.     Plaintiff fails to allege facts showing the Hotel Defendants violated Section 1591.

The FAC does not explicitly allege a "perpetrator" theory of civil liability under Section 1595, but to the extent the FAC might be construed to assert a perpetrator liability theory, that theory, just like Plaintiff's beneficiary liability theory, would fail as a matter of law.

To assert a perpetrator liability claim, Plaintiff must allege facts sufficient to establish that **Hotel Defendants themselves** violated the federal criminal trafficking statute, 18 U.S.C. § 1591— meaning that the Hotel Defendants **knowingly**, in interstate or foreign commerce, recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited Plaintiff "by any means," while knowing, or in reckless disregard of the fact, that "**means of force, threats of force, fraud** or any combination of such means" would be used to cause Plaintiff "to engage in a commercial sex act." *Doe v. Fitzgerald*, 2022 WL 2784805, at *3 (C.D. Cal. May 13, 2022) (citing 18 U.S.C. § 1591(a)) (emphasis added). Perpetrator liability further requires "actual

knowledge—a higher standard than negligence" of the trafficking. *C.C. v. Rashid*, 2025 WL 1785273, at *10 (D. Nev. June 26, 2025) (citation omitted); *Doe v. Fenix Int'l Ltd.*, 2024 U.S. Dist. LEXIS 198977, at *26 (S.D. Fla. Nov. 1, 2024) (section 1591 "requires that the defendant have *actual knowledge* of sex trafficking at issue").

Plaintiff's allegations do not meet these standards.  Although she alleges that Snorrason was the perpetrator of the sexual assault, she makes a conclusory allegation, without any factual support, that "the Hotel Defendants solicited, harbored, enticed, and recruited Plaintiff, and committed sexual assault and battery of Plaintiff by force and/or coercion."  FAC ¶ 241. She does not allege that the Hotel Defendants "actually engaged in some aspect of the sex trafficking." *Doe v. Grindr Inc.*, 128 F.4th 1148, 1155 (9th Cir. 2025). At most, Plaintiff alleges that she stayed at the Singapore Sheraton while attending the Crypto convention TOKEN2024 and that employees failed to stop Snorrason's activities. FAC ¶¶ 58, 134–36. Such allegations "fall[] far short of establishing [that] the defendants took any affirmative action to harbor or facilitate sex trafficking." *Catelyn H. v. G6 Hosp., LLC*, 2025 WL 929032, at *5 (D. Nev. Mar. 26, 2025). Observations "equally consistent with criminal conduct other than sex trafficking" such as "prostitution" do not plausibly allege knowledge of sex trafficking by *force, fraud, or coercion*. *B.J.*, 2023 WL 3569979, at *6. Therefore, Plaintiff's perpetrator claim must also be dismissed.

### 3.    Plaintiff fails to state claim for negligence.

Much like her TVPRA claim, Plaintiff also fails to state a plausible claim for negligence. To the extent that Plaintiff's negligence claim purports to be a premises liability claim, it should be dismissed because it fails to allege facts that, under either Singapore or Florida law, plausibly suggest that the Hotel Defendants owed or breached any duty of care to Plaintiff.

Analyzing which jurisdiction's law governs Plaintiff's negligence claim, Florida courts apply the "most significant relationship test", which considers "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018).  "Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law." *Id.* at 1270. Here, that location is Singapore. Likewise, as applied to the Hotel Defendants, any alleged conduct causing Plaintiff's injuries also occurred in Singapore.  None of the Hotel Defendants

14

are domiciled or incorporated in Florida. FAC ¶¶ 12–14.  To the extent there is any relationship between Plaintiff and the Hotel Defendants as related to her claim, that relationship is also centered in Singapore, where the hotel is located.  *Id.* ¶¶ 68–79.  As such, Plaintiff's negligence claim is governed by Singapore law.

To state a claim for negligence under Singapore law, a plaintiff must establish the following elements: (1) that the tortfeasor owes claimant a duty of care; (2) that the tortfeasor breached this duty of care by acting or omitting to act below the standard of care required of them; (3) that the tortfeasor's breach caused the claimant's damage; (4) the loss suffered by the claimant as result of the tortfeasor's breach is not too remote; and (5) that such losses can be adequately proven and adequately quantified. *See Spandeck Engineering (S) Pte Ltd v Defence Science & Technology Agency* [2007] 4 SLR(R) 110; *see also Tan Woo Thian v PricewaterhouseCoopers Advisory Services Pte Ltd* [2021] 1 SLR 1169.[2]

In determining whether a duty of care exists, the Singapore courts must be satisfied that the following three conditions are satisfied: (1) the tortfeasor ought to have foreseen that the claimant would suffer damage due to the defendant's carelessness ("factual foreseeability"); (2) there must be sufficient legal proximity between the tortfeasor and the claimant; and (3) the imposition of the duty of care should not be negated by countervailing policy consideration. *See Tan Woo Thian v PricewaterhouseCoopers Advisory Services Pte Ltd* [2021] 1 SLR 1172. Moreover, under Singapore law, a business is not liable for the unforeseen acts of others.

Similar to Singapore law, a claim for negligence under Florida law requires "duty, breach, harm, and proximate cause; the additional elements for a claim of premises liability include the defendant's possession or control of the premises and notice of the dangerous condition." *S. Y. v. Wyndham Hotels & Resorts, Inc.*, 519 F. Supp. 3d 1069, 1088 (M.D. Fla. 2021) (quotation omitted). The "duty element is a threshold question of law." *Walker v. Super 8 Worldwide*, 2012 U.S. Dist. LEXIS 207692, at *8 (M.D. Fla. June 21, 2012) (citation omitted).  For a court to impose a duty, "it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the defendant's conduct must *create* or *control* the risk before liability may be imposed." *Id.* at *9 (citing *Demelus v. King Motor Co. of Fort Lauderdale*, 24 So. 3d 759, 761 (Fla. 4th DCA 2009)).  Moreover, "there is no common law duty to prevent the misconduct of third

---

[2] Because these cases are not available on Westlaw or Lexis, copies of these cases are appended hereto as Exhibits B and C.

persons." *Id.* at *8-9 (citation omitted).

Plaintiff's FAC lacks any well-pled allegation that the Hotel Defendants possessed or controlled the premises of the Singapore Sheraton. Even *assuming arguendo* that the FAC did allege that the Hotel Defendants possessed or controlled the Singapore Sheraton, under Florida law, it is "the general rule, a crystallization of common sense, that an owner of premises has no duty to protect . . . a person from criminal attack and will not be held responsible for the willful criminal act of a third person which could not be foreseen or anticipated." *Doe v. U.S.*, 718 F.2d 1039, 1042 (11th Cir. 1983).

Foreseeability can be established by two alternative means: (1) "a plaintiff may demonstrate that 'a proprietor knew or should have known of a dangerous condition on his premises that was likely to cause harm to a patron;'" or (2) "a plaintiff can show that a 'proprietor knew or should have known of the dangerous propensities of a particular patron.'" *Banosmoreno v. Walgreen Co.*, 299 F. App'x 912, 913 (11th Cir. 2008) (citation omitted).

Whether the Court applies Singapore law or Florida law to Plaintiff's negligence claim, Plaintiff has failed to plausibly allege that the Hotel Defendants had sufficient possession or control of the Singapore Sheraton to establish a premises liability claim. Here, as explained above, Plaintiff has not adequately alleged the existence of any duty the Hotel Defendants might have owed her and the FAC fails to establish that any of the alleged actions by Snorrason were foreseeable, let alone that the Hotel Defendants failed to exercise due care for the safety of the visitors to the Singapore Sheraton, including Plaintiff. For these reasons, Plaintiff's cause of action for negligence should be dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Hotel Defendants respectfully request that the Court grant their motion and dismiss with prejudice Plaintiff Jane Doe's Amended Complaint.

## **REQUEST FOR HEARING**

Pursuant to S.D. Fla. L.R. 7.1(b)(2), the Hotel Defendants respectfully request that the Court schedule a hearing, which is estimated to require approximately one hour, to assist the Court in confirming that there is no personal jurisdiction over the Hotel Defendants, that the venue is improper and that Plaintiff fails to state a claim for which relief can be granted, and that this action should be dismissed with prejudice.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), the undersigned counsel conferred with Plaintiff's counsel with respect to the issues raised in this motion that are subject to the required conferral. Plaintiff is opposed to the issuance of the requested relief.

Dated: February 17, 2026

By: */s/ Virginia Regis Callahan*

Virginia Regis Callahan
Florida Bar No. 1058943
Virginia.Callahan@us.dlapiper.com
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 200
Tampa, Florida 33607-6233
Telephone: 410.580.4328
Facsimile: 410.580.3011

and

Ellen Dew (admitted *Pro Hac Vice*)
Ellen.Dew@us.dlapiper.com
**DLA PIPER LLP (US)**
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202
Telephone: 410.580.4127
Facsimile: 410.580.3001

*Counsel for Marriott International, Inc.,*
*Starwood Hotels & Resorts Management*
*Company, LLC, and Starwood Hotels &*
*Resorts Worldwide, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 17, 2026, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all counsel of record.

*/s/ Virginia Regis Callahan*
Virginia Regis Callahan

18