UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:25-cv-24118-LEIBOWITZ/Augustin-Birch

JANE DOE,

     *Plaintiff*,

vs.

IBANERA LLC, *et al*.,

     *Defendants*.

_____/

## DEFENDANT SNORRASON'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6) AND BECAUSE OF *FORUM NON CONVENIENS*

     Defendant Bjorn Snorrason moves, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), and the doctrine of *forum non conveniens*, for entry of an order dismissing all of the claims asserted against him in Plaintiff Jane Doe's Amended Complaint. [ECF No. 36].

### INTRODUCTION

     This action concerns an alleged sexual assault that Plaintiff alleges Mr. Snorrason, a citizen and resident of Iceland, committed against her last year in Singapore. Plaintiff's Amended Complaint includes six counts that are asserted against Mr. Snorrason:

- Count 1: Trafficking Victims Protection Act
- Count 2: Participating in a Venture in Violation of 18 U.S.C. §1591
- Count 3: Conspiracy in Violation of 18 U.S.C. § 1594
- Count 15: Sexual Assault and Battery
- Count 16: False Imprisonment
- Count 17: Intentional Infliction of Emotional Distress

     While this is largely a procedural motion, Mr. Snorrason does not want to bury the lede. Make no mistake about it, he looks forward to confronting Plaintiff's allegations head on in an appropriate forum and—once again—clearing his name. After all, the Singapore police cleared him of wrongdoing after a thorough investigation. And keep in mind, this is the *Singapore* police— the same police who famously ordered the caning of an American teenager for youthful vandalism.[1]

---

[1] *See, e.g.*, Teen-Ager Caned in Singapore Tells of the Blood and the Scars, *N.Y. Times,* (June 27, 2024) (available at https://tinyurl.com/2fdwb692); *Remarks On Legislation To Ban Assault*

143537075.5

Nonetheless, while this action arises from allegations of serious misconduct, the gravity of the accusations does not relieve Plaintiff of her burden to establish personal jurisdiction. Jurisdiction is a threshold requirement, and a court may not exercise authority over a defendant unless the plaintiff demonstrates a lawful basis for doing so.

Here, Plaintiff seeks to hale Mr. Snorrason—an Icelandic resident and citizen with no meaningful personal ties to Florida—into this Court based on allegations that he engaged in tortious conduct in Singapore. Plaintiff does not allege that Mr. Snorrason committed any tortious act in Florida, purposefully directed conduct toward Florida, conducted business in Florida in his individual capacity, or otherwise availed himself of this forum. Instead, Plaintiff attempts to invoke federal sex-trafficking statutes by asserting vague allegations of participation in a venture and conspiracy to manufacture personal jurisdiction in Florida. But conclusory invocations of federal statutes do not confer personal jurisdiction absent a colorable factual predicate.

Where, as here, Plaintiff fails to plausibly allege trafficking conduct occurring in or directed toward the United States—let alone Florida—she cannot bypass Florida's long-arm statute or constitutional due process limits. Accordingly, because Plaintiff fails to establish personal jurisdiction, all claims against Mr. Snorrason should be dismissed. Alternatively, dismissal is warranted under the doctrine of *forum non conveniens* because Singapore is the far more appropriate and convenient forum as it is the locus of the alleged conduct, witnesses, and evidence.

Finally, and independently, Counts 1, 2, 3, and 17 fail to state a claim upon which relief can be granted. As to Counts 1, 2, and 3, Plaintiff fails to allege the predicate facts necessary to transform allegations of isolated, individual misconduct into a trafficking venture or conspiracy to engage in such a venture. As to Count 17, Plaintiff raises a claim for intentional infliction of emotional distress that is not recognized under controlling Singapore law.

Accordingly, Plaintiff's Amended Complaint should be dismissed based in lack of jurisdiction or the doctrine of *forum non conveniens*. And, if the Court finds it is appropriate to keep the case here, Counts 1, 2, 3, and 17 should be dismissed as they are insufficiently pled.

### RELEVANT ALLEGATIONS OF THE AMENDED COMPLAINT

In relevant part, Plaintiff alleges that she initially engaged Defendant Ibanera LLC as a client beginning in or around 2021 and used their consulting services to develop a cryptocurrency

---

*Weapons and An Exchange With Reporters*, 1 Pub. Papers 846, 847, 1994 WL 17121869, at *1 (May 5, 1994) (public remarks from President Clinton regarding the Singapore caning).

143537075.5

payment app. [ECF No. 36] ¶¶ 31-34. Plaintiff further alleges, in or around September 2021, she began to perform work for Ibanera LLC, specifically, working with Defendant Michael Carbonara and Defendant David Parr, both of whom, she says, are two of three owners of Ibanera LLC. *Id.* ¶ 38. Plaintiff alleges that she "did not meet [Mr. Snorrason]" whom she claims was "the third and final owner for [Ibanera LLC], until several years after conducting business with and performing work for [Ibanera LLC]." *Id.* ¶ 39.

Plaintiff alleges that in early September 2024, Mr. Parr required that she travel to Singapore to attend a cryptocurrency convention with Mr. Snorrason where she would conduct business meetings to entertain existing and potential clients. *Id.* ¶¶ 58-59. Plaintiff alleges that several days before this trip, Mr. Parr introduced her to Mr. Snorrason via telephone and that she first met him in person after she arrived in Singapore. *Id.* ¶¶ 65, 71-73. Apart from that brief telephone call, Plaintiff was in Singapore during her interactions with Mr. Snorrason. *See generally id.* ¶¶ 67-181. No allegation places Mr. Snorrason in Florida in connection with any tortious conduct, nor is there any allegation that Mr. Snorrason engaged in any tortious conduct toward Plaintiff while she was physically present in Florida. *Id.* ¶¶ 257, 271, 282, 297, 309, 320.

Plaintiff's allegations draw a clear geographic boundary between her work for Ibanera LLC, Mr. Carbonara, and Mr. Parr in the United States, and the alleged misconduct she attributes to Mr. Snorrason in Singapore.

## LEGAL ARGUMENTS

### A.   Plaintiff Does Not Make a *Prima Facie* Case That Both Florida's Long-Arm Statute and the Due Process Clause of the U.S. Constitution Are Satisfied

In determining whether a basis for personal jurisdiction exists over a nonresident defendant, the court asks two questions: (1) whether there is jurisdiction under Florida's long-arm statute; and, (2) whether the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).

Jurisdictional challenges come in two forms: facial attacks and factual attacks. *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1366 (S.D. Fla. 2020) (Reinhart, J.). Facial attacks challenge jurisdiction "based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). By contrast, when a factual attack is raised, "the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Even where both forms

3

of challenge are presented, however, the district court retains discretion to resolve the jurisdictional question on facial grounds without reaching the factual dispute or considering extrinsic evidence. *Allstate Ins. Co. v. Auto Glass Am., LLC*, 2020 WL 6064607, at *2 (M.D. Fla. July 13, 2020) (deciding jurisdictional challenge based solely on the allegations contained in the complaint despite defendant also raising a factual challenge to jurisdiction).

Mr. Snorrason is primarily advancing a facial challenge, meaning that even accepting Plaintiff's allegations as true, they do not establish a basis for exercising personal jurisdiction over Mr. Snorrason. However, if the Court disagrees and instead finds that Plaintiff has done enough to nudge the jurisdictional question over the line, then Mr. Snorrason would rely on his previously submitted declaration, *see* [ECF No. 33-1], which addresses a narrow set of discrete assertions that Plaintiff characterizes as being material to the jurisdictional analysis.[2] But note, Mr. Snorrason's declaration is offered in the alternative and is not intended to displace the facial challenge.

### 1. Plaintiff Does Not Make a *Prima Facie* Showing of General Jurisdiction

Florida's long-arm statute provides that "a defendant is subject to *general* personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in substantial and not isolated activity in Florida." *Waite*, 901 F.3d at 1312. However, as the Eleventh Circuit has noted, "[b]ecause Florida's long-arm provision extends to the limits on personal jurisdiction imposed by the Due Process Clause, the Court need only determine whether the exercise of general jurisdiction ... would exceed constitutional bounds." *Id.* at 1316. Over the last fifteen years[3], the Supreme Court has limited the reach of general jurisdiction and, now, "[[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile...." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up).[4]

---

[2] The declaration cites to paragraph numbers from Plaintiff's original complaint. The relevant allegations were simply renumbered in the Amended Complaint but are otherwise unchanged.

[3] As Judge Moore noted last year in *Medlink Legal Sys., LLC v. QIMA Ltd.*, 794 F. Supp. 3d 1265, 1274 (S.D. Fla. 2025), reliance on general jurisdiction cases that pre-date *Daimler* and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) is not sound.

[4] While not applicable here, beyond domicile, "the Supreme Court has provided two other instances in which the exercise of general jurisdiction over an individual is proper: where the individual consents to the forum's jurisdiction, and where the individual is present within the forum when served with process." *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1350 (S.D. Fla. 2017) (Gayles, J.) (cleaned up).

Here, Plaintiff does not (and cannot) allege that Mr. Snorrason is domiciled in Florida because he does not reside in this State (nor this country). Accordingly, Plaintiff fails to demonstrate the existence of general jurisdiction. *See, e.g.*, *easyGroup Ltd. v. Skyscanner, Inc.,* 2020 WL 5500695, at *14 (S.D. Fla. Sept. 11, 2020) (Altonaga, J.) (the defendant "is a citizen and resident of Colombia … [he] was not served in and did not consent to jurisdiction in Florida. … General jurisdiction over [the defendant] is thus lacking."); *Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1086 (S.D. Fla. 2020) (Altonaga, J.) (same analysis and result).

### 2.      Plaintiff Does Not Make a *Prima Facie* Showing of Specific Jurisdiction

In order to establish specific personal jurisdiction, a plaintiff must satisfy both the Florida long-arm statute and federal constitutional due process. Plaintiff here does neither.

#### a.      Plaintiff's Allegations Do Not Satisfy Florida's Long-Arm Statute for Purposes of Specific Jurisdiction

Under the Florida long-arm statute, "a defendant is subject to *specific* personal jurisdiction—that is, jurisdiction over suits that arise out of or related to a defendant's contacts with Florida—for conduct specifically enumerated in the statute." *Waite*, 901 F.3d at 1312.

Here, Plaintiff does not allege facts sufficient to invoke any provision of the long-arm statute governing specific jurisdiction. Nothing in Plaintiff's allegations suggests that Mr. Snorrason operated, conducted, engaged in, or carried on a business or business venture in Florida, maintained an office or agency in the state, or otherwise engaged in purposeful activity within Florida. *See* § 48.193(1)(a)1., Fla. Stat. Nor does she allege that Mr. Snorrason committed a tortious act within Florida. *See* § 48.193(1)(a)2, Fla. Stat.

To the contrary, her allegations reflect that Mr. Snorrason is a foreign resident whose alleged case-connected conduct occurred outside Florida and without any direct connection to this forum. Plaintiff does not allege that Mr. Snorrason worked from, traveled to, or conducted business in Florida, or that he had any ongoing interactions with Plaintiff while she was in Florida. At most, Plaintiff alleges a brief telephone communication with Mr. Snorrason shortly before she traveled to Singapore, followed by alleged conduct occurring in Singapore. [ECF No. 36] ¶¶ 65, 67-181.

Although Plaintiff alleges that Ibanera LLC has a Florida office and that she performed work for Ibanera LLC in Miami, at most, such allegations may demonstrate personal jurisdiction exists as to Ibanera LLC. However, the existence of personal jurisdiction over Ibanera LLC would not be sufficient to confer personal jurisdiction over Mr. Snorrason if he were actually a principal

of Ibanera LLC.[5] *See Carter v. Estate of Rambo*, 925 So. 2d 353, 355-56 (Fla. 5th DCA 2006) (holding that personal jurisdiction did not exist over nonresident defendant despite the evidence showing the defendant signed business reports in the capacity of a managing member for the foreign LLC). Indeed, "Florida law is clear that, generally, 'the actions of a [corporate entity] cannot be imputed to its [owners] for purposes of establishing long arm personal jurisdiction over the [owners].'" *Mother Doe I v. Al Maktoum*, 632 F. Supp. 2d 1130, 1140 (S.D. Fla. 2007) (Altonaga, J.) (quoting *Suroor v. First Inv. Corp.*, 700 So. 2d 139, 141 (Fla. 5th DCA 1997)); *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) ("While Southland Corporation, which operates business in Florida, could be haled into court … its chief executive officer is not by virtue of his position subject to personal jurisdiction.").

Plaintiff also does not allege any facts to satisfy § 48.193(1)(a)6, which addresses tortious injury in Florida caused by an act or omission occurring outside the state. That provision requires more than an assertion that a plaintiff experienced injury while located in Florida. Specifically, to invoke specific jurisdiction under this provision, a plaintiff must allege that the defendant engaged in solicitation or service activities within Florida or placed products into the Florida stream of commerce in the ordinary course of business. Plaintiff alleges neither. There are no facts suggesting that Mr. Snorrason solicited Florida residents, provided services in Florida, directed activities toward Florida, or otherwise purposefully availed himself of the forum. Plaintiff does not allege facts to satisfy any of the any of the remaining provisions of § 48.193(1)(a) such as ownership or use of Florida real property, insurance of Florida risks, contractual obligations requiring performance in Florida, or any other statutorily enumerated basis for specific jurisdiction.

Accordingly, because Plaintiff fails to allege facts bringing Mr. Snorrason within any provision of Florida's long-arm statute, this Court lacks a statutory basis to exercise personal jurisdiction over him.

### b.    The Exercise of Specific Jurisdiction Over Mr. Snorrason Would Independently Violate Due Process

Even if Plaintiff's allegations could satisfy Florida's long-arm statute, "the exercise of personal jurisdiction over a defendant must comport with due process." *Waite*, 901 F.3d at 1312.

---

[5] Mr. Snorrason is not, and never has been, an owner of Ibanera LLC *See* Snorrason Decl. [ECF No. 33-1] ¶¶ 1-9; Parr Decl. [ECF No. 32-2] ¶ 11; Carbonara Decl. [ECF No. 32-3] ¶ 15. Notwithstanding, even if such allegation were accepted as true, it would not establish personal jurisdiction. Accordingly, the declarations are referenced only in the alternative in the event the Court considers the allegation material to the jurisdictional analysis.

143537075.5

The Eleventh Circuit uses a three-part due process test (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contact with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and, (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (cleaned up).

### i.   Plaintiff's Claims Do Not Arise Out of or Relate To Any Florida Contacts by Mr. Snorrason

As to the first prong (arising out of or relatedness), the "focus [is] on the direct causal relationship between the defendant, the forum, and the litigation." *Id.* at 1355-56 (cleaned up). That relationship is absent here. Plaintiff does not allege that Mr. Snorrason engaged in any conduct in Florida giving rise to her claims, nor does she allege that the operative events underlying the claims against Mr. Snorrason occurred in Florida. Rather, her allegations against Mr. Snorrason concern conduct occurring entirely outside Florida.

And even assuming that Plaintiff's allegations could be understood to allege injury experienced in Florida as a result of conduct occurring in Singapore, such allegations would still be insufficient to satisfy due process. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. This means that "[t]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Because Plaintiff identifies no Florida-directed conduct by Mr. Snorrason and instead seemingly relies on her presence in Florida as the forum connection, the first prong of the due process analysis is not satisfied.

### ii.   Plaintiff Offers No Facts That Plausibly Support Mr. Snorrason's Purposefully Availment of Florida

As to the purposeful availment prong, there must be a showing that the nonresident defendant took "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (cleaned up). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Id.* (cleaned up). Further, the contacts must be "such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357.

The Amended Complaint does not satisfy this test because Plaintiff does not allege that Mr. Snorrason undertook any action to conduct activities in Florida, to target Florida residents, or

to otherwise avail himself of the privileges or protections of Florida law. It does not allege that he traveled to Florida, conducted business from Florida, directed communications into Florida, or otherwise engaged in conduct reflecting a deliberate affiliation with the forum. Absent allegations of such voluntary, forum-directed activity, Plaintiff fails to establish purposeful availment under traditional minimum contacts principles.

**iii.      Exercising Jurisdiction Over Mr. Snorrason Would Offend the Notions of Fair Play and Substantial Justice**

As to the fair play and substantial justice prong, there must be a demonstration that the exercise of personal jurisdiction does not violate traditional notions of fair play and substantial justice. Thus, "[e]ven where a defendant has purposefully established constitutionally significant contacts within a forum state, jurisdiction must also be evaluated in light of several other factors to determine whether its exercise would comport with fair play and substantial justice." *Hicks v. Bombardier Prods. Inc.*, 684 F. Supp. 3d 1223, 1240 (S.D. Fla. 2023) (Ruiz, J.). "These factors include the burden on the defendant litigating in the forum, the forum's interest in litigating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008).

These factors militate against the finding of fair play and substantial justice. Exercising jurisdiction over Mr. Snorrason would impose a substantial burden on a foreign individual who has no meaningful connection to Florida, requiring him to litigate in a distant forum far removed from his residence, the relevant witnesses, and the evidence underlying the claims. Thus, litigating this case in Florida would not further Plaintiff's interest in obtaining convenient and effective relief. The only connection to Florida is the fact that Plaintiff returned to Florida after departing Singapore. This is not enough to establish personal jurisdiction over Mr. Snorrason in Florida.

**2.      Plaintiff Does Not Make A *Prima Facie* Showing Of Personal Jurisdiction Via Participation In A Trafficking Victims Act Venture**

Plaintiff's allegations relating to the Trafficking Victims Protection Reauthorization Act ("Trafficking Victims Act") do not establish personal jurisdiction over Mr. Snorrason. In order to state a claim under that act, a plaintiff must plausibly allege that the defendant participated in a Trafficking Victims Act "venture," which is defined as "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. § 1591(e)(6). The definition of a Trafficking Victims Act "venture" closely tracks the RICO definition of "enterprise," as both

8

require that participants be associated in fact. *Compare id. with* 18 U.S.C. § 1961(4) (defining "enterprise" as "any group of individuals associated in fact, whether or not a legal entity").

Where Congress uses similar language in two statutes, as here with a Trafficking Victims Act "venture" and a RICO "enterprise," courts may presume that "Congress intended that text to have the same meaning in both statutes." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 (2005).[6] And in the RICO context, it is well established that to plead an "associated in fact" enterprise, "a plaintiff must allege that a group of persons shares three structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose." *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (cleaned up) (citing *Boyle v. U.S.*, 556 U.S. 938, 948 (2009)).

Because the statutory definitions for RICO "enterprise" and Trafficking Victims Act "venture" are materially indistinguishable, the same structural requirements are applicable in determining whether defendants are "associated in fact" for purposes of both acts.

### a.     No Agreement Underlying A Venture Alleged

Plaintiff does not allege facts showing the existence of any such agreement between Mr. Snorrason and any other Defendant to form or participate in a Trafficking Victims Act venture. There are no allegations describing when such agreement was formed, who entered into it, or what its terms were. Instead, Plaintiff relies on conclusory assertions that Defendants collectively participated in such a venture, without pleading facts showing a meeting of the minds or coordinated decision-making. Because Plaintiff raises allegations that merely group alleged participants together without any facts supporting the existence of an agreement amongst them, she has failed to plead the existence of an association-in-fact. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017) (holding that the plaintiff failed to allege an association-in-fact by failing to "allege facts showing that this alleged agreement actually exists" and because "their allegations simply recite a legal conclusion—the existence of an agreement").

### b.     No Ongoing Organization Alleged

Plaintiff likewise fails to allege the existence of any ongoing organization functioning as a continuing unit. She does not describe any structure through which the alleged venture operated,

---

[6] Participation in a Trafficking Victims Act venture is analogous to participation in an "enterprise." *See, e.g., Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724-25 (11th Cir. 2021) (holding that participation in a Trafficking Victims Act venture requires a showing that the defendants "took part in a common undertaking or enterprise involving risk and potential profit").

143537075.5

nor does she allege roles, hierarchy, or operational mechanisms linking Mr. Snorrason to other defendants in a collective. Her allegations concerning Mr. Snorrason instead focus on discrete alleged acts of individual misconduct occurring over a span of a few days. These do not plausibly establish the existence of an ongoing organization capable of constituting a Trafficking Victims Act venture. *U.S. v. Adan*, 913 F. Supp. 2d 555, 578 (M.D. Tenn. 2012), ("[A] willing agreement to engage in isolated conduct or transaction is not evidence of a larger agreement to join a large enterprise of sex trafficking."), *aff'd sub nom., U.S. v. Fahra*, 643 F. App'x 480 (6th Cir. 2016).

### c.      No Common Purpose Alleged

Nor does Plaintiff plausibly allege that Mr. Snorrason shared a common purpose with any other defendant to engage in a common purpose of sex trafficking. "Establishing a shared purpose requires more than alleging that all members of a [venture] acted in parallel and independently harbored a common improper motive. Rather a plaintiff must allege, with enough factual detail, that members of the [venture] were actively collaborating to achieve that improper motive." *Lewis v. Mercedes-Benz USA, LLC*, 530 F. Supp. 3d 1183, 1216 (S.D. Fla. 2021) (Ruiz, J.).

Plaintiff does not allege facts showing that Mr. Snorrason and any other defendant jointly pursued a trafficking objective, coordinated efforts to recruit or exploit Plaintiff, or acted in furtherance of a collective plan. At most, Plaintiff alleges individual misconduct, which even if assumed true, does not establish a shared purpose to form a Trafficking Victims Act venture. *See Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1353 (11th Cir. 2016) (holding that the plaintiff failed to allege an association-in-fact by failing to allege facts showing the other defendants "knowingly cooperated with Spirit in a scheme").

### d.      No Allegations That Mr. Snorrason Participated In The Operation Or Management of a Venture

Further, in determining whether participation has been established, courts have adopted "the governing 'operation and management' test," which requires that "the defendant must have played some part in directing the [venture's] affairs, which includes implementing or making decisions related to its affairs." *U.S. v. Godwin*, 765 F.3d 1306, 1320 (11th Cir. 2014). Thus, "[e]ach defendant must have conducted or participated in the conduct of the [venture's] affairs, not just its own affairs." *MSP Recovery Claims, Series LLC v. Caring Voice Coalition, Inc.*, 722 F. Supp. 3d 1296, 1314 (S.D. Fla. 2024) (Torres, J.). "Allegations that a defendant merely aided and abetted in the conduct of the [venture] or performed activities – even when the activities are necessary – for

the operation of the [venture] are insufficient when pleading a … count." *Birmingham v. Doe*, 2022 WL 18134962, at *1 (S.D. Fla. Dec. 6, 2022) (Goodman, J.).

Here, Plaintiff does not allege facts showing that Mr. Snorrason participated in the operation or management of any alleged venture. She does not allege that Mr. Snorrason exercised decision-making authority over a collective, directed the actions of others in furtherance of trafficking, or played any managerial or operational role within an association-in-fact. Allegations of individual wrongdoing, without any facts tying that conduct to the operation or management of a collective, are insufficient to establish participation in a venture. *See Montoya v. PNC Bank, N.A.*, 2014 WL 4248208, at *20 (S.D. Fla. Aug. 27, 2014) (Goodman, J.) (dismissing claim because "there [we]re scant allegations regarding whether [defendants] had any part in directing and controlling the alleged enterprise, which plaintiffs allege is an association in fact enterprise consisting of all Defendants").

Because Plaintiff fails to allege facts establishing Mr. Snorrason's association in fact with a Trafficking Victims Act venture, this claim cannot supply a basis for personal jurisdiction.

### 3. Plaintiff Does Not Make A *Prima Facie* Showing That Personal Jurisdiction Exists Via the Conspiracy Theory of Personal Jurisdiction

Plaintiff's Amended Complaint does not explicitly involve the conspiracy theory of personal jurisdiction as a basis for haling Mr. Snorrason into this Court. Nonetheless, because Plaintiff attempts to raise a statutory conspiracy claim under the Trafficking Victims Act, Mr. Snorrason address the conspiracy theory of personal jurisdiction out of an abundance of caution. Even assuming the conspiracy theory of personal jurisdiction remains viable,[7] to establish this basis for jurisdiction, a plaintiff must plausibly allege that: (1) jurisdiction can, under the traditional tests, be asserted over a resident defendant; (2) the existence of a conspiracy in which the non-resident defendant and the resident defendant participated; and (3) an overt act in furtherance of the conspiracy took place within the state. *Schrier v. Qatar Islamic Bank*, 632 F. Supp. 3d 1335, 1352 (S.D. Fla. 2022) (Altman, J.). Plaintiff's allegations satisfy none of these requirements.

---

[7] In *Walden v. Fiore*, the Supreme Court stated that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. 571 U.S. 277, 286 (2014). Following *Warden*, courts remain divided as to whether the conspiracy theory of personal jurisdiction is constitutional under due process requirements. *Compare Aldini AG v. Silvaco, Inc.*, 2023 WL 3749792, at *6 (N.D. Cal. Mar. 27, 2023) *aff'd*, 2024 WL 5165600 (9th Cir. Dec. 19, 2024) *with N. Am. Sugar Indus., Inc. v. Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1339 (11th Cir. 2025). Mr. Snorrason hereby preserves the issue for appellate review.

143537075.5

For the same reasons she fails to plausibly allege a Trafficking Victims Act "venture," *see supra* at 8-12, she fails to plausibly allege any conspiracy involving Mr. Snorrason. Plaintiff pleads no facts showing an agreement or meeting of the minds between Mr. Snorrason and any other Defendant, nor that he knowingly joined or furthered a trafficking scheme. *See NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 448 (Fla. 4th DCA 2012) ("[C]ourts will decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants.").

Plaintiff also does not allege any overt act in furtherance of the alleged conspiracy that occurred in Florida. *See Archer v. Fargo*, 2018 WL 7572055, at *4 (S.D. Fla. Dec. 28, 2018) (Otazo-Reyes, J.) ("[T]here is nothing establishing that any acts in furtherance of the alleged conspiracy were committed in Florida. As such, Plaintiff's claims do not fall under Florida's long-arm statute ….") (cleaned up), *report and recommendation adopted*, 2019 WL 1115884 (S.D. Fla. Jan. 17, 2019) (Martinez, J.).

Accordingly, the conspiracy theory cannot provide a basis for personal jurisdiction.

## B.      Dismissal Is Warranted Under the Doctrine of *Forum Non Conveniens*

Even if the Court were to conclude that some basis for personal jurisdiction exists over Mr. Snorrason (it does not), the claims against him should still be dismissed under the doctrine of *forum non conveniens* because Singapore is the more appropriate and convenient forum. To obtain dismissal based on *forum non conveniens*, the moving party must "establish that (1) an adequate alternate forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in an alternative forum without undue inconvenience or prejudice." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (cleaned up).

### 1.      Singapore Is An Available And Adequate Alternative Forum

First, the Court is to determine whether Singapore is an available forum. "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Id.* (cleaned up). Here, Singapore is the locus of the alleged events giving rise to Plaintiff's claims against Mr. Snorrason. Nothing in Plaintiff's allegations suggests any legal or practical impediment to Singapore's courts adjudicating tort claims arising from conduct alleged to have occurred within Singapore's borders. Moreover, there is nothing to suggest that Mr. Snorrason would be beyond the reach of lawful service of process in connection with litigation in Singapore. Not only are Iceland and Singapore both signatories to the Hague Service

Convention, but Iceland does not object to service by postal channels under Article 10(a). Thus, there is no basis to conclude that Singapore is not an available forum for this dispute.

Next, the Court is to determine whether Singapore is an adequate forum. "[D]ifferences in law do not render a forum inadequate." *Warter v. Boston Sec., S.A.*, 380 F. Supp. 2d 1299, 1309 (S.D. Fla. 2004) (Ryskamp, J.). Rather, "[a]n alternative forum is inadequate [only] 'if the remedy provided by that alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'" *Tazoe*, 631 F.3d at 1330-31 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). In the Eleventh Circuit, an alternative forum is presumed adequate unless the plaintiff makes some showing to the contrary. *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1312 (11th Cir. 2001). Accordingly, it can be presumed that Singapore is an adequate forum capable of providing satisfactory relief to Plaintiff.

### 2.      The Private Interest Factors Strongly Favor Dismissal

Next, the Court is to determine whether the private interest factors weigh in favor of dismissal. The private interest factors include the relative ease of access to sources of proof, the ability to obtain witnesses via compulsory processes, the possibility to view the premises, and all other practical problems that make the trial of a case easy, expeditious, and inexpensive. *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009).

#### a.      Access To Sources Of Proof

"Perhaps the most important 'private interest' of the litigants is access to evidence." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003). "To evaluate ease of access to sources of proof, the Court must consider both the quantity and the quality of the evidence, which requires a consideration of how each piece of evidence relates to the legal claims and defenses at issue in the case." *Id.* (cleaned up). Resolution of Plaintiff's claims against Mr. Snorrason will turn on evidence located in Singapore and beyond this Court's subpoena power, including, at a minimum: Singapore law enforcement records, such as the police report Plaintiff alleges she filed after the incident, *see* [ECF No. 36] ¶¶ 177-78, Singapore medical and emergency-response records, including documents generated by the Singapore paramedics who tested Plaintiff's blood for alcohol and substances, *see id.* ¶¶ 129-32, and hotel records from the Sheraton Towers hotel in Singapore, including room-key access logs, incident reports, security footage, and internal communications of hotel staff who interacted with Plaintiff and Mr. Snorrason, *see id.* ¶¶ 68-69, 123-36.

143537075.5

In addition, Plaintiff's allegations identify numerous non-party witnesses physically located in Singapore whose testimony is central to her claims and Mr. Snorrason's defenses to those claims, including: members of Ibanera LLC's "Singapore team," *see id.* ¶ 81, third-party clients and associates present during the key events described in the Amended Complaint, *see id.* ¶¶ 78-80, 109-22, 162-63, 168, emergency medical and hotel personnel who allegedly observed Plaintiff's condition and interactions with Mr. Snorrason, *see id.* ¶¶ 123-34, and law enforcement personnel who investigated the police report filed by Plaintiff, *see id.* ¶¶ 177-78.

Accordingly, the overwhelming ease of access to sources of proof in Singapore—compared to the substantial obstacles to obtaining that same evidence in Florida—strongly favors dismissal. *See, e.g., Montgomery v. Oberti*, 945 F. Supp. 2d 1367, 1375 (S.D. Fla. 2013) (Cohn, J.) (concluding dismissal was warranted on *forum non conveniens* grounds because the case concerned "alleged sexual battery and assault" at a hotel in the Bahamas and resolution thereof was dependent on witnesses and records located in the Bahamas).

### b.        Compulsory Process For Attendance of Unwilling Witnesses

All potential non-party witnesses are located outside the jurisdiction of this Court. Crucial witnesses, including Singaporean medical providers, law enforcement officers, and hotel staff are outside of the United States and may not be able to be compelled to appear by this Court to give documents or depositions. Consequently, "[t]he lack of compulsory process over the bulk of these key witnesses not only renders trial in Miami inconvenient to the defense of this case, but potentially unfair." *Morrone v. Sun Int'l Hotels, Ltd.*, 2006 WL 6842082, at *3 (S.D. Fla. Sept. 22, 2006) (Seitz, J.); *Tazoe*, 631 F.3d at 1331-32 (lack of a compulsory process for the attendance of third-party witnesses weighs in favor of dismissal). Regardless, the costs in bringing Singaporean witnesses to voluntarily testify at trial in Florida weighs in favor of dismissal. *Magnin v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1430 (11th Cir. 1996) (affirming dismissal *inter alia* because of "the unavailability of compulsory process to secure the attendance of French witnesses … and the cost of attendance of any French witnesses who agree to come to this country to testify").

### c.        View of the Premises

Courts have recognized that even if it is apparent that resolution of a case does not hinge on an in-person inspection of the premises where the alleged conduct occurred, the availability of such an inspection (should it become needed) nonetheless weighs in favor of dismissal. *See Perez-Lang v. Corporacion de Hoteles, S.A.*, 575 F. Supp. 2d 1345, 1351 (S.D. Fla. 2008) (King, J.),

*aff'd*, 325 F. App'x 900 (11th Cir. 2009); *Nygard v. DiPaolo*, 2017 WL 4303825, at \*11 (S.D. Fla. May, 2017) (Ungaro, J.), *aff'd*, 753 F. App'x 716 (11th Cir. 2018).

Here, the alleged misconduct occurred at a hotel in Singapore, thus to the extent any physical inspection became necessary to gain further contextual understanding of said hotel, such as room access, security procedures, or physical layout, such an inspection would not be available unless the case was litigated in Singapore. Accordingly, this factor weighs in favor of dismissal.

### 3.   The Public Interest Factors Strongly Favor Dismissal

If the balance of the private interest factors is in equipoise or near equipoise, the Court must then consider the public interest factors. *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1050 (11th Cir. 2019). The public interest factors include:

> the administrative difficulties stemming from court congestion; the interest in having localized controversies decided at home; the interest in having a trial of a diversity case in a forum that if familiar with the law that must govern the action; … the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft*, 454 U.S. at 241 n.6 (cleaned up).

### a.   Local Interest In Having Localized Controversies Decided At Home

The local interest factor strongly favors dismissal because the events giving rise to this lawsuit occurred entirely in Singapore. Further, the events involved Singapore-based witnesses, and triggered a response from Singaporean medical providers and law enforcement. [ECF No. 36] ¶¶ 68-181. Singapore therefore has a greater interest than Florida in adjudicating claims arising from conduct that allegedly occurred within its borders, particularly where the alleged wrongdoing implicates the safety and response of Singapore-based institutions.

### b.   Singaporean Law Will At Least Partly Govern This Dispute

This factor likewise favors dismissal. Florida has adopted the "significant relationship test" of the Restatement (Second) of Conflicts of Law, which requires the Court to determine controversies in accordance with the law of the jurisdiction with the "most significant relationship to the occurrence and the parties." *See Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). "Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law." *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1271 (S.D. Fla. 2018) (King, J.) (citing *Bishop v. Fla. Specialty Paint Co.*, 389 So. 2d 999 (Fla. 1980)).

Plaintiff alleges that her injury occurred in Singapore, that the conduct causing her injury occurred in Singapore, and that her interactions with Mr. Snorrason were centered entirely in Singapore. Under these circumstances, Singaporean law will govern Plaintiff's common law claims, thereby requiring this court to apply foreign law in resolving this dispute that has virtually no connection to Florida. As such, this factor weighs in favor of dismissal.

### c.    Administrative Difficulties Flowing From Court Congestion

"The Southern District of Florida has one of the busiest dockets in the country," and as a result, this District has consistently found that this factor weighs in favor of dismissal on *forum non conveniens* motions. *Lambert v. Melia Hotels Int'l S.A.*, 526 F. Supp. 3d 1207, 1223 (S.D. Fla. 2021) (Cooke, J.) (finding *forum non conveniens* dismissal appropriate); *Grape Stars Int'l, Inc. v. nVentive, Inc.*, 2020 WL 4586123, at *12 (S.D. Fla. Aug. 10, 2020) (Altonaga, J.) (same). Litigating this case in Florida would require the Court to manage extensive discovery, resolve issues concerning the application of foreign law, and address translation and logistical complications caused by the reality that the relevant witnesses and evidence reside in a foreign country on the opposite side of the world. These are burdens that would unnecessarily burden an already congested docket. This factor therefore weighs in favor of dismissal.

### d.    Unfairness Of Burdening An Unrelated Forum With Jury Duty

Here, it would be unfair to burden Florida jurors with resolving a dispute that has no meaningful connection to this State (or country). Florida citizens should not be required to adjudicate a controversy arising entirely in Singapore, involving foreign parties, foreign conduct, foreign witnesses, foreign evidence, and foreign law, particularly where a practical alternative forum exists. Therefore, this factor weighs in favor of dismissal. *See Lambert*, 526 F. Supp. 3d at 1225 (concluding that trial in this District would unfairly burden jurors because the dispute's connection to the forum was attenuated).

### 4.    Plaintiff Presumably Can Reinstate Her Suit In Singapore

Finally, dismissal will not impose undue inconvenience or prejudice because Plaintiff can pursue her claims in Singapore—the jurisdiction where Plaintiff alleges the operative events occurred and where the relevant third-party witnesses and evidence are located. *See* [ECF No. 36] ¶¶ 67-181. Litigating in Singapore will, if anything, reduce practical barriers to obtaining testimony and documentary proof central to Plaintiff's allegations. And with respect to

143537075.5

commencing suit abroad, Singapore and Iceland are signatories to the Hague Service Convention, and Iceland does not object to service by postal channels under Article 10(a).

In short, the mere fact that Plaintiff filed first in Florida does not equate to undue inconvenience or prejudice where the locus of the alleged events, witnesses, and evidence is abroad. Plaintiff has identified no legal barrier to refiling in Singapore, including no impediment to effecting service of process.

### C.    Counts 1, 2, 3, and 17 Should be Dismissed Because Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Lastly, Plaintiff's statutory trafficking and conspiracy claims should be dismissed for failure to state a claim as they rest on conclusory allegations that do not plausibly allege participation in a Trafficking Victims Act venture or conspiracy. Additionally, Plaintiff's common law intentional infliction of emotional distress claim should be dismissed as it is governed by foreign law that does not recognize the claim as pleaded.

### a.    Plaintiff Fails to State a Claim Under the Trafficking Victims Act

Plaintiff's Trafficking Victims Act and conspiracy allegations fail to state a claim upon which relief may be granted for the same fundamental reasons they fail to supply a basis for personal jurisdiction—that being that Plaintiff fails to plead facts plausibly showing Mr. Snorrason participated in a Trafficking Victims Act venture or otherwise conspired to do the same. Because Counts 1, 2, and 3 rest on conclusory assertions that lack any factual detail, the claims should be dismissed pursuant to rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A Trafficking Victims Act venture is defined as a "group of two or more individuals associated in fact." 18 U.S.C. § 1591(e)(6). As set forth above, Plaintiff fails to plausibly allege the existence of a Trafficking Victims Act venture for multiple independent reasons. *See supra* at 8-12. First, Plaintiff pleads no facts showing the existence of any agreement between Mr. Snorrason and any other alleged participant. *See Almanza*, 851 F.3d at 1068 (failing to plead an association-in-fact because no factual allegations showing the existence of an agreement) Second, she pleads no facts establishing an ongoing organization or continuing unit, instead alleging only isolated, episodic conduct confined to a short period of time. Third, she pleads no facts plausibly sharing a shared common purpose among the Defendants to engage in sex trafficking, as opposed to individualized and independent conduct. *See Ray*, 836 F.3d at 1353 (failing to plead association-in-fact because no factual allegations showing common purpose). Lastly, she pleads no facts

showing that Mr. Snorrason directed or controlled the affairs of any collective rather than his own alleged conduct. *See Montoya*, 2014 WL 4248208, at \*20 (dismissing because factual allegations showing the defendants had any part in directing or controlling the purported enterprise).

Plaintiff's conspiracy count (Count 3) fails for the same reasons. A civil conspiracy requires allegations of fact which plausibly suggest an agreement to accomplish an unlawful objective and an overt act in furtherance of that agreement. *Schrier*, 632 F. Supp. 3d at 1352. Plaintiff alleges no facts showing a meeting of the minds between Mr. Snorrason and any other Defendant to engage in trafficking conduct. Instead, she offers only vague, conclusory assertions. Moreover, Plaintiff alleges no overt act by Mr. Snorrason in furtherance of any conspiracy occurring in Florida. Indeed, the conduct attributed to him is confined to Singapore.

Because Plaintiff pleads no facts to support the essential elements of participation in a Trafficking Victims Act venture or conspiracy regarding the same, Counts 1, 2, and 3 should be dismissed for failure to state a claim.

### b.    Plaintiff Fails to State a Claim For Intention Infliction of Emotional Distress (Count 17)

Count 17 should be dismissed because Plaintiff's common law tort claims are governed by Singapore law, and Plaintiff does not plead a cognizable cause of action under the applicable foreign law. As set forth above, Florida's choice-of-law standard direct application of the law of the jurisdiction with the most significant relationship to the alleged tort. *See supra* at 15-16. Here, Plaintiff alleges the injury and the conduct causing the injury occurred in Singapore, and her relationship with Mr. Snorrason was centered entirely in Singapore.

Under these circumstances Singapore law governs. As recently as 2022, the Singapore Court of Appeal recognized that under Singapore law, there is a "presumptive position at common law that emotional distress *per se* is not actionable. *Reed v. Bellingham* (Att'y Gen. intervening), 2022 SGCA 60, ¶ 77 (Sing.).[8]

Plaintiff's Count 17 is pleaded as an American-style intentional infliction of emotional distress, but the governing Singapore law does not recognize emotional distress *per se* as an actionable injury in the manner pleaded. Accordingly, Count 17 should be dismissed.

---

[8] A copy of the *Reed* decision is in the record at [ECF No. 33-2].

143537075.5

## CONCLUSION

For the foregoing reasons, all claims against Mr. Snorrason should be dismissed for lack of personal jurisdiction or *forum non conveniens*. Alternatively, Counts 1, 2, 3 and 17 should be dismissed for failure to state a claim for which relief can be granted.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Mr. Snorrason's undersigned counsel conferred with Plaintiff's counsel with respect to the issues raised in this motion that are subject to the required conferral. Plaintiff is opposed to the issuance of the requested relief.

Dated: February 17, 2026

Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Naomi M. Berry (FBN 69916)
Email: nberry@carltonfields.com
Carlton Fields, P.A.
700 NW 1st Ave., Ste. 1200
Miami, Florida 33136-4118
Telephone:  305-530-0050

*Attorneys for Defendant Bjorn Snorrason*

143537075.5