UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:25-cv-24118-LEIBOWITZ/Augustin-Birch

JANE DOE,

    *Plaintiff*,

vs.

IBANERA LLC, *et al.*,

    *Defendants*.

_____/

**DEFENDANT BJORN SNORRASON'S MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF HIS MOTION TO DISMISS**

    Defendant Bjorn Snorrason, pursuant to Fed. R. Civ. P. 26(c)-(d), moves for entry of an order staying of discovery pending the resolution of his February 17, 2026 motion to dismiss [ECF No. 51] all counts asserted against him by Plaintiff Jane Doe in her February 3, 2026 Amended Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff filed her original Complaint on September 9, 2025, asserting federal statutory and common law claims against multiple defendants, including Mr. Snorrason. [ECF No. 1]. Her claims arise from allegations concerning a work relationship with Ibanera LLC and an overseas business trip to Singapore. As relevant here, Plaintiff asserted six counts against Mr. Snorrason, including federal statutory claims sex trafficking and conspiracy as well as common law claims for sexual assault and battery, false imprisonment, and intentional infliction of emotional distress.

    On January 20, 2026, Mr. Snorrason moved to dismiss all claims asserted against him for lack of personal jurisdiction, failure to state a claim, as well as under doctrine of *forum non conveniens*. [ECF No. 33]. The motion to dismiss raised *inter alia* facial challenges to the legal sufficiency of the Plaintiff's allegations. All other defendants likewise filed dispositive motions directed towards the legal sufficiency of Plaintiff's allegations. [ECF Nos. 30, 32]. No defendant answered the Complaint, and no merits discovery commenced.

Before responding to those dispositive motions, Plaintiff filed an Amended Complaint. [ECF No. 36]. The Amended Complaint maintains the same causes of action and does not materially alter the jurisdictional or facial deficiencies identified in Mr. Snorrason's initial motion to dismiss. Accordingly, Mr. Snorrason has moved to dismiss the Amended Complaint seeking dismissal on the same grounds. [ECF No. 51].

As set forth below, all discovery should be stayed pending resolution of the Motion to Dismiss.

## LEGAL ARGUMENTS

Because the Motion to Dismiss challenges this Court's personal jurisdiction over Mr. Snorrason, discovery should be stayed so as to ensure sure that his due process rights are not violated. Furthermore, the timing and dispositive nature of the Motion to Dismiss and the overall early stage of the litigation present additional considerations that weigh in favor of a stay.

### a. Personal Jurisdiction is an Essential Prerequisite To the Court's Authority to Adjudicate this Matter and Should be Decided Before the Case Proceeds to Discovery

The issue of personal jurisdiction is a critical preliminary question that should be resolved at the outset because it "is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999). As the U.S. Supreme Court has stated, personal jurisdiction "represents a restriction on judicial power … as a matter of individual liberty." *Id.* at 584 (cleaned up).

This restriction on judicial power is grounded on the due process clauses of the Fifth and Fourteenth Amendments. *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 17 (2025). These due process limits on a court's authority are intended to "protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284 (2013); *Ure v. Oceania Cruises, Inc.*, 2017 WL 2378200, at *3 n.7 (S.D. Fla. June 1, 2017) "However inequitable the result, the Court, bound by … Due Process constraints, may not exercise personal jurisdiction over a defendant where there is none.").

As a result, when presented with legitimate jurisdictional challenges, federal courts in Florida routinely stay discovery until such challenges have been resolved. *See,*

*e.g., Lewis v. Mercedes-Benz USA, LLC*, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020) (Ruiz, J.) ("[W]hen faced with legitimate jurisdictional challenges like those present in Defendants' Motion to Dismiss, discovery should not commence until such challenges are resolved."); *Kleiman v. Wright*, 2018 WL 8620096, at *2 (S.D. Fla. Aug. 2, 2018) (Bloom, J.) (finding that "the high burden on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, during the pendency of Defendant's Motion to Dismiss that seeks dismissal on various grounds—including standing, jurisdiction, statue of limitations, and *forum non conveniens*—outweighs the potential harm to Plaintiffs for any discovery delay."); *Menashe v. Jaoude,* 2023 WL 4889395, at *2 (S.D. Fla. Aug. 1, 2023) (Scola, J.) (staying discovering based on preliminary assessment that arguments regarding "the Court's lack of personal jurisdiction over the Defendants, appear to be both 'clearly meritorious and truly case dispositive.'"); *Gillier v. Servicios Agecom, LLC*, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (Scola, J.) (same); *McCullough v. Royal Caribbean Cruises, Ltd.,* 2017 WL 6372619, at *1 (S.D. Fla. Jan. 11, 2017) (Gayles, J.) (staying merits-based discovery given Defendants' motion to dismiss for lack of personal jurisdiction); *Wagner v. Smith*, 2025 WL 2280476, at *1 (S.D. Fla. Aug. 8, 2025) (noting that "[t]he Court exercised its 'broad discretion to stay discovery pending decision on a dispositive motion' and granted Defendants' motion to stay because Defendants raised a legitimate challenge to the Court's personal jurisdiction.").[1]

Here, Plaintiff alleges that personal jurisdiction may be invoked over Mr. Snorrason because of his supposed participation in a sex trafficking venture and conspiracy. But here is the rub: Plaintiff asserts no allegations of fact showing the existence of an association-in-fact between Mr. Snorrason and the other alleged

---

[1] Mr. Snorrason also notes that the situation here are unlike those in cases where the lack of personal jurisdiction in Florida can be cured by transfer to another judicial district in the United States pursuant to 28 U.S.C. § 1631, which can militate against staying discovery that will, one way or another, be conducted under the Federal of Civil Procedure. *See JPMCC 2006-CIBC15 FPG-STIP Portfolio, LLC v. ProEquity Asset Mgmt. Corp.*, 2023 WL 11885490, at *2 (S.D. Fla. Nov. 9, 2023) (Altonaga, J.) (denying stay of discovery where defendant challenging personal jurisdiction in Florida conceded propriety of litigating in federal court in Texas).

3

participants of the venture. Instead, Plaintiff relies on generalized and conclusory allegations that lump Mr. Snorrason together with other defendants without pleading any facts that show any agreement, coordination, or purposeful forum-directed conduct sufficient to support personal jurisdiction.

At most, Plaintiff alleges individual misconduct by Mr. Snorrason—an Icelandic resident and citizen—that occurred entirely in Singapore during an isolated incident. Plaintiff does not allege Mr. Snorrason committed any tortious act in Florida, purposefully directed conduct towards Florida, conducted business in Florida, or otherwise availed himself of this forum. Nor does Plaintiff allege facts showing that any conduct by Mr. Snorrason was undertaken as part of a coordinated venture or conspiracy with persons who were otherwise subject to Florida's jurisdiction.

Absent factual allegations plausibly tying either Mr. Snorrason's own alleged conduct to Florida, or tying Mr. Snorrason, through an association-in-fact or conspiracy, to other defendants whom this Court may exercise personal jurisdiction, Plaintiff's conclusory allegations are insufficient to establish a *prima facie* basis for personal jurisdiction over Mr. Snorrason.

Accordingly, the fact that Mr. Snorrason seeks dismissal under Rule 12(b)(2) for lack of personal jurisdiction warrants a stay of discovery until the Motion to Dismiss is resolved.

### b. Other Factors Strongly Weigh in Favor of Staying Discovery Pending the Resolution of the Motion to Dismiss

Mr. Snorrason's challenge to personal jurisdiction alone warrants a stay of discovery because it implicates his constitutional due process rights. Notwithstanding, independent factors also support staying discovery in this case. Those factors include: (1) whether the pending Motion to Dismiss would resolve the entire litigation, *see Skuraskis v. NationsBenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1228 (S.D. Fla. 2023) (Ruiz, J.), (2) the time in which the Motion to Dismiss was brought in relation to the discovery period set forth by the Court, *see Gannon v. Flood*, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (Dimitrouleas, J.), (3) whether resolution of the Motion to Dismiss will require a merely legal, as opposed to a factual, determination, *Lewis*, 2020 WL 4923640, at *3, (4) whether a stay will reduce the burden of litigation on the parties and the Court, *see*

*Skuraskis*, 717 F. Supp. 3d at 1228, and (5) whether a stay will unduly prejudice Plaintiff, *see id.*

Each of these factors weigh decisively in favor of a stay.

### 1. The Pending Motion to Dismiss is Meritorious and Case Dispositive

Mr. Snorrason's Motion to Dismiss raises non-frivolous, threshold challenges that, if granted, would dispose of all claims against him and eliminate the need for discovery altogether.

First, the Motion to Dismiss leads with a facial challenge to this Court's personal jurisdiction, arguing that Plaintiff has failed to allege facts sufficient to satisfy Florida's long-arm statute or constitutional due process. If the Court agrees, dismissal is mandatory, and discovery becomes entirely unnecessary.

We should also pause here and note that Mr. Snorrason is not ignoring the fact that his motion to dismiss raises a very minor factual issue. As Mr. Snorrason discusses in that motion, his personal jurisdictional challenge is primarily a facial challenge and it is appropriate for the Court to first evaluate the facial challenge without reference to the extrinsic evidence and only consider the extrinsic evidence if it rejects to the facial challenge and thus needs to reach the factual issue.

And in any event, the two points on which Mr. Snorrason introduces extrinsic evidence in support of his factual challenge should really be contested. One is whether his is an owner of Ibanera LLC, which is a fact that is objectively verifiable and a point on which Mr. Snorrason and the actual owners of Ibanera LLC are in accord. *See* Snorrason Decl. [ECF No. 33-1] ¶¶ 1-9; Parr Decl. [ECF No. 32-2] ¶ 11; Carbonara Decl. [ECF 32-3] ¶ 15. Mr. The other is minor note to point out that Mr. Snorrason was not in the United States when he received a call and spoke with Plaintiff and others in advance of the conference in Singapore. Plaintiff's Amended Complaint does not suggest otherwise.

Nonetheless, if there is some concern about staying discovery in light of the (very) minor factual challenge to personal jurisdiction, there is another path to same result: Mr. Snorrason also seeks dismissal under the doctrine of *forum non conveniens*.

5

That doctrine works to avoid imposing the burdens of litigation and discovery where, as alleged here, the operative conduct occurred abroad, the relevant witnesses and evidence are located in a foreign country, and an adequate and available alternative forum exists. Under these circumstances, a stay of all discovery, including jurisdictional discovery, is appropriate until the *forum non conveniens* challenge is resolved. *See Sinochem Intern. Co. Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 435 (2007) ("Discovery concerning personal jurisdiction would have burdened [defendant] with expense and delay. And all to scant purpose: The District Court inevitably would dismiss the case without reaching the merits, given its well-considered *forum non conveniens* appraisal."); *McCoy v. Sandals Resorts Int'l, Ltd.*, 2019 WL 3531523, at *1 (S.D. Fla. Aug. 2, 2019) (Bloom, J.) (observing that sometimes a court may "consider dismissal on *forum non conveniens* grounds without first determining whether personal jurisdiction is proper or, consequentially, requiring the parties to engage in related jurisdictional discovery."); *Varga v. Palm Beach Capital Mgmt., LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (Moreno, J.) ("The venue … issues are threshold legal issues that are case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised.").

### 2. The Status of this Litigation Strongly Favors a Stay

This case remains at its earliest procedural stage. No defendant has answered the Amended Complaint, and although a discovery procedures order and a scheduling order has recently been entered [ECF Nos. 46, 47], no discovery has yet commenced. Mr. Snorrason filed his Motion to Dismiss promptly, and before the parties or the Court expended resources litigating the merits. A temporary stay of discovery is appropriate to preserve the status quo and avoid unnecessary expense while threshold issues are resolved. Accordingly, this factor weighs in favor of a stay. *See Betancourt v. Corporacion Hotelera Palma LLC*, 2024 WL 5110074, at *1 (S.D. Fla. Nov. 15, 2024) (Goodman, J.) ("A temporary stay of discovery will not unduly prejudice [plaintiff] because the case is in its early stages."), *report and recommendation adopted*, 2024 WL 5108402 (S.D. Fla. Dec. 13, 2024) (Williams, J.).

### 3. Mr. Snorrason's Motion to Dismiss Can Be Resolved Without Any Factual Determination

Mr. Snorrason's Motion to Dismiss can be decided on the face of the Amended Complaint. The Motion raises facial challenges to personal jurisdiction, the sufficiency of the allegations to state a claim for which relief can be granted, and the appropriateness of this forum under *forum non conveniens*. These issues will not require discovery or factual development.[2]

Proceeding with discovery before resolving these purely legal questions would therefore serve no legitimate purpose and would impose unnecessary burdens. Therefore, this factor weighs in favor of a stay. *See Keim v. ADF Midatlantic, LLC*, 2015 WL 13858826, at *1 (S.D. Fla. May 12, 2015) (Marra, J.) ("Where such motions [to dismiss] challenge the legal sufficiency of the complaint in its entirety, discovery is not needed and may be unduly burdensome pending the resolution of a dispositive motion."); *Lewis v. Mercedes-Benz*, 2020 WL 4923640, at *4 (S.D. Fla. Mar. 25, 2020) (Ruiz, J.) ("Here, Defendants … should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court. Temporarily staying discovery at this juncture will not create case management obstacles or delay the prosecution of the case. Indeed, such a stay is merely designed to prevent extensive and expensive discovery from going forward until the Court is able to effectively determine the validity of Plaintiffs' claims.").

### 4. Both the Parties and the Court Will be Unduly Burdened Absent a Stay

Allowing discovery to proceed at this stage would impose substantial and unnecessary burdens on both the parties and the Court. As detailed in the Motion to Dismiss, the conduct giving rise to Plaintiff's claims against Mr. Snorrason is alleged to have occurred entirely in Singapore. The relevant sources of proof, including law-

---

[2] As discussed above, while Mr. Snorrason also raises a small factual challenge on personal jurisdiction, his point is that the fact that he is contesting is not legally relevant. In other words, if the Court (counterfactually but understandably required on a facial challenge) assumes he is an owner of Ibanera LLC, personal jurisdiction still would not lie because being the "owner" of a foreign LLC that is otherwise subject to personal jurisdiction in Florida does not render a foreign citizen subject to personal jurisdiction in Florida in their individual capacity.

7

enforcement records, medical records, hotel records, and third-party witnesses, are all located in Singapore and outside of this Court's subpoena power. Proceeding with discovery at this stage would therefore require complex and burdensome international discovery before this Court has determined whether this case should proceed at all. This factor accordingly weighs in favor of a stay. *See Kleiman v. Wright*, 2018 WL 8620096, at *2 (S.D. Fla. Aug. 2, 2018) (Bloom, J.) ("Under the particular circumstances present here, the high burden on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, during the pendency of Defendant's Motion to Dismiss that seeks dismissal on various grounds—including … jurisdiction … and *forum non conveniens*—outweighs the potential harm to plaintiffs for any discovery delay.").

### 5. A Stay will not Unduly Prejudice the Plaintiff

A temporary stay of discovery pending resolution of the Motion to Dismiss will not unduly prejudice Plaintiff. There is no exigency requiring discovery to proceed at this time. Plaintiff will suffer no meaningful harm from a brief stay while the Court resolves threshold jurisdictional and legal issues.

By contrast, denial of a stay would substantially prejudice Mr. Snorrason. Absent a stay, Mr. Snorrason would be forced to participate fully in discovery and litigate the merits of the case before the Court determines whether he is properly before it. That outcome would require Mr. Snorrason to incur significant and unnecessary expense. Indeed, as the Eleventh Circuit has explained:

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of the disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997).

Furthermore, courts in this District routinely stay discovery where the potential harm caused by a brief delay is outweighed by the possibility that a pending motion to dismiss will eliminate the need for discovery altogether. *See, e.g., Gibson v. Lynn Univ., Inc.*, 2020 WL 6700448 (S.D. Fla. Oct. 29, 2020) (Ruiz , J.) ("Accordingly, having balanced the minimal harm produced by a brief delay in discovery in this case against the

possibility that the Motion to Dismiss will be granted and eliminate the need for discovery, it is hereby ORDERED AND ADJUDGED … Defendant's Motion for Limited Stay of Discovery Pending Resolution of Dispositive Motion … is GRANTED."); *Jones v. Fiorella Ins. Agency, Inc.*, 2020 WL 7485193, at *2-3 (S.D. Fla. Nov. 30, 2020) (Maynard, J.). This case is particularly suited for a stay because discovery "has the potential to consume vast resources." *In re Managed Care Litig.*, 2001 WL 664391, at *3 (S.D. Fla. June 12, 2001) (Moreno, J.).

Finally, so long as personal jurisdiction remains in dispute, Mr. Snorrason cannot pursue affirmative discovery without risking waiver of his jurisdictional challenge. Under these circumstances, the balance of equities weighs strongly in favor of a stay.

## CONCLUSION

For the reasons set forth above, the Court should grant this motion and stay all discovery pending the resolution of Mr. Snorrason's Motion to Dismiss.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to S.D. Fla. L.R. 7.1(a)(3), Mr. Snorrason's counsel conferred with counsel for the other parties with respect to the relief he seeks. Plaintiff is opposed to the motion; the other defendants are in agreement with Mr. Snorrason that discovery should be stayed.

Dated: February 20, 2026

*s/ Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Naomi M. Berry (FBN 69916)
Email: nberry@carltonfields.com
Carlton Fields, P.A.
700 NW 1st Ave., Ste. 1200
Miami, Florida 33136-4118
Telephone:  305-530-0050

*Attorneys for Defendant Snorrason*