UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-24118- LEIBOWITZ

JANE DOE,

      Plaintiff,

v.

IBANERA, LLC, et al.,

      Defendants.

_____/

**DEFENDANTS MARRIOTT INTERNATIONAL, INC., STARWOOD HOTELS & RESORTS MANAGEMENT COMPANY, LLC, AND STARWOOD HOTELS & RESORTS WORLDWIDE, LLC'S NOTICE OF JOINDER IN DEFENDANT BJORN SNORRASON'S MOTION TO STAY DISCOVERY**

PLEASE TAKE NOTICE that Defendants Marriott International, Inc. ("Marriott"), Starwood Hotels & Resorts Management Company, LLC ("Starwood Management"), and Starwood Hotels & Resorts Worldwide, LLC ("Starwood Worldwide", together with Starwood Management, the "Starwood Defendants") (collectively, Marriott and the Starwood Defendants are referred to as the "Hotel Defendants"), will and hereby do join in Defendant Bjorn Snorrason's Motion to Stay Discovery Pending Resolution of his Motion to Dismiss (the "Motion", ECF No. 52).

In the Amended Complaint, Plaintiff asserts two counts against the Hotel Defendants, including a claim under the Trafficking Victims Protection Reauthorization Act and a common law claim for negligence. Like Defendant Snorrason, the Hotel Defendants moved to dismiss all claims asserted against them for lack of personal jurisdiction, failure to state a claim, as well as dismissal under the doctrine of *forum non conveniens*. (ECF No. 50). The Hotel Defendants' Motion to Dismiss raises threshold legal issues that, if granted, would dispose of all claims against

them and eliminate the need for discovery altogether. The Hotel Defendants are therefore similarly situated to Defendant Snorrason for purposes of the Motion.

All of the grounds set forth in Defendant Snorrason's Motion, including that personal jurisdiction is an essential prerequisite that should be resolved before discovery, that the pending motions to dismiss are meritorious and case-dispositive, that the case is at its earliest procedural stage, that resolution of the motions requires purely legal determinations, that the parties and the Court will be unduly burdened absent a stay, and that a stay will not unduly prejudice Plaintiff, are equally applicable to the Hotel Defendants.

Accordingly, and without waiving their rights to set forth any additional arguments or defenses, the Hotel Defendants hereby join in and adopt the positions and arguments set forth in Defendant Snorrason's Motion as though fully set forth herein. This Joinder is based on Defendant Snorrason's Motion, incorporated memorandum of law, and Proposed Order granting the Motion; all other pleadings and papers on file in this action; and any argument that the Court may permit on the Motion.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

The undersigned certifies that counsel for the Hotel Defendants conferred with Plaintiff's counsel regarding the relief sought herein. Plaintiff's counsel advised that Plaintiff is opposed to the issuance of the requested relief.

Dated: February 20, 2026          By:/*s/ Virginia Regis Callahan*

    Virginia Regis Callahan
    Florida Bar No. 1058943
    Virginia.Callahan@us.dlapiper.com
    **DLA PIPER LLP (US)**
    3111 W. Dr. Martin Luther King Jr. Blvd.
    Suite 200
    Tampa, Florida 33607-6233
    Telephone: 410.580.4328
    Facsimile: 410.580.3011

    and

    Ellen Dew (admitted *Pro Hac Vice*)
    Ellen.Dew@us.dlapiper.com
    **DLA PIPER LLP (US)**
    650 South Exeter Street, Suite 1100
    Baltimore, Maryland 21202
    Telephone: 410.580.4127
    Facsimile: 410.580.3001

    *Counsel for Marriott International, Inc., Starwood Hotels & Resorts Management Company, LLC, and Starwood Hotels & Resorts Worldwide, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2026, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all counsel of record.

                                                */s/ Virginia Regis Callahan*
                                                Virginia Regis Callahan