UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

JANE DOE,

Plaintiff,

v.                                                      CASE NO.: 1:25-cv-24118-DSL

IBANERA LLC,

MICHAEL CARBONARA,

DAVID PARR, et al.,

Defendants.

_____/

**DEFENDANT IBANERA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TITLE VII AND FCRA NUMEROSITY AND COMBINED MOTION TO DISMISS COUNTS V–X (TITLE VII AND FCRA) FOR LACK OF STATUTORY COVERAGE**

Defendant Ibanera LLC ("Ibanera"), by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56, moves for partial summary judgment on the discrete, threshold issue of whether Ibanera employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the "current or preceding calendar year," 42 U.S.C. § 2000e(b), for the period of alleged relevant events in September 2024. The statutory numerosity inquiry therefore turns on Ibanera's employee count in calendar years 2024 (the "current" year) and 2023 (the "preceding" year). See 42 U.S.C. § 2000e(b). As shown by Ibanera's authenticated payroll and tax records, and further explained herein, Ibanera did not employ fifteen (15) or more employees for even one moment in 2023 or 2024, let alone employing that many people for each working day in twenty (20) or more calendar weeks as required to maintain Plaintiff's claims.

To the extent the Court concludes that Ibanera had fewer than fifteen (15) employees during the relevant period, Ibanera moves to dismiss Plaintiff's Title VII and Florida Civil Rights Act

1

("FCRA") claims (Counts V–X) because meeting this employee numerosity threshold is a prerequisite for relief and an essential requirement to maintain an employee claim. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

## I. BACKGROUND

Plaintiff's Amended Complaint pleads federal Title VII claims (Counts V–VII) and state FCRA claims (Counts VIII–X) against Ibanera. Title VII applies only to employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). The FCRA contains a substantially identical requirement. Fla. Stat. § 760.02(7).

Plaintiff has been repeatedly presented with evidence that Ibanera LLC is a relatively small company that did not have the requisite number of employees at any time, or ever. However, Plaintiff has again asserted claims under Title VII and FCRA, most recently in her Amended Complaint, stubbornly claiming an unsupported "belief" to the contrary.

Plaintiff's numerosity assertion began in her EEOC Charge No. 510-2025-02389, filed in December 2024, where she pled in Paragraph 9 thereof that "Respondents' exact number of employees is unknown, but upon information and belief, there are well more than the statutory minimum."

In response, Ibanera LLC filed a complete Position Statement with the EEOC, addressing every relevant claim and issue raised by the Plaintiff and signed by Mr. Carbonara as CEO and Manager of Ibanera LLC. Among other points, Ibanera's response stated that

> Ibanera LLC has only one employee, as verified by the declarations of the company's beneficial owners, David Parr and Michael Carbonara. Therefore, the EEOC and the Florida Commission on Human Relations lack jurisdiction over the allegations in the charge. [1]

This fact was further documented by declarations submitted to the EEOC from both Mr. Parr and Mr. Carbonara, signed on penalty of perjury, stating that "Ibanera has only one employee in the

---

[1] Position Statement of Ibanera LLC, EEOC Charge File No. 510-2025-02389, p. 2

United States. Ibanera has no employees in other countries. Ibanera uses independent contractors to develop its software, and contracts with independent salespeople located in other nations from time to time. None of these independent contractors is an Ibanera employee." Parr Declaration, ¶4; Carbonara Declaration, ¶6.

The EEOC Charge File shows that the EEOC provided Ibanera's Position Statement and supporting declarations to Plaintiff and her counsel. The Charge File also shows that Plaintiff failed to respond to Ibanera's statement that the EEOC lacked jurisdiction. Plaintiff submitted no information to the EEOC supporting her alleged "information and belief" that Ibanera had well over 15 employees.  Indeed, Plaintiff abandoned her EEOC Charge by failing to substantively reply to Ibanera's Position Statement and declarations and instead requested that the EEOC dismiss the charge and issue a Right to Sue letter.

Having been presented with credible contradictory evidence as to her right to maintain her claims, Plaintiff did not avail herself of the EEOC's investigatory powers by responding with any theory or further information that might support her conclusory allegation. Plaintiff nevertheless brought Counts V-X in this suit, repeating the conclusory allegation that "[t]he exact number of IBANERA's employees is unknown, but upon information and belief, there are well more than the statutory minimum under Title VII and the FCRA" (Complaint, ¶8).

Defendant Ibanera LLC responded to Plaintiff's initial Complaint by filing a Motion for Summary Judgment (Docket No. 32) asserting again that Ibanera did not meet the 15-employee threshold required for application of Title VII and FCRA, supported by declarations stating on penalty of perjury that Ibanera LLC has *never had more than 15 employees*, and had only one employee during the relevant period, from both David Parr (Document No. 32-2, ¶4) and Michael Carbonara (Document N. 32-3, ¶6).

Plaintiff has now filed an Amended Complaint that ignores the information twice before provided regarding Ibanera LLC's employment count, and baselessly repeats for a third time the same conclusory allegation that Ibanera LLC has "more than the statutory minimum."

This Motion will be the third time that Plaintiff been told that her numerosity allegation is false. There can be no credible "information" that supports this allegation, and any "belief" that Ibanera LLC has 15 or more employees has no rational basis. Plaintiff's repetition for the third time of a conclusory and fact-free allegation--and apparent insistence that she somehow still

"believes" this allegation--is not a valid basis for keeping these six claims pending in the lawsuit in the face of actual evidence to the contrary. It is high time that Plaintiff either present some non-imaginary basis for her alleged "belief" or have the counts depending on that allegation dismissed so as not to continue imposing undue costs on Defendant and wasting scarce judicial resources.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Where statutory coverage under Title VII is negated by undisputed payroll/tax records and sworn testimony, courts routinely resolve Title VII numerosity at summary judgment.

### B. Title VII and FCRA Statutory Coverage

Title VII defines "employer" to include only persons employing "fifteen or more employees" for the requisite period. 42 U.S.C. § 2000e(b). The Supreme Court applies a "payroll method" for counting employees under Title VII. Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 206–12 (1997). Under Walters, an individual is counted for each working day on which the employer maintains an employment relationship with that individual (as reflected in payroll). See Walters, 519 U.S. at 206–12 (adopting payroll method; employee counted between start and end dates).

The numerosity requirement is a substantive and required element of a Title VII claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006). The FCRA contains a parallel fifteen-employee threshold. Fla. Stat. § 760.02(7). Courts analyze FCRA claims under the same framework as Title VII. See Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998).

At the pleading stage, a complaint must state a plausible claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's

4

failure to plausibly meet the required numerosity element justifies dismissal on summary judgment.

## III. ARGUMENT

### A. Payroll and Tax Records Establish That Ibanera Had Fewer Than Fifteen (15) Employees Throughout the Relevant Statutory Period

Applying the Walters payroll method, the undisputed evidence demonstrates that Ibanera did not have an employment relationship with fifteen (15) or more employees for each working day in at least twenty (20) calendar weeks in either calendar year 2024 or 2023. See Walters, 519 U.S. at 206–12.

Ibanera's payroll registers and quarterly employer's tax reporting for 2023-2024 show that the company's W-2 employee headcount remained below the statutory threshold throughout these two years. In fact, as Ibanera has asserted at each stage of this dispute, Ibanera had only one employee in 2023 and 2024 (See Ex. A - Declaration of Michael Carbonara with attached payroll and tax records, ¶¶4-8).

Because Title VII coverage is an essential element of Counts V–VII, and because Plaintiff cannot establish that element as a matter of law, partial summary judgment should enter on the numerosity issue. Arbaugh, 546 U.S. at 516.

### B. Independent Contractors, Consultants, and Vendors Cannot Be Counted to Reach the Title VII/FCRA Threshold

The Plaintiff may incorrectly believe that independent contractors, offshore developers, consultants, vendors, or foreign employees count as employees under Title VII and FCRA. That belief is incorrect. Title VII covers employees, not independent contractors, and the payroll method counts individuals with whom the employer maintains an employment relationship. Walters, 519 U.S. at 206–12. Individuals paid via Form 1099, through invoices, or through foreign vendor arrangements are not employees absent a showing under the common-law agency test. See Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323–24 (1992).

Even if everyone who Plaintiff alleges was an Ibanera employee was an employee, the total number of employees would not reach 15. Plaintiff asserts that Defendants Michael Carbonara,

David Parr, and Bjorn Snorrason were all Ibanera employees. None of these individuals was ever an employee (See Ex. A ¶¶12-13, Ex. B - Declaration of David Parr, ¶¶8-9). Daniel Baron was an overseas independent contractor and not an Ibanera employee (Ex. A ¶14, Ex. B, ¶10). Plaintiff provided services to Ibanera only as an independent contractor through a Costa Rica entity that she formed to provide consulting services and was never an Ibanera employee (Ex. A ¶15, Ex. B, ¶11).

### C. Because Ibanera Is Not Covered by the Statutes, Counts V–X Must Be Dismissed

#### 1. Title VII (Counts V–VII)

Counts V–VII require Plaintiff to prove Ibanera is a covered "employer" under § 2000e(b). Plaintiff cannot do so. Accordingly, Counts V–VII must be dismissed with prejudice. Arbaugh, 546 U.S. at 516.

#### 2. FCRA (Counts VIII–X)

The FCRA's definition of "employer" likewise requires fifteen or more employees. Fla. Stat. § 760.02(7). Because Ibanera did not meet that threshold, Counts VIII–X fail as a matter of law and must be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendant Ibanera LLC respectfully requests that the Court grant partial summary judgment determining that Ibanera did not employ fifteen (15) or more employees within the meaning of 42 U.S.C. § 2000e(b) during the relevant statutory period.

Upon that finding, Defendant Ibanera LLC requests that the Court dismiss with prejudice Counts V–VII (Title VII Discrimination / Hostile Work Environment / Retaliation) and Counts VIII–X (FCRA Discrimination / Hostile Work Environment / Retaliation) and give such other relief as the Court deems just and proper.

Respectfully submitted,

**Defendant Ibanera LLC**

By Counsel:

/s/ Scott J. Topolski
Scott J. Topolski, Esq.
Florida Bar No. 0006394
COLE SCHOTZ P.C.
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
T: (561) 609-3856
F: (561) 423-0392
Email: stopolski@coleschotz.com

/s/ Evan R. Smith
Evan R. Smith, Esq.
*Admitted Pro Hac Vice*
Cogent Law Group, LLP
2001 L St. NW, Suite 500
Washington, D.C. 20036
Phone: (202) 644-8880
Fax: (202) 644-8880
Email: esmith@cogentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished

electronically to all counsel of record on March 3, 2026.

*/s/ Scott J. Topolski*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE,
Plaintiff,

v.

IBANERA LLC,
MICHAEL CARBONARA,                    **CASE NO. 1:25-cv-24118-LEIBOWITZ**
DAVID PARR,
et al.

Defendants.

_____/

**DECLARATION OF MICHAEL CARBONARA IN SUPPORT OF IBANERA
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Michael Carbonara hereby deposes and says:

1.      I am over the age of 18, of sound mind, and make this declaration based on personal knowledge and based upon my review of Ibanera's business records in this matter.

2.      Ibanera LLC ("Ibanera"), is a Wyoming limited liability company that is registered to do business in the State of Florida as a foreign limited liability company.

3.      I was, at all relevant times, the Manager and CEO of Ibanera LLC.

4.      For all of 2023 and 2024, Ibanera had only one employee in the United States. Ibanera has never had 15 or more employees.  Ibanera has no employees in other countries. Ibanera uses independent contractors to develop its software, and contracts with independent salespeople located in other nations from time to time. None of these independent contractors is an Ibanera employee.

1

5.      Ibanera contracted with ADP to provide all payroll services for its employees during 2023 and 2024. All Ibanera payrolls for all employees were processed by ADP. For the entirety of 2023 and 2024, Ibanera had only one employee. The records attached to this Declaration are a true and accurate copy of Ibanera LLC's ADP payroll records for all employees for 2023 and 2024. These records have been redacted to remove personal data such as Social Security number, salary and tax withholding amounts.

6.      The first two pages of the attached ADP record are a complete copy of Ibanera's payroll registers for all employees in 2023 and 2024, showing that ADP processed for Ibanera 19 total payrolls in 2023 and 23 total payrolls in 2024. The records for each of these payrolls accurately reflect that for every payroll processed in 2023 and 2024, Ibanera had exactly one employee, Japman Kharabanda.

7.      ADP calculated and withheld applicable U.S. payroll taxes for each Ibanera payroll processed in 2023 and 2024 and reported and paid those taxes quarterly to the Internal Revenue Service on Ibanera's behalf. The last 8 pages of the attached ADP record represent ADP's quarterly employer tax reports made to the IRS on behalf of Ibanera in 2023 and 2024.

8.      As shown in the ADP record, Ibanera had no employees in the first quarter of 2023, thus there is no record of employment taxes withheld, reported, or paid for that quarter.  For the 2nd, 3rd, and 4th quarters of 2023 and for all four quarters of 2024, ADP calculated, withheld, reported and paid U.S. payroll taxes for Ibanera's sole employee at that time as shown in the last seven pages. Each of these quarterly reports has a "Company Totals" section listing total payments. Each of the quarterly reports states "Total Employees: 1".

9.      Ibanera is an independent company that maintains separate payroll, separate accounting, separate bank accounts, and separate tax reporting from any other entity. Ibanera alone

determined hiring, compensation, discipline, and termination for Ibanera workers. No other entity has controlled Ibanera's labor relations, HR policies, or day-to-day HR decisions.

10.     At all relevant times, Ibanera was a wholly owned subsidiary of Odessa Partners LLC, a Delaware limited liability company. David Parr and I are the financial beneficiaries of the majority owner of Odessa Partners LLC.

11.     Ibanera LLC's parent entities do not have any employees. Ibanera has no subsidiaries that have employees.

12.     Neither David Parr nor I have ever been an employee of Ibanera or its parent companies.

13.     Bjorn Snorrason has never been an employee or owner of Ibanera LLC.

14.     Daniel Baron was, at the time of Plaintiff's trip to Singapore, an independent contractor to Ibanera based in Dubai, and has never been an employee of Ibanera LLC.

15.     The Plaintiff in this case, identified as Jane Doe, has also never been an employee of Ibanera. Ibanera contracted with a Costa Rica company formed by Plaintiff to obtain sales consulting and support services, and the Plaintiff's consulting services were provided to Ibanera by that company. Ibanera did not perform any of the steps required under U.S. law to onboard Plaintiff as an employee, such as completing Form I-9, getting Plaintiff's name and Social Security number, verifying the Social Security number, and obtaining form W-4 from Plaintiff. Further, Ibanera has never issued Plaintiff any pay, paychecks or paystubs. Ibanera has never withheld or paid any taxes relating to Plaintiff, nor has Ibanera prepared and issued form W-2 to Plaintiff.

16.     Ibanera's business records in this matter, including the ADP records attached hereto, were made at or near the time of the events as detailed herein or from information transmitted by myself or a person with knowledge of all the matters as stated herein.

17.     I declare under penalty of perjury according to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date _____     *Michael Carbonara*_____
            3/3/2026

        Michael Carbonara

**Payroll Summary**

| Check Date | Name | Hours | Total Paid | Tax Withheld | Deductions | Net Pay | Check No | Employer Liability | Total Expense |
|---|---|---|---|---|---|---|---|---|---|
| Pay Frequency: | Semimonthly | | | | | | | | |
| 12/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 12/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 11/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 11/08/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 10/25/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 10/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 09/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 09/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 08/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 08/09/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 07/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 07/11/2024 - Manual | Kharbanda, Japman | 0.00 | | | | | 7112024 | | |
| 06/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 06/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 05/24/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 05/10/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 04/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 04/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 03/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 03/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 02/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 02/09/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 01/26/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| 01/11/2024 | Kharbanda, Japman | 80.00 | | | | | DD | | |
| Pay Frequency Totals: Semimonthly | | 1,840.00 | | | | | | | |
| Total Net Pays for Semimonthly frequency: 23 | | | | | | | | | |
| Company Totals: | | 1,840.00 | | | | | | | |
| Total Net Pays for Company: 23 | | | | | | | | | |

Company: IBANERA LLC                                                  1 of 1                                                Date Printed: 03/03/2026 12:13
Check dates from: 1/11/2024 - Payroll 1 to: 12/26/2024 - Payroll 1                                28055873 - LB/JU6
Pay Period from: 01/01/2024 to: 12/31/2024

## Payroll Summary

| Check Date | Name | Hours | Total Paid | Tax Withheld | Deductions | Net Pay | Check No | Employer Liability | Total Expense |
|---|---|---|---|---|---|---|---|---|---|
| **Pay Frequency:** | Semimonthly | | | | | | | | |
| 12/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 12/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 11/24/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 11/10/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 10/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 10/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 09/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 09/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 08/25/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 08/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 07/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 07/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 06/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 06/12/2023 | Kharbanda, Japman | 0.00 | ███ | ███ | | ███ | DD | | ███ |
| 06/09/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 05/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 05/11/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| 04/28/2023 | Kharbanda, Japman | 0.00 | ███ | ███ | | ███ | DD | | ███ |
| 04/26/2023 | Kharbanda, Japman | 80.00 | ███ | ███ | | ███ | DD | | ███ |
| **Pay Frequency Totals: Semimonthly** | | **1,360.00** | ███ | ███ | | ███ | | | ███ |
| **Total Net Pays for Semimonthly frequency: 19** | | | | | | | | | |
| **Company Totals:** | | **1,360.00** | ███ | ███ | | ███ | | | ███ |
| **Total Net Pays for Company: 19** | | | | | | | | | |

Company: IBANERA LLC
Check dates from: 4/26/2023 - Payroll 1 to: 12/26/2023 - Payroll 1
Pay Period from: 04/01/2023 to: 12/31/2023

Date Printed: 03/03/2026 12:13
28055873 - LB/JU6

**Wage and Tax Register**

**NO RECORDS FOUND THAT MEET THE REPORT CRITERIA.**

**Wage and Tax Register**



| Company Totals | | |
|---|---|---|
| Total Employees: 1 | | |
| GROSS WAGES:<br>FEDERAL TXBL<br>WAGES:<br>FEDERAL INCOME TAX:<br>EE SS TXBL WAGES:<br>EE SS TAX:<br>EE MED TXBL WAGES:<br>EE MED TAX:<br>FUTA SUBJ WAGES:<br>FUTA TAXABLE: | | |

**Wage and Tax Register**



**Wage and Tax Register**





## Wage and Tax Register



**Wage and Tax Register**





| Company Totals | | |
| --- | --- | --- |
| Total Employees:  1 | | |

| GROSS WAGES: | | |
| FEDERAL TXBL WAGES: | | |
| FEDERAL INCOME TAX: | | |
| EE SS TXBL WAGES: | | |
| EE SS TAX: | | |
| EE MED TXBL WAGES: | | |
| EE MED TAX: | | |
| FUTA SUBJ WAGES: | | |
| FUTA TAXABLE: | | |

**Wage and Tax Register**



| Company Totals | | |
|---|---|---|
| Total Employees:  1 | | |
| GROSS WAGES:<br>FEDERAL TXBL<br>WAGES:<br>FEDERAL INCOME TAX:<br>EE SS TXBL WAGES:<br>EE SS TAX:<br>EE MED TXBL WAGES:<br>EE MED TAX:<br>FUTA SUBJ WAGES:<br>FUTA TAXABLE: | | |

## Wage and Tax Register





| Company Totals | | |
|---|---|---|
| **Total Employees:  1** | | |
| GROSS WAGES: | | |
| FEDERAL TXBL WAGES: | | |
| FEDERAL INCOME TAX: | | |
| EE SS TXBL WAGES: | | |
| EE SS TAX: | | |
| EE MED TXBL WAGES: | | |
| EE MED TAX: | | |
| FUTA SUBJ WAGES: | | |
| FUTA TAXABLE: | | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

JANE DOE,
Plaintiff,

v.

IBANERA LLC,
MICHAEL CARBONARA,          **CASE NO. 1:25-cv-24118-LEIBOWITZ**
DAVID PARR,
et al.

Defendants.

_____/


## DECLARATION OF DAVID PARR IN SUPPORT OF IBANERA DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

David Parr hereby deposes and says:

1.      I am over the age of 18, of sound mind, and make this declaration based on personal knowledge.

2.      Ibanera LLC ("Ibanera"), is a Wyoming limited liability company that is registered to do business in the State of Florida as a foreign limited liability company.

3.      I am, and have at all relevant times been, a financial beneficiary of the majority owner of Odessa Partners LLC, a Delaware limited liability company that at all relevant times owned Ibanera, LLC ("Ibanera"). As such, although I am not an employee or officer of Ibanera, I contribute my personal time to support some of Ibanera's operations.

4.      For all of 2023 and 2024, Ibanera had only one employee in the United States. Ibanera has never had 15 or more employees.  Ibanera has no employees in other countries. Ibanera uses independent contractors to develop its software, and contracts with independent salespeople

1

located in other nations from time to time. None of these independent contractors is an Ibanera employee.

5.      Ibanera contracted with ADP to provide all payroll services for its employees during 2023 and 2024. All Ibanera payrolls for all employees were processed by ADP. For the entirety of 2023 and 2024, Ibanera had only one employee.

6.      Ibanera is an independent company that maintains separate payroll, separate accounting, separate bank accounts, and separate tax reporting from any other entity. Ibanera alone determined hiring, compensation, discipline, and termination for Ibanera workers. No other entity has controlled Ibanera's labor relations, HR policies, or day-to-day HR decisions.

7.      Ibanera LLC's parent entities do not have any employees. Ibanera has no subsidiaries that have employees.

8.      Neither Michael Carbonara nor I have ever been an employee of Ibanera or its parent companies.

9.      Bjorn Snorrason has never been an employee or owner of Ibanera LLC.

10.      Daniel Baron was, at the time of Plaintiff's trip to Singapore, an independent contractor to Ibanera based in Dubai, and has never been an employee of Ibanera LLC.

11.      The Plaintiff in this case, identified as Jane Doe, has also never been an employee of Ibanera. Ibanera contracted with a Costa Rica company formed by Plaintiff to obtain sales consulting and support services, and the Plaintiff's consulting services were provided to Ibanera by that company. Ibanera did not perform any of the steps required under U.S. law to onboard Plaintiff as an employee, such as completing Form I-9, getting Plaintiff's name and Social Security number, verifying the Social Security number, and obtaining form W-4 from Plaintiff. Further,

Ibanera has never issued Plaintiff any pay, paychecks or paystubs. Ibanera has never withheld or paid any taxes relating to Plaintiff, nor has Ibanera prepared and issued form W-2 to Plaintiff.

12.     I declare under penalty of perjury according to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date _3/3/2026_____

Signed by:

*David Parr*

4D9951961EAB469...

David Parr

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JANE DOE,

Plaintiff,

v.                                           CASE NO.: 1:25-cv-24118-DSL

IBANERA LLC,

MICHAEL CARBONARA,

DAVID PARR, et al.,

Defendants.

_____/

## PROPOSED ORDER GRANTING DEFENDANT IBANERA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TITLE VII NUMEROSITY AND DISMISSING COUNTS V–X FOR LACK OF STATUTORY COVERAGE

THIS CAUSE came before the Court upon Defendant Ibanera LLC's Motion for Partial Summary Judgment on Title VII Numerosity and Combined Motion to Dismiss Counts V–X. The Court, having reviewed the Motion, the Rule 56.1 Statement, the supporting evidence, and being otherwise fully advised in the premises, hereby FINDS and ORDERS as follows:

1. Defendant Ibanera LLC's Motion is GRANTED.
2. The Court finds that Ibanera LLC did not employ fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. § 2000e(b) during the relevant statutory period.
3. Counts V–VII (Title VII) are DISMISSED WITH PREJUDICE for lack of statutory coverage.
4. Counts VIII–X (FCRA) are DISMISSED WITH PREJUDICE for lack of statutory coverage under Fla. Stat. § 760.02(7).
5. This Order does not adjudicate Plaintiff's remaining counts, which shall proceed in accordance with the Court's scheduling orders.
6.

DONE AND ORDERED in Chambers in Miami, Florida, this _____ day of _____, 2026.


_____

UNITED STATES DISTRICT JUDGE