UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

JANE DOE,
Plaintiff,

v.

IBANERA LLC,
MICHAEL CARBONARA,                              CASE NO. 1:25-cv-24118-LEIBOWITZ
DAVID PARR,
et al.

Defendants.

_____/

DEFENDANTS IBANERA LLC, MICHAEL CARBONARA, AND DAVID PARR'S MOTION
TO DISMISS PLAINTIFF JANE DOE'S AMENDED COMPLAINT AND INCORPORATED
MEMORANDUM OF LAW

Defendants Ibanera, LLC ("Ibanera"), Michael Carbonara, and David Parr

(collectively, the "Ibanera Defendants"), pursuant to Federal Rule of Civil Procedure

12(b)(6),  move for dismissal of Counts 1, 2, 3, 11, 12, 13, 14, and 17 asserted by

Plaintiff in her Amended Complaint under F.R.C.P. Rule 12(b)(6) on the grounds that

the suit was brought in an improper forum, and on the basis that Plaintiff's allegations

fail to state a claim upon which relief can be granted.

INTRODUCTION

This case arises out of criminal acts that Jane Doe alleges were committed by

defendant Bjorn Snorrason while she was in Singapore in September 2024. Defendant

David Parr asked the Plaintiff to attend a trade show in Singapore to provide sales

**1**

support to an Ibanera customer, the Plaintiff readily agreed, and Ibanera paid for the trip. None of the Ibanera Defendants anticipated, expected, or intended that this trip would put the Plaintiff in harm's way or otherwise result in any problems.

Snorrason (a citizen of Iceland) was the owner and operator of a separate Singapore company, Ibanera Private Limited ("IPL"), which although its name includes "Ibanera," was merely a customer of Ibanera's platform. Snorrason has never been an owner, officer, employee, agent, or representative of Ibanera. None of the Ibanera Defendants were present in Singapore or participated in any of the alleged events, nor were the Ibanera Defendants notified by Plaintiff of any problems until after she returned from Singapore.

While the Ibanera Defendants do not condone any type of violence, including the acts that allegedly transpired in Singapore, the Ibanera Defendants cannot know what did or did not happen in Singapore and cannot, as a practical matter, find out the truth in a litigation occurring in Florida. Determining and presenting a complete defense to Plaintiff's claims will be difficult or impossible in this venue. Relevant witnesses and evidence are accessible in Singapore where the alleged acts occurred, and not in Florida. There are no witnesses in Florida other than Plaintiff with knowledge of the alleged injuries. Critical evidence and witness testimony cannot be obtained by process available in Florida. This venue is not only inconvenient for the parties but imposes unreasonable burdens on the Defendants' ability to make and present their case.

In addition to the threshold issue of *forum non-conveniens,* Plaintiff's efforts to hold the Ibanera Defendants liable for (1) Violation of the Trafficking Victims

Protection Reauthorization Act ("TVPRA") (Counts 1, 2, and 3) and (2) negligence, fail as a matter of law for several, independent reasons. The Trafficking Victims Protection Reauthorization Act ("TVPRA") claims fail because the Ibanera Defendants did not participate in any sex-trafficking "venture," did not knowingly benefit from such a venture, or benefit at all, and did not know or have reason to know that Doe would be subjected to any sexual activity in Singapore. Doe's negligence-based claims fail because Florida law does not impose a duty on a company to protect an independent contractor from unforeseeable criminal acts of a third party at a foreign location, and because no evidence shows that any Ibanera Defendant breached a cognizable duty.

## I.     FORUM NON-CONVENIENS

As a threshold issue, this case should be dismissed under F.R.C.P. 12(b)(3) for *forum non conveniens* or improper venue because, as has been articulated by Defendant Snorrason and the Hotel Defendants in this case, Florida is not an appropriate or functional forum for resolving this dispute. A district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute.[1] In this case, (1) Singapore courts provide an adequate alternative forum, (2) multiple factors weigh in favor of dismissal, and (3) the plaintiff can reinstate her suit in Singapore without undue inconvenience or prejudice. Where these elements are present, dismissal is appropriate.[2]

---

[1] See Lambert v. Melia Hotels Int'l S.A., 526 F. Supp. 3d 1207, 1213 (S.D. Fla. 2021).

[2] *Id.*, citing Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1330 (11th Cir. 2011).

First, Singapore is an adequate alternative forum for the dispute. An alternative forum is adequate unless the remedy provided by the alternative forum "is so clearly inadequate or unsatisfactory that it is no remedy at all."[3] An alternative forum is adequate so long as it offers "at least some relief." Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). Singapore is an adequate forum for the dispute as its civil proceedings derive from the English common law, permitting actions in negligence and the recovery of damages in personal injury cases. See Van Schijndel v. Boeing Co., 434 F. Supp. 2d 766, 775 (C.D. Cal. 2006), aff'd sub nom. Schijndel v. Boeing Co., 263 F. App'x 555 (9th Cir. 2008).

Access to evidence and witnesses is a critical factor in resolving the present dispute. Resolution of Plaintiff's claims against the Ibanera Defendants will turn on evidence located in Singapore and beyond this Court's subpoena power, including, at a minimum: Singapore law enforcement records, such as the police report Plaintiff alleges she filed after the incident, see [ECF No. 1] ¶¶ 157-58, Singapore medical and emergency-response records, including documents generated by the Singapore paramedics who tested Plaintiff's blood for alcohol and substances, see id. ¶¶ 117-19, and hotel records from the Sheraton Towers hotel in Singapore, including roomkey access logs, incident reports, security footage, and internal communications of hotel staff who interacted with Plaintiff and Mr. Snorrason, see id. ¶¶ 59-60, 114-23.

In addition, Plaintiff's allegations identify numerous non-party witnesses physically located in Singapore whose testimony is central to her claims and Mr. Snorrason's defenses to those claims, including third-party clients and associates

---

[3] Lambert, 526 F. Supp. 3d at 1214.

present during the key events described in the Complaint, see id. ¶¶ 69-71, 100-13, 146-48, emergency medical and hotel personnel who allegedly observed Plaintiff's condition and interactions with Mr. Snorrason, see id. ¶¶ 114-21, and law enforcement personnel who investigated the police report filed by Plaintiff, see id. ¶¶ 157-58.

The overwhelming ease of access to sources of proof in Singapore—compared to the substantial obstacles that are likely to prevent the Ibanera Defendants from obtaining that same evidence in Florida—strongly favors dismissal. See, e.g., Montgomery v. Oberti, 945 F. Supp. 2d 1367, 1375 (S.D. Fla. 2013) (Cohn, J.) (concluding dismissal was warranted on forum non conveniens grounds because the case concerned "alleged sexual battery and assault" at a hotel in the Bahamas and resolution thereof was dependent on witnesses and records located in the Bahamas).

Most potential witnesses are located outside the jurisdiction of this Court. Crucial witnesses, including Singaporean medical providers, law enforcement officers, and hotel staff are outside this forum (and country) and may not be able to be compelled to appear by this Court to give documents or depositions. Consequently, "[t]he lack of compulsory process over the bulk of these key witnesses not only renders trial in Miami inconvenient to the defense of this case, but potentially unfair." Morrone v. Sun Int'l Hotels, Ltd., 2006 WL 6842082, at *3 (S.D. Fla. Sept. 22, 2006) (Seitz, J.); Tazoe, 631 F.3d at 1331-32 (finding that the lack of a compulsory process for the attendance of third-party witnesses, such as eyewitnesses or criminal investigators, weighs in favor of dismissal).

**5**

Based on the totality of the circumstances, this case should be dismissed under the doctrine of forum non conveniens.

## II.     FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)

### A.     COUNTS I, II AND III (TVPRA / HUMAN TRAFFICKING CLAIMS) FAIL AS A MATTER OF LAW.

In Counts I, II, and III, Doe asserts TVPRA claims against the Ibanera Defendants under 18 U.S.C. §§ 1591, 1594, and 1595, styled as direct, "venture," and conspiracy liability. Even assuming the truth of Doe's allegations against Snorrason for purposes of this Motion, the facts do not satisfy the TVPRA's definitions of "trafficking" and its stringent scienter and participation requirements for the Ibanera Defendants. Plaintiff fails to plead facts plausibly showing that any Ibanera Defendant participated in a Trafficking Victims Act venture or otherwise conspired to do the same. Counts 1, 2, and 3 rest on conclusory assertions that lack any factual detail, and these claims should be dismissed pursuant to Rule 12(b)(6). See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

1.     Count I Fails Because it Fails to Allege "Sex Trafficking" Conduct by any of the Ibanera Defendants Under §1591(a)(1)

Section 1591(a)(1) applies to any person who "knowingly… recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits" a person knowing that force, threats of force, fraud, or coercion "will be used to cause the person to engage in a commercial sex act." The term "commercial sex act" means any sex act on account of which anything of value is given to or received by any person. 18 U.S.C. §1591(e)(3).

**6**

More particularly, Section 1595 requires that an accused defendant personally receive a benefit of value that flows from the trafficking itself. Ordinary business interactions, incidental revenue, or actions that do not result in a concrete personal benefit to the defendant cannot satisfy the statute. In this case, Plaintiff fails to allege, and cannot allege, that either David Parr, Michael Carbonara, or Ibanera LLC itself received anything of value from Snorrason or others that was linked to a commercial sex act. To qualify as trafficking under the statute, the trafficking itself (commercial sex act) must cause the defendants to receive something of value. Doe #1 v. Red Roof Inns, Inc., 43 F.4th 1301 (11th Cir. 2022) ("Knowing benefit" requires a benefit flowing from the trafficking itself, not just from ordinary business activity). Plaintiff's allegation in Paragraph 212 of the Amended Complaint that "Through their sexual assault and battery, Defendants IBANERA, CARBONARA, PARR, AND SNORRASON would have profited and obtained revenue from Plaintiff if she had performed work for existing clients or signed up additional clients" alleges a potential benefit (one that was never realized) resulting from business development, not from a commercial sex act.

Indeed, the pleadings in Count I do not make out a prima facie case that:

- Any "Commercial Sex Act" occurred. The Plaintiff alleges that Bjorn Snorrason raped her, but there are no clear allegations that he, or anyone else, paid something of value in relation to her performing sex acts.

- Any Ibanera Defendant expected or intended for Doe to engage in any commercial sex act or be a victim of force, threats, fraud, or coercion, or that

- Any Ibanera Defendant recruited or transported Doe for the purpose of having people pay for her performance of sexual acts, as opposed to for business development at a trade show.

The Eleventh Circuit also requires a "knowing" connection between the defendant's acts and the use of force or coercion to cause a commercial sex act, not mere association with a person who later commits a crime. *Doe v. Red Roof Inns, Inc.*, 21 F.4th at 726–27 (rejecting TVPRA liability absent evidence that defendants actually participated in or benefitted from the sex trafficking venture with the requisite knowledge).

Thus, Count I fails to state a claim upon which relief can be granted under the TVPRA and should be dismissed on that basis.

2.   Count II Fails Because it Fails to Adequately Allege the Existence of a Sex-Trafficking Venture Under 18 U.S.C. §1591

Count II fails as a threshold matter for the reasons stated relating to Count I above: the Amended Complaint does not plausibly allege that a Commercial Sex Act occurred. Count II further alleges that the Ibanera Defendants participated in a "sex trafficking venture" under the TVPRA. A TVPRA venture is defined as a "group of two or more individuals associated in fact." 18 U.S.C. § 1591(e)(6). Plaintiff's pleading of Count II is fatally defective for at least the following reasons:

- Plaintiff pleads no facts showing the existence of any agreement between any of the Ibanera Defendants and Defendant Snorrason for the purpose of trafficking the Plaintiff. See Almanza, 851 F.3d at 1068 (failing to plead an

**8**

association-in-fact because no factual allegations show the existence of an agreement).

- Plaintiff pleads no facts establishing an ongoing organization or continuing unit, instead alleging only a single episode confined to a short period of time.

- Plaintiff pleads no facts plausibly sharing a shared common purpose among the Defendants to engage in sex trafficking, as opposed to individualized and independent conduct. See Ray, 836 F.3d at 1353 (failing to plead association-in-fact because no factual allegations showing common purpose).

- Plaintiff pleads no facts showing that any Ibanera Defendant directed or controlled the affairs of any collective as opposed to his own conduct. See Montoya, 2014 WL 4248208, at *20 (dismissing due to lack of factual allegations showing the defendants had any part in directing or controlling the purported enterprise).

In this case, Defendants Parr and Ibanera coordinated legitimate business logistics relating to the trip but did not coordinate or plan any sexual activity or any enterprise related to commercial sex acts. Plaintiff cannot and does not allege that any Ibanera Defendant was aware that sex acts were occurring until after the fact.

The Eleventh Circuit has cautioned against turning § 1595 into a broad negligence or association-based regime; a defendant must actually participate in a sex trafficking venture and have at least constructive knowledge of the trafficking itself.

*Red Roof Inns*, 21 F.4th at 725–27. The Amended Complaint does not plead facts sufficient to find that a sex trafficking venture existed.

3.    Count III Fails Because There Was No Conspiracy Under § 1594

Plaintiff's conspiracy allegation (Count 3) also fails. A conspiracy claim requires an agreement between two or more persons to violate §1591A. However, there are no allegations of fact in the Amended Complaint that plausibly suggest an agreement to accomplish an unlawful objective, and an overt act in furtherance of that agreement. See Schrier, 632 F. Supp. 3d at 1352. Plaintiff does not plausibly allege facts indicating any meeting of the minds between Mr. Parr and Defendant Snorrason to engage in trafficking. Plaintiff's allegations of a "conspiracy" are thus merely vague and conclusory.

The Plaintiff must also plead facts indicating that the accused Defendant knew the essential nature and scope of the conspiracy's unlawful scheme. See 18 U.S.C. § 1594; cf. *United States v. Bascaro*, 742 F.2d 1335, 1359–60 (11th Cir. 1984) (General conspiracy principles; for a defendant to be found guilty of conspiracy, a conspiracy must exist, the defendant must have had knowledge of it and voluntarily became a part of it.).

The allegations in the Complaint that Mr. Parr and Snorrason conspired to transport the Plaintiff to Singapore for the purpose of allowing Snorrason to assault her are conclusory and not supported by any definite pleading. Further, as noted above, even if Mr. Parr had expected an assault to occur, that would still not constitute a violation of the TVPRA because the TVPRA applies to trafficking for the purpose of

10

performing commercial sex acts, not to enabling an assault on a colleague in which no payment is involved.

Plaintiff does assert that Parr said to Snorrason on the telephone "Bjorn, this is the sexiest and most knowledgeable person with the most class that I can send you for this trip." Even assuming for purposes of this motion that Parr made such a statement, the statement as alleged and by itself is merely unpleasant and does not come close to evidencing that Mr. Parr expected Snorrason to assault the Plaintiff, or that he was conspiring with others to traffic anyone in conducting commercial sex acts.

Coordinating a legitimate business trip to support a customer's sales efforts is not "participation in a trafficking venture" under controlling Eleventh Circuit precedent. See Red Roof Inns, 21 F.4th at 726–29 (mere commercial interactions insufficient).

Because Plaintiff pleads no facts to support the essential elements of participation in a Trafficking Victims Act venture or conspiracy regarding the same, Counts 1, 2, and 3 should be dismissed for failure to state a claim.

**B.  COUNTS XI-XIV AND XVIII SOUNDING IN NEGLIGENCE FAIL AS A MATTER OF LAW**

In Counts XI, XII, XIII, and XIV, Doe asserts a series of negligence-based claims against Ibanera, including:

- General negligence (Count XI)
- Negligent retention (Count XII)
- Negligent supervision (Count XIII)
- Negligent failure to train (Count XIV)

In Count XVIII, Doe asserts a claim against Parr and Carbonara for Negligent infliction of emotional distress.

Snorrason was not an employee, agent, or owner of Ibanera. However, accepting as true Doe's narrative as to what happened in Singapore for purposes of considering this motion, Florida negligence claims based on third-party criminal conduct require a careful foreseeability and proximate cause analysis. The complaint does not allege substantially similar prior incidents or a concrete warning history that would make the alleged Singapore assaults foreseeable to Ibanera. Even if a duty existed, the alleged intentional criminal acts would ordinarily constitute a superseding intervening cause absent specific, well-pleaded allegations that the employer's conduct created or enhanced a foreseeable zone of risk in a way that makes the criminal act itself a reasonably foreseeable consequence.

Plaintiff also pleads multiple negligence theories (negligence, negligent retention, negligent supervision, negligent training) that substantially overlap. Florida law does not permit plaintiffs to proceed on duplicative negligence labels without distinct factual content supporting distinct duties and breaches. The complaint should be dismissed or required to be repleaded to clarify which specific duty each count relies upon and which specific acts/omissions constitute breach.

1. Count XI (Negligence)

Count XI alleges a generalized negligence theory premised on a duty to protect Plaintiff during work-related activities. To state negligence under Florida law, Plaintiff must plead duty, breach, causation, and damages with facts supporting foreseeability. Here, Plaintiff's allegations largely repackage the underlying intentional tort allegations against Snorrason and do not plausibly plead that Ibanera breached a specific, recognized duty owed to Plaintiff that proximately caused the criminal acts in Singapore.

Even if some generalized duty existed, Doe must also show that the type of criminal harm she suffered was reasonably foreseeable. *McCain*, 593 So. 2d at 502–04. Florida law does not require entities to anticipate unforeseeable, extraordinary criminal acts by third parties. See Stevens v. Jefferson, 436 So. 2d 33, 35 (Fla. 1983) (no duty to protect against acts that are not reasonably foreseeable); See also Adika v. Beekman Towers, Inc., 633 So. 2d 1170, 1172 (Fla. 3d DCA 1994).

Florida negligence law generally requires a foreseeable zone of risk and does not impose unlimited duties to prevent third-party criminal acts absent specific foreseeability. Plaintiff's complaint does not plead concrete prior incidents known to Ibanera that would make the alleged Singapore assaults foreseeable, nor does it plead how Ibanera's acts or omissions proximately caused an intervening intentional criminal act by Snorrason. Neither Plaintiff's various conclusory allegations nor a specific allegation that an Ibanera employee complained that she had been harassed make the extraordinary crimes alleged by Plaintiff foreseeable or controllable by the Defendants.

13

Even assuming some duty, Plaintiff must plausibly plead that Ibanera's alleged breach was a proximate cause of the injury and that Snorrason's alleged criminal acts were not a superseding intervening cause breaking the causal chain. The Amended Complaint does not plead nonconclusory facts satisfying this requirement.

Further, Plaintiff pleads in the alternative that she was either an employee or a contractor. Under Florida law, workers' compensation may provide the exclusive remedy for work-related injuries in many circumstances, subject to statutory exceptions. To the extent Plaintiff proceeds on an employee theory, the negligence counts should be dismissed or, at minimum, the Court should require a more definite statement explaining why workers' compensation exclusivity does not bar Plaintiff's negligence theories.

2. Count XII (Negligent Retention)

Under Florida law, both negligent retention and negligent supervision require that the alleged tortfeasor be an employee or agent of the defendant and that the defendant know or should know of the employee's unfitness. *Garcia v. Duffy*, 492 So. 2d 435, 438–39 (Fla. 2d DCA 1986). There are no plausible allegations that the Ibanera Defendants knew or should have known that Snorrason had dangerous propensities and nevertheless retained him, and that the retention proximately caused the injury. Plaintiff pleads generalized "red flags" and an alleged prior accusation involving another employee but does not plead specific facts showing what Ibanera knew, when it knew it, and how that knowledge made the Singapore incident foreseeable.

**14**

Negligent retention requires factual allegations that the employer knew or should have known of an employee's dangerous propensities. Plaintiff references an alleged prior accusation involving another employee (Japman), but does not plead the date, content, recipient, investigation, or outcome of any such report, or that it involved comparable conduct such that the later incident was foreseeable.

Plaintiff also must plead that the negligent retention proximately caused the injury. The complaint does not plausibly allege that retention decisions in Florida proximately caused alleged assaults in Singapore, particularly where the alleged conduct occurred in a hotel room after hours and involved alleged drugging and violence.

3. Count XIII (Negligent Supervision)

Negligent supervision similarly requires plausible allegations of foreseeability and that the employer had the ability to control the employee and failed to exercise reasonable care. The complaint does not plead how Ibanera could have supervised or controlled Snorrason's alleged off-hours criminal acts in Singapore in a manner that makes proximate causation plausible under Florida law.

Negligent supervision presupposes a realistic opportunity for the employer to supervise and control the employee. The complaint does not plead how Ibanera could have supervised alleged off-hours criminal conduct in a foreign country in a hotel setting, or what specific supervision practice would have prevented the alleged conduct.

Plaintiff does not identify any recognized nondelegable duty that would make Ibanera strictly responsible for alleged foreign criminal conduct by an owner or employee outside normal workplace supervision.

4. Count XIV (Negligent Failure to Train)

Plaintiff's failure-to-train theory is conclusory and does not identify a specific training duty recognized under Florida law applicable to the pleaded circumstances, the content of necessary training, or how an alleged training deficit proximately caused the alleged assaults.

Count XIV is framed in broad policy terms without identifying the specific training required, the recognized legal duty to provide that training, or how the alleged absence of training proximately caused the alleged assaults. Florida courts do not permit failure-to-train claims to proceed on abstract labels untethered to concrete duty and causation allegations.

To the extent the failure-to-train count duplicates the negligence, supervision, and retention allegations, it should in any case be dismissed as redundant.

H. Count XVIII (Negligent Infliction of Emotional Distress)

Count XVIII asserts negligent infliction of emotional distress against Parr and Carbonara. Florida's NIED doctrine generally requires:

- An underlying duty and breach; and

- Either physical impact or being in the "zone of danger" in certain restricted contexts. *See,* e.g., Champion v. Gray, 478 So. 2d 17, 18 (Fla. 1985).

As discussed above, the Ibanera Defendants owed no duty to protect Doe from emotional distress caused by the criminal acts perpetrated in a foreign country. They also were not physically present in Singapore (and thus could not have evaluated whether Doe would be in any "zone of danger" despite staying in a reputable hotel).

Plaintiff does not plead facts satisfying the applicable Florida standards for NIED, including any required physical impact or recognized exception, nor does she plead a coherent, cognizable, clearly articulated duty/breach theory specific to each individual. Count XVIII should therefore be dismissed.

C.  **CARBONARA AND PARR ARE NOT LIABLE UNDER THE THEORIES ASSERTED FOR THE COUNTS LAID AGAINST THEM INDIVIDUALLY**

Defendants Carbonara and Parr are individually entitled to summary judgment for these additional reasons:

- TVPRA: There is no evidence that Parr personally engaged in, benefitted from, or knowingly participated in any sex trafficking venture; his involvement was limited to routine business communications and travel arrangements for a contractor. There is even less under these facts that might support a claim against Carbonara upon which relief can be granted; Plaintiff has failed to allege that Carbonara took any specific action to induce Plaintiff to go to Singapore, arrange for her travel, or to connect her to Snorrason. Plaintiff has no facts that support her theory that Carbonara was involved in sending her to Singapore; her Amended Complaint makes only the conclusory and virtually impossible allegation that each and every decision made in Ibanera's business was jointly made. There are no specific allegations that Carbonara participated in any actions that could be construed as contributing to any alleged trafficking.

18

- Negligence-based claims: Because no duty arises under Florida law on these facts, and because as individuals they neither employed nor controlled Snorrason or the premises, Carbonara and Parr cannot be individually liable for Negligent Infliction of Emotional Distress. Florida's impact rule generally bars recovery for purely emotional damages in negligence actions absent physical impact, subject to narrow exceptions. Plaintiff does not plead facts bringing her claim within a recognized exception as to Carbonara or Parr, and her NIED allegations are largely derivative of the intentional tort allegations against Snorrason. Count XVIII also fails as to the individual defendants because it does not plead a specific duty owed by Carbonara or Parr to Plaintiff that was breached by concrete negligent acts, as opposed to generalized allegations of corporate culture and inaction.

Accordingly, all claims against Carbonara and Parr, in particular, should be dismissed with prejudice.

## III. CONCLUSION

For the reasons stated above, the allegations in the Complaint against the Ibanera Defendants either fail from the outset to state a claim upon which relief can be granted, or fail in view of incontrovertible evidence, and dismissal of all Counts pending against Ibanera Defendants is appropriate.

Respectfully submitted,

Defendants Ibanera LLC, David Parr,
and Michael Carbonara

By Counsel:

/s/ Scott J. Topolski
Scott J. Topolski, Esq.
Florida Bar No. 0006394
COLE SCHOTZ P.C.
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
T: (561) 609-3856
F: (561) 423-0392
Email: stopolski@coleschotz.com

/s/ Evan R. Smith
Evan R. Smith, Esq.
*Admitted Pro Hac Vice*
Cogent Law Group, LLP
2001 L St. NW, Suite 500
Washington, D.C. 20036
Phone: (202) 644-8880
Fax: (202) 644-8880
Email: esmith@cogentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been

furnished electronically to all counsel of record on March 3, 2026.

*/s/ Scott J. Topolski*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

**JANE DOE,**
**Plaintiff,**

**v.**

**IBANERA LLC,**
**MICHAEL CARBONARA,**                          **CASE NO. 1:25-cv-24118-LEIBOWITZ**
**DAVID PARR,**
**et al.**

**Defendants.**

_____/


### PROPOSED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Ibanera LLC, Michael Carbonara, and David Parr's Motion to Dismiss Plaintiff Jane Doe's Amended Complaint. Having reviewed the Motion, the record, and being otherwise fully advised, it is ORDERED AND ADJUDGED as follows:

1. The Motion is GRANTED as set forth herein.

2. The Suit is dismissed in its entirety on the grounds of Forum Non Conveniens.

**or in the alternative:**

2. Counts I, II and III are DISMISSED under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

3. Counts XI, XII, XIII, XIV, and XVIII are DISMISSED under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4. Plaintiff is granted leave to amend only to the extent and within the time permitted by the Court's rules and this Order, and any amended pleading must plead defendant-specific facts consistent with the Court's ruling.

**1**

**DONE AND ORDERED in Chambers in _____ County, Florida, on _____, 20__.**


_____

**UNITED STATES DISTRICT JUDGE**

**2**