UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BJORN SNORRASON'S MOTION TO STAY DISCOVERY AND THE REMAINING DEFENDANTS' NOTICES OF JOINDER THEREIN**

Plaintiff Jane Doe respectfully opposes Defendant Bjorn Snorrason's Motion to Stay Discovery Pending Resolution of His Motion to Dismiss [ECF No. 52] and remaining Defendants' Notices of Joinder therein [ECF Nos. 53 and 54]. Defendants seek to freeze this entire case while their motions to dismiss pend before the Court; however, the Southern District's precedent is clear that stays of discovery are the *exception*, not the rule. *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170 at 6 (S.D. Fla. 2008) (citing S.D. Fla. L.R. app. A. Discovery Practices Handbook, I(D)(5) (2008)). Defendants have not met their burden in establishing why a full stay of discovery is required.

Rather than justify a blanket stay, the facts of this case demand the opposite result. This is a sex trafficking action brought under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595–a remedial statute that Congress has deliberately and repeatedly expanded to empower victims. The claims are inherently fact-intensive. The critical evidence–hotel surveillance footage from Singapore, hotel staff records, booking data, security

incident reports–is exclusively within Defendants' control and at acute risk of loss with each passing day. And the personal jurisdiction challenge that Mr. Snorrason places at the center of his motion actually *triggers* Plaintiff's qualified right to jurisdictional discovery under Eleventh Circuit precedent, rather than foreclosing it.

Even if the Court has some concern about the scope of discovery, the appropriate remedy is limited or phased discovery–not a blanket freeze. Plaintiff proposes, in the alternative, a phased discovery plan that would allow targeted jurisdictional discovery and preservation of time-sensitive evidence while the motions to dismiss are briefed.

## **LEGAL STANDARD**

The party seeking a stay of discovery bears the burden of demonstrating "its necessity, appropriateness, and reasonableness." *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793 at 1 (S.D. Fla. Nov. 9, 2012) (citing *Mccabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). Stays of discovery are "not favored because when discovery is delayed or prolonged it can create case management problems that impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)

This District's precedent establishes that "[n]ormally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion." *Zamber v. Am. Airlines, Inc.*, 2017 U.S. Dist. LEXIS 219338 at 11-12 (S.D. Fla. 2017) (quoting the "Discovery Practices Handbook which used to be Appendix A to the Local Rules for the Southern District of Florida." *Id*.) Such motions for stay "are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Id*. at 12.

Before granting a stay, the Court may "take a preliminary peek at the merits of the allegedly dispositive motion to see if it appears to be an immediate and clear possibility that it will be granted." *Feldman*, 176 F.R.D. at 652-3; *see also Gesten v. Burger King Corp.*, 2017 U.S. Dist. LEXIS 154733 at 3 (S.D. Fla. Sept. 22, 2017) (denying stay where "the proponent of the stay bears the burden of demonstrating its necessity" and the Court could not "say that there is such a strong likelihood that the motion will be granted that it outweighs the Plaintiff's need to conduct discovery" *Id.* at 4). The Eleventh Circuit has long recognized that "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citing FED. R. CIV. P. 26(b)(1).

## ARGUMENT

**I.    MR. SNORRASON'S AND THE HOTEL DEFENDANTS' PERSONAL JURISDICTION CHALLENGES TRIGGER PLAINTIFF'S QUALIFIED RIGHT TO JURISDICTIONAL DISCOVERY, NOT A BLANKET STAY**

Mr. Snorrason's, and the Hotel Defendants', lead argument is that their personal jurisdiction challenge warrants a complete freeze on discovery. The law says the opposite. In the Eleventh Circuit, a challenge to personal jurisdiction *triggers* a plaintiff's qualified right to jurisdictional discovery.

The Eleventh Circuit addressed this squarely in *ACLU of Florida, Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017), holding that "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a 'qualified right to jurisdictional discovery.'" *Id*. (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982)). The Court stated that "a district court abuses its discretion if it completely denies a party jurisdictional discovery" absent undue delay. *Id.* This holding flows from the foundational Eleventh Circuit precedent of *Eaton*, which established that a "conclusive resolution of a

jurisdictional issue based cannot be made" unless the facts are fully developed. *Eaton*, 692 F.2d at 732 n.9. *See also Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991) ("a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction.") citing *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)).

This case presents exactly the circumstances in which jurisdictional discovery is warranted. The jurisdictional facts–Mr. Snorrason's relationship with Ibanera LLC, his role in coordinating the Singapore trip, whether the alleged trafficking venture was directed at or from Florida, and his contacts with other defendants subject to this Court's jurisdiction–are deeply intertwined with the merits and genuinely disputed. Mr. Snorrason himself acknowledges that his motion raises factual issues, including whether he is an owner of Ibanera LLC. [ECF No. 52 at 5]. Staying all discovery, including jurisdictional discovery, would deprive Plaintiff of her qualified right under *ACLU v. City of Sarasota* and constitute an abuse of discretion.

Notably, *Meier ex rel. Meier v. Sun International Hotels, Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002), involved hotel defendants in this very District. The Eleventh Circuit reversed dismissal for lack of personal jurisdiction, holding that "[w]here the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff." (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  And in *Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000), an appeal from this District, the Court approved the district court's approach of permitting "limited discovery on the question of jurisdiction" before ruling on personal jurisdiction motions involving foreign corporate defendants. That is the model here.

## II. *CHUDASAMA* DOES NOT SUPPORT AN AUTOMATIC STAY OF DISCOVERY

Mr. Snorrason's motion relies heavily on the principle from *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), that courts should resolve threshold legal issues before allowing expensive discovery. But *Chudasama* does not state a general rule that discovery must be stayed pending a motion to dismiss. Multiple courts in this District have so held. *See McTurk v. Lottery.Com, Inc.*, 2024 U.S. Dist. LEXIS 243625 at *2 (S.D. Fla. 2024) (citing *Reilly v. Amy's Kitchen, Inc.*, 2013 WL 3929709 at 1 (S.D. Fla. July 31, 2013) ("*Chudasama* does not state a general rule that discovery be stayed pending resolution of a motion to dismiss; *Bocciolone v. Solowsky*, 2008 U.S. Dist. LEXIS 59170 (S.D. Fla. July 24, 2008) (no "per se requirement to stay discovery" pending a motion to dismiss).

Critically, *Chudasama* itself *distinguished* between facial legal challenges and factual determinations by recognizing that personal jurisdiction motions may require factual development. The Court stated that "[f]acial challenges to the legal sufficiency of a claim or defense" should be resolved early, but "[r]esolution of a pretrial motion that turns on findings of fact–for example, a motion to dismiss for lack of personal jurisdiction" may require some limited discovery. *Chudasama*, 123 F.3d at 1367. Here, where Defendants raise a personal jurisdiction challenge with acknowledged factual disputes, *Chudasama* actually supports allowing jurisdictional discovery, not a blanket stay.

## III. THE MOTION TO DISMISS IS NOT "CLEARLY MERITORIOUS AND TRULY CASE DISPOSITIVE"

Under the "preliminary peek" framework, the Court must assess whether the pending motion to dismiss is "clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652-53. Defendants' motions do not clear this demanding threshold.

5

### A. TVPRA Claims Routinely Survive Motions to Dismiss Against Hotel and Individual Defendants

Plaintiff's TVPRA claims are far from "clearly" doomed. Courts across the country have denied motions to dismiss in TVPRA hotel trafficking cases, finding that allegations of the type presented here are sufficient to state a claim. *See, e.g., A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 189 (E.D. Pa. 2020) (denying Marriott's motion to dismiss, holding: "As a remedial statute, we construe the Act liberally"); *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019) (denying all defendants' motions to dismiss, case later proceeding through full discovery). The leading Eleventh Circuit TVPRA decision, *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), proceeded through the complete discovery process.

### IV. CRITICAL EVIDENCE IS AT RISK OF LOSS, MAKING A STAY AFFIRMATIVELY PREJUDICIAL TO PLAINTIFF

The risk of evidence loss provides an independent and compelling basis for denying this motion. The critical evidence in this case is located in Singapore, exclusively within Defendants' control, and deteriorating with each day of delay.

Hotel surveillance footage has a limited retention period before being overwritten as part of routine business operations. The events giving rise to this action occurred during an overseas business trip, and the passage of time since those events already places this evidence at severe risk. Any further delay caused by a stay makes recovery of CCTV footage, electronic key card records, and similar electronically stored information increasingly unlikely. Witnesses in Singapore–hotel staff, other guests, conference attendees–face employee turnover, relocation, and fading memories. Hotel incident reports, security logs, and internal communications are subject to routine document retention and destruction policies.

Courts have recognized that evidence preservation concerns weigh against a stay. *See Udeen v. Subaru of Am., Inc.*, 378 F.Supp 3d. 330, 333 (D.N.J. Mar. 12, 2019) (denying stay in part because "the longer the case languishes the greater chance exists that relevant evidence may be lost or destroyed") (citing *Clinton v. Jones*, 520 U.S. 681, 707-8 (1997)); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 2015 U.S. Dist. LEXIS 184011 at 3 (M.D. Fla. Sept. 2015) (finding that "even briefly" staying discovery could cause "prejudice and harm").

This concern is especially justified because Plaintiff has virtually no independent access to the evidence. The proportionality analysis under Federal Rule 26(b)(1) weighs "the parties' relative access to relevant information." Here, hotel records, surveillance footage, booking data, employee records, and security protocols are exclusively within Defendants' possession. Plaintiff, as an alleged trafficking victim, had no ability to independently document or preserve evidence at the time of the events. The information asymmetry in trafficking cases is precisely why Congress created the § 1595 private right of action. Staying discovery deepens this asymmetry and frustrates congressional intent.

## V. THE TVPRA'S BROAD REMEDIAL PURPOSE DEMANDS DISCOVERY, NOT DELAY

The TVPRA is a remedial statute that Congress has repeatedly expanded to empower trafficking victims. Courts consistently construe its provisions liberally. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 515–16 (S.D.N.Y. 2018) ("Section 1595, which permits civil actions for damages under Section 1591, requires broad interpretation.") (citing *Peyton v. Rowe*, 391 U.S. 54, 65 (1968) (recognizing "the canon of construction that remedial statutes should be liberally construed.")

The legislative history reinforces the point. The TVPRA of 2008 expanded § 1595 to cover beneficiary/facilitator liability with a "should have known" constructive knowledge standard. This standard presupposes broad discovery. Proving what a defendant "knew or should have known"

7

necessarily requires access to internal records, communications, training materials, security protocols, and employee observations–information exclusively within Defendants' control. As the court recognized in *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d at 969, constructive knowledge can be shown through evidence of room rentals, staff observations, security-related decisions, and interactions with law enforcement–all of which require discovery to develop. Staying discovery in a case built on a constructive knowledge theory fundamentally undermines the statutory framework Congress created.

Congress enacted § 1595 specifically to address the acute information asymmetry that trafficking victims face. Victims typically lack access to any records or evidence; the evidence is held entirely by defendants and third parties. *See A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d at 175 (victim "did not have a phone, wallet, or any form of identification"). By creating a private right of action with broad civil discovery rights, Congress sought to empower victims as private attorneys general. Staying discovery frustrates this purpose entirely.

## VI. INTERNATIONAL DISCOVERY BURDENS DO NOT JUSTIFY A BLANKET STAY

Mr. Snorrason argues that discovery would be burdensome because evidence and witnesses are located in Singapore, but the Supreme Court has squarely rejected the proposition that international discovery complications override the Federal Rules. In *Société Nationale Industrielle Aérospatiale v. United States District Court*, 482 U.S. 522 (1987), the Court held that "international comity does not require in all instances that American litigants first resort to [foreign] procedures," and that "in many situations, [foreign] procedures would be unduly time-consuming and expensive, and less likely to produce needed evidence than direct use of the Federal Rules."

The proportionality analysis under Rule 26(b)(1) further supports discovery here. The Court must weigh "the importance of the issues at stake in the action." Sex trafficking claims involve among the most serious allegations in federal law. The Court must also weigh "the parties' relative access to relevant information;" trafficking victims have extremely limited access to evidence, while defendants and third-party hotels control essentially all of it. International discovery burdens, while relevant, cannot outweigh these factors in a case involving allegations of rape and brutal sexual assault.

**VII.   THE FORUM NON CONVENIENS MOTION PROVIDES NO ADDITIONAL BASIS FOR A STAY**

Defendants' forum non conveniens argument provide even less reason for a stay than their personal jurisdiction challenges. Unlike a merits-based dismissal that eliminates claims entirely, a forum non conveniens dismissal merely relocates the case. Any discovery taken while the motion is pending would remain fully usable if the case were refiled elsewhere. *See Markle v. Markle*, 2023 U.S. Dist. LEXIS 20621 at 2 (M.D. Fla. Feb. 7, 2023) ("The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss.").

Moreover, the forum non conveniens analysis itself may require discovery. Under *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), the Court must make factual determinations about the availability of an adequate alternative forum, the relative ease of access to sources of proof, and practical considerations. Whether Iceland or Singapore constitutes an "adequate alternative forum" for TVPRA claims–a civil statute with no analog in Icelandic or Singapore law–is itself a genuinely contested factual question that may require discovery to resolve.

Congress created the § 1595 private right of action specifically to provide trafficking victims access to U.S. courts. Granting a stay based on forum non conveniens would undermine

9

this congressional purpose. The Eleventh Circuit treats forum non conveniens as a discretionary doctrine with the burden on the defendant. *See Ford v. Brown*, 319 F.3d 1302, 1306–11 (11th Cir. 2003). A defendant cannot invoke forum non conveniens as a mechanism for automatically freezing an entire case.

## VIII. IN THE ALTERNATIVE, THE COURT SHOULD PERMIT LIMITED DISCOVERY

Even if the Court harbors some concern about the scope of discovery, the appropriate remedy is phased or limited discovery–not a blanket stay. Federal Rule 26(f)(3)(B) specifically contemplates that parties discuss "whether discovery should be conducted in phases." The Eleventh Circuit's recognition of a qualified right to jurisdictional discovery in *ACLU v. City of Sarasota* and *Eaton v. Dorchester Development* compels, at minimum, that jurisdictional discovery be allowed to proceed.

Plaintiff respectfully proposes the following alternative framework:

**Phase 1 (Immediate):** Jurisdictional discovery limited to Mr. Snorrason's contacts with Florida, his relationship with Ibanera LLC, and the coordination of the Singapore trip; document preservation orders requiring all parties–including the Hotel Defendants–to preserve surveillance footage, incident reports, guest records, and electronic communications; and written discovery to the Hotel Defendants regarding retention and preservation of hotel records from the relevant time period.

**Phase 2 (Following Ruling on Motions to Dismiss):** Full merits discovery as to all remaining defendants and claims.

This approach balances the parties' interests, protects time-sensitive evidence, respects Plaintiff's qualified right to jurisdictional discovery, and avoids the case management inefficiencies of a partial stay.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Snorrason's Motion to Stay Discovery [ECF No. 52] and the remaining Defendants' Notices of Joinder [ECF Nos. 53 and 54]. In the alternative, Plaintiff requests that the Court permit limited jurisdictional discovery and enter a document preservation order as set forth above.

Dated this 6th day of March, 2026.

    Respectfully submitted,

    **DEREK SMITH LAW GROUP, PLLC**
    *Counsel for Plaintiff*

    */s/ Daniel J. Barroukh*
    Daniel J. Barroukh, Esq.
    Florida Bar No.: 1049271
    Derek Smith Law Group, PLLC
    520 Brickell Key Drive, Suite O-301
    Miami, FL 33131
    Tel: (305) 946-1884
    Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on March 6, 2026, on all counsel of record on the service list below via CM/ECF.

By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**COLE SCHOTZ P.C.**
Scott J. Topolski
Florida Bar No. 0006394
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone: (561) 609-3856
Facsimile: (561) 423-0392
Email: stopolski@coleschotz.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**

**COGENT LAW GROUP, LLP**
Evan Ronald Smith
2001 L St. NW, Suite 500
Washington, DC 20036
Telephone: 202.644.8880
Email: esmith@cogentlaw.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Naomi M. Berry
Florida Bar No. 69916
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami, FL 33136-4118
Telephone: (305) 530-0050
Email: nberry@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Aaron S. Weiss
Florida Bar No. 48813
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: aweiss@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Virginia Regis Callahan
Florida Bar No. 1058943
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 200
Tampa, Florida 33607
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: Virginia.Callahan@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Ellen Dew
650 South Exeter Street, Suite 1100
Baltimore, MD 21202
Tampa, Florida 33607
Telephone: (410) 580-4127
Fax: (410) 580-3001
Email: Ellen.Dew@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**