**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**PLAINTIFF'S LOCAL RULE 56.1(a)(2) STATEMENT OF MATERIAL FACTS AND
ADDITIONAL FACTS IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT IBANERA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>AND COMBINED MOTION TO DISMISS</u>**

## MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(a)(2)

**A. The Relevant Statutory "Coverage Years" for Plaintiff's September 2024 Allegations**

1. Undisputed.

2. Undisputed as a statement of the statutory text. However, the determination of who qualifies as an "employee" requires application of the common-law agency test, not mere reference to payroll records. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992)[1].

3. Undisputed.

4. Undisputed.

**B. Payroll-Method Facts: How Ibanera Maintained and Recorded Employment Relationships**

5. Undisputed that ADP was used for workers Ibanera classified as W-2 employees.

6. Disputed. This does not capture the full scope of Ibanera's workforce. *See* Exhibit A. Ibanera's own Internal Staff Directory dated September 4, 2024 (the "Staff Directory") lists approximately ninety-eight (98) individuals as Ibanera staff, the vast majority of whom were not on the ADP payroll. *See* Exhibit A.

7. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Nationwide Mut. Ins. Co., 503 U.S. at 323–24 (1992)*; Exhibit A.

8. Disputed. These records do not reflect the totality of Ibanera's employment relationships. *Id*.

---

[1] Although the *Darden* decision directly addresses ERISA, Courts have adopted this analysis for the purposes of Title VII. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 211 (1997) (citing *Darden* as the standard for employee status in a Title VII case); *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 444-45 (2003) (extending *Darden* to ADA while repeatedly noting Title VII's identical framework).

9. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Id.*

10. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Id.*

**C. Ibanera's Employee Count in the Coverage Years 2023 and 2024**

11. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Id.*

12. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Nationwide Mut. Ins. Co.*, 503 U.S. at 323–24 (1992); *See* Exhibit A.

13. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Id.*

14. Undisputed. However, the full scope of Ibanera's workforce is not included in the reports, including individuals who may qualify as employees under the common-law agency test. *Id.*

15. Undisputed. However, the Staff Directory lists Kharbanda as "Chief Strategy Officer / Head of Banking Partnerships" – one of approximately 98 listed staff members. *See* Exhibit A.

16. Disputed. Plaintiff cannot confirm what Defendant's records wholly indicate as no discovery has been conducted. Further disputed that "Ibanera had no employees" during that period under the common-law agency test; the Staff Directory lists individuals with anniversary

dates in early 2023 and prior, indicating staff members were working for Ibanera at that time. *Nationwide Mut. Ins. Co.*, 503 U.S. at 323–24 (1992); *See* Exhibit A.

17. Undisputed as to the document provided. However, Plaintiff cannot confirm what Defendant's records wholly indicate as no discovery has been conducted. Further disputed that Ibanera had 1 employee during that period under the common-law agency test; the Staff Directory lists individuals with anniversary dates in early 2023 and prior, indicating staff members were working for Ibanera at that time. *Id.*

18. Undisputed as to the document provided. However, disputed that Ibanera had one (1) employee during that period under the common-law agency test; the Staff Directory lists individuals with anniversary dates in early 2023 and prior, indicating staff members were working for Ibanera at that time. *Id.*

19. Disputed. Plaintiff cannot confirm what Defendant's records wholly indicate as no discovery has been conducted. Further disputed that "Ibanera had only one (1) employee" during that period under the common-law agency test; the Staff Directory lists individuals with anniversary dates in early 2023 and prior, indicating staff members were working for Ibanera at that time. *Id.*

20. Disputed. The Staff Directory lists individuals with anniversary dates in early 2023 and prior, indicating staff members were working for Ibanera at that time. *See* Exhibit A.

21. Disputed. The Staff Directory lists nearly 100 individuals employed by Ibanera globally. *Id.*

**D. Individuals Plaintiff May Assert Were "Employees" Were Not on Payroll as Employees**

22. Disputed. Ibanera's Staff Directory includes Carbonara along with other employees. *See* Exhibit A. Whether Carbonara and Parr are "employees" for numerosity purposes must be

determined by the *Clackamas* six-factor test, not self-characterization. *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 449–50 (2003). The LLC operating agreement, which has not been produced, is necessary to resolve this question. *Fountain v. Metcalf, Zima & Co., P.A.*, 925 F.2d 1398, 1400 (11th Cir. 1991).

23. Disputed. This assertion is directly contradicted by the Staff Directory, which lists Snorrason as "Owner, Board of Directors" with the email bjorn@ibanera.com. *See* Exhibit A. Further, Bjorn Snorrason was served via his Ibanera email address that did not bounce back. *See* ECF No. 23-1.

24. Disputed. The Staff Directory lists Daniel Baron in the "Business Development" department with the title "Client Relations" and the email daniel.baron@ibanera.com. *See* Exhibit A. Whether Daniel Baron is an "employee" under the *Darden* test requires discovery into the actual working relationship. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992).

25. Disputed. Additional discovery is required to confirm they are not "employees" under the common-law agency test. *Id*. The Staff Directory organizes them into formal departments with company emails, titles, and HR infrastructure, all of which are clear hallmarks of employment. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013); *See* Exhibit A.

26. Disputed. This is a legal conclusion. Whether these individuals are "employees" requires application of the *Darden* common-law agency test, which examines the actual working relationship, not the employer's unilateral characterization. The Staff Directory's organizational structure is inconsistent with independent contractor status. *Nationwide Mut. Ins. Co.*, 503 U.S. at 323–24 (1992); *See* Exhibit A.

27. Disputed. Ibanera issued Plaintiff a company email, business cards, a signature block, assigned her assistants, granted her portal access, established a commission structure and stipend,

promoted her to Client Relations and Success Manager, placed her on salary, directed her travel, and controlled her day-to-day work. Am. Compl. ¶¶ 41–50. These facts support an employment relationship under the *Darden* test regardless of contractual labels. Plaintiff is further included in the Staff Directory. *See* Exhibit A.

28. Undisputed. A Costa Rican entity existed. Disputed that this arrangement precludes employee status. The existence of a pass-through entity does not override the common-law agency analysis of the actual working relationship. *See Darden*, 503 U.S. at 323–24.

29. Disputed. The *Darden* test examines the actual working relationship, not the contractual conduit through which payments are made. Plaintiff, not any company, was listed on Ibanera's Staff Directory. *See* Exhibit A.

30. Undisputed. Formal onboarding was not completed despite any legal duties Ibanera may have had. Importantly, an employer's failure to comply with onboarding obligations does not immunize it from Title VII coverage; it is one factor in the *Darden* analysis.

31. Disputed. Ibanera established a commission structure, stipend, and salary for Plaintiff and compensated her through commissions, transportation, and event hosting. Am. Compl. ¶ 45.

32. Undisputed. However, an employer's decision not to withhold taxes does not transform an employment relationship into an independent contractor arrangement as a matter of law.

33. Undisputed.

### F. [2] Additional Facts Supporting Ibanera's Claim of Fewer than 15 Employees

34. Undisputed. These are business records reflecting W-2 payroll. Disputed that "for payroll purposes" captures all employment relationships under the common-law agency test. *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 211–12 (1997).

---

[2] Plaintiff is mirroring Defendant's Statement of Facts, which skips letter E. ECF No. 59 at 4.

35. Disputed. The records reflect only one W-2 employee, not the full scope of Ibanera's employment relationships. *Id*. The Staff Directory lists approximately 98 staff members. *See* Exhibit A.

36. Disputed. This is a legal conclusion that does not follow from the ADP records alone. *Walters*, 519 U.S. 202, 211–12. The Staff Directory creates an overwhelming genuine dispute as to whether Ibanera maintained employment relationships with far more than fifteen individuals. *See* Exhibit A.

37. Disputed. This is a legal conclusion that does not follow from the ADP records alone. *Walters*, 519 U.S. 202, 211–12. The Staff Directory creates an overwhelming genuine dispute as to whether Ibanera maintained employment relationships with far more than fifteen individuals. *See* Exhibit A.

38. Disputed. This is a legal conclusion that does not follow from the ADP records alone. *Walters*, 519 U.S. 202, 211–12. The Staff Directory creates an overwhelming genuine dispute as to whether Ibanera maintained employment relationships with far more than fifteen individuals. *See* Exhibit A.

39. Disputed. The Staff Directory reveals multiple staff members with dual @ibanera.com and @phoenixam.net emails, suggesting interrelation of operations with "Phoenix AM." *See McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987); *See* Exhibit A.

40. Disputed. This is self-serving and conclusory. The dual @phoenixam.net/@ibanera.com email structure suggests shared personnel. *See* Exhibit A. Further, Plaintiff alleges the principals are "owners, agents, officers, and proxies for many businesses." Am. Compl. ¶ 40.

41. Disputed. Discovery has been stayed, and Plaintiff lacks information to confirm based on Defendant's assertion alone. The dual-email phenomenon in the Staff Directory suggests shared personnel across entities. *See* Exhibit A.

**PLAINTIFF'S ADDITIONAL FACTS PURSUANT TO LOCAL RULE 56.1(b)(2)(d)**

42. Plaintiff obtained Ibanera's Staff Directory in 2024, and has not edited, altered, or manipulated the contents of the document. *See* Exhibit B (Decl. Jane Doe at ¶¶ 9, 10).

43. Ibanera's Internal Staff Directory lists approximately ninety-eight (98) individuals as Ibanera staff, each assigned an @ibanera.com company email address, with a designated department, role, and geographic location. *See* Exhibit A.

44. The Staff Directory lists approximately twenty-six (26) individuals located in the United States, including personnel in Compliance, Sales, Technology, Administration, Operations, and other departments. *Id*.

45. The Staff Directory lists C-suite and senior management positions including a Chief Technology Officer, Chief Financial Officer, two COOs, a Chief Compliance Officer, and a Chief Strategy Officer, among others. *Id*.

46. The Staff Directory lists Michael Carbonara as "Owner, Board of Directors" with both @phoenixam.net and @ibanera.com email addresses, and Bjorn Snorrason as "Owner, Board of Directors" with @phoenixam.net and @ibanera.com email addresses. *Id*. This directly contradicts the sworn declarations of Carbonara and Parr that have been submitted to this Court, stating that Snorrason has never been an employee or owner of Ibanera LLC. (ECF No. 32-3 at ¶ 13); (ECF No. 32-2 at ¶ 11).

47. At least fourteen (14) individuals in the Staff Directory carry dual email addresses at both @ibanera.com and @phoenixam.net, including Carbonara, Snorrason, and twelve other staff members across multiple departments. *See* Exhibit A.

48. The Staff Directory lists the three members of Ibanera's "Singapore team" identified in the Amended Complaint: Tuck Hong (Compliance Analyst, Singapore); Johnson Aruldass

9

(Compliance Analyst, Singapore); and Cheng Mun Chan (Chief Compliance Officer, Singapore). *See* Exhibit A.

49. The Staff Directory lists Daniel Baron in the "Business Development" department with the title "Client Relations" and the email daniel.baron@ibanera.com. *Id*. Again, this contradicts Michael Carbonara's sworn declaration to this Court. (ECF No. 32-3 at ¶ 21).

50. The Staff Directory lists two individuals performing Human Resources functions: Angie Brian ("Executive Assistant & Administrator/HR," United States) and Gabriela Borges ("Human Resources/Administrator," Brazil); the existence of dedicated HR personnel is inconsistent with a company that purportedly has only one employee. *See* Exhibit A.

51. Bjorn Snorrason, Michael Carbonara, and David Parr are owners, agents, officers, and proxies for many businesses, corporations, and entities for which Plaintiff performed work. Am. Compl. at ¶ 40.

52. Ibanera LLC is a wholly owned subsidiary of Odessa Partners LLC, a Delaware limited liability company. Carbonara and Parr are the "financial beneficiaries of the majority owner" of Odessa Partners LLC. (ECF 32-3 at ¶ 4).

53. Ibanera LLC employed Plaintiff as a Client Relations & Success Manager. *See* Exhibit A; Exhibit B at ¶ 8; Exhibit C.

54. Ibanera LLC employed a billing department that operated under billing@ibanera.com. *Id*.

55. Ibanera LLC directed Plaintiff to seek reimbursement of business-expenses from billing@ibanera.com. *See* Exhibit C.

56. Ibanera LLC directed Plaintiff to seek reimbursement of her business trip in Singapore from billing@ibanera.com. *Id*.

57. Ibanera LLC maintained a billing department that is not accounted for in its ADP records. *See* Exhibit A; Exhibit C.

58. Ibanera LLC was comprised of nearly 100 individuals, almost all of whom were not disclosed or included in its ADP records. *See* Exhibit A; ECF No. 32-3.

59. While I was employed for Ibanera, I was added to a company WhatsApp chat that consisted of over 100 individuals who worked for Ibanera. *See* Exhibit D.

60. Angie Brian, employed by Ibanera as Human Resources in the United States (*See* Exhibit A), is the "Group Admin" in the Ibanera WhatsApp chat. *See* Exhibit D at 1.

61. Mr. Parr and Mr. Carbonara were also members of this WhatsApp group and had knowledge of the other members included in the chat. *Id*.

Dated this 17th day of March, 2026.

<div style="margin-left: 50%;">

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*s/ Derek T. Smith*
Derek T. Smith, Esq.
Florida Bar No.: 1014216
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Derek@dereksmithlaw.com

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Danielb@dereksmithlaw.com

</div>

12

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on March 17, 2026, on all counsel of record on the service list below via CM/ECF.


By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.


<u>**SERVICE LIST**</u>

**COLE SCHOTZ P.C.**
Scott J. Topolski
Florida Bar No. 0006394
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone: (561) 609-3856
Facsimile: (561) 423-0392
Email: stopolski@coleschotz.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**


**COGENT LAW GROUP, LLP**
Evan Ronald Smith
2001 L St. NW, Suite 500
Washington, DC 20036
Telephone: 202.644.8880
Email: esmith@cogentlaw.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**


**CARLTON FIELDS, P.A.**
Naomi M. Berry
Florida Bar No. 69916
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami, FL 33136-4118
Telephone: (305) 530-0050
Email: nberry@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

13

**CARLTON FIELDS, P.A.**
Aaron S. Weiss
Florida Bar No. 48813
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: aweiss@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Virginia Regis Callahan
Florida Bar No. 1058943
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 200
Tampa, Florida 33607
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: Virginia.Callahan@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Ellen Dew
650 South Exeter Street, Suite 1100
Baltimore, MD 21202
Tampa, Florida 33607
Telephone: (410) 580-4127
Fax: (410) 580-3001
Email: Ellen.Dew@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**

14