**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**DECLARATION OF JANE DOE IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT IBANERA LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND COMBINED MOTION TO DISMISS**

I, JANE DOE, the undersigned, hereby make this sworn declaration under penalty of perjury and state as follows:

1. I am the Plaintiff in this matter.

2. I am over eighteen (18) years of age and am otherwise competent to make this declaration.

3. I make this declaration based upon the best of my knowledge, information, or belief.

4. I began my business relationship with Ibanera in 2021, using their consulting services to develop my card-to-crypto payment application.

5. In early 2024, Ibanera flew me to San Francisco for the Game Developers Conference ("GDC") to represent Ibanera.

Doc ID: 32a8b13707c160bffc918d5d970911e0b62fcc67

6. Ibanera paid for my travel and accommodations to GDC, where Ibanera asked me to represent myself as a representative of Ibanera and conduct business with Ibanera's current and prospective clients.

7. In March of 2024, Ibanera issued me an '@ibanera.com' email address, an Ibanera business card, and an Ibanera signature block; assigned me two (2) assistants including Daniel Baron; and informed Ibanera's other employees that I was now an employee.

8. In July of 2024, Ibanera promoted me to the position of Client Relations and Success Manager.

9. In 2024, before I was directed to attend the TOKEN2024 conference in Singapore, Ibanera provided me with a Staff Directory that listed nearly 100 Ibanera employees.

10. I have never altered, edited, or manipulated the contents of the Staff Directory.

11. The contents of the Staff Directory were consistent with my understanding of Ibanera's corporate structure and staff members.

12. At all times during my involvement with Ibanera, Bjorn Snorrason was known to be an owner of Ibanera alongside David Parr and Michael Carbonara.

13. During the period of my employment for Ibanera, both Michael Carbonara and David Parr regularly discussed Bjorn Snorrason as the third owner of Ibanera.

14. Ibanera instructed me to contact its billing department, reachable at the email address 'billing@ibanera.com' for any reimbursements available.

15. During my employment for Ibanera, Ibanera never had only one employee.

16. I have performed work in Ibanera's offices in Brickell City Center with Michael Carbonara and Jondalar Diepvieen.

2

17.     In order to perform work for Ibanera, I was provided full access to the company's Google Drive, which I could not have accessed without their permission. The Google Drive further provided me with access to all Ibanera presentations, marketing materials, and client information.

18.     Ibanera assigned Natalia Silva and Daniel Baron as my "assistants" to aid me with my work.

19.     Ibanera LLC and UAB Phoenix were the two entities that issued payment to me for my work.

20.     I did not have any personal involvement in obtaining clients independently; Ibanera introduced me to clients and prospective clients, representing me as their "Client Relations and Success Manager."

21.     I could not perform my job duties for Ibanera independent of Ibanera's structure and organization.

### VERIFICATION PURSUANT TO 28 U.S.C. § 1746

Pursuant to 28 U.S.C. § 1746, I, JANE DOE, declare under penalty of perjury that, to the best of my knowledge and understanding, the foregoing is true and correct.

Executed on ___03 / 16 / 2026___.

*Jane Doe*

_____
JANE DOE

3

Doc ID: 32a8b13707c160bffc918d5d970911e0b62fcc67