**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT IBANERA LLC'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT AND COMBINED MOTION TO**
**DISMISS**

Plaintiff, JANE DOE ("Plaintiff"), by and through her undersigned counsel and pursuant to Federal Rule of Civil Procedure 56, hereby files her Response in Opposition to Defendant Ibanera LLC's ("Defendant" and/or "Ibanera") Motion for Partial Summary Judgment on Title VII and FCRA Numerosity and Combined Motion to Dismiss for Lack of Statutory Coverage ("Defendant's Motion") and in support states as follows:

**STATEMENT OF MATERIAL FACTS**

Plaintiff hereby incorporates by reference Plaintiff's Statement of Material Facts and Additional Facts in Support of her Response in Opposition to Defendant's Partial Motion for Summary Judgment and Combined Motion to Dismiss (ECF No. 68) ("PSOMF").

**INTRODUCTION**

Defendant Ibanera LLC ("Ibanera") asks this Court to rule that it had only one employee during 2023 and 2024 and therefore falls below Title VII's and the FCRA's fifteen-employee threshold. The central pillar of that claim is the sworn testimony of its principals, Michael

Carbonara and David Parr, who declared that "Ibanera had only one employee in the United States. Ibanera has never had 15 or more employees. Ibanera has no employees in other countries." Carbonara Decl. ¶ 4 (ECF No. 32-3 at 2); Parr Decl. ¶ 4 (ECF No. 32-2 at 2). Ibanera's own records and group chats, in addition to reliable information publicly available on the internet, directly contradict its testimony and declarations in support thereof.

In 2024, Plaintiff, by and through her own employment with Ibanera, obtained Ibanera's Staff Directory – squarely within the relevant statutory period – which lists approximately ninety-eight (98) individuals as Ibanera staff. *See* PSOMF ¶¶ 42, 44; ECF No. 68-1. Each individual is assigned a company email address ending in "@ibanera.com," placed into a formal department, and given a title. *Id*. at ¶ 43. The directory reflects a fully operational and international enterprise consisting of at least ten departments, including Compliance (with a Chief Compliance Officer and multiple analysts), Technology (with a Chief Technology Officer and a systems administrator), Accounting (with a Chief Financial Officer and a team of financial analysts), Sales, Legal, Administration (with dedicated Human Resources personnel), Onboarding, Operations (with two COOs), Business Development, and LATAM. *See* ECF No. 68-1. Approximately twenty-six of the individuals named are located in the United States. *Id*.

The Staff Directory also reveals that Defendants made material misrepresentations in their sworn declarations. Carbonara and Parr each declared under penalty of perjury that "Bjorn Snorrason is not and has never been an owner, manager, employee, representative, or agent of, or contractor to, Ibanera." Carbonara Decl. ¶ 15 (ECF No. 32-3 at 4); Parr Decl. ¶ 11 (ECF 32-2 at 3). The Staff Directory lists Snorrason as "Owner, Board of Directors," with the email 'bjorn@ibanera.com'. *See* ECF 68-1. This is not ambiguous. Defendant's own internal corporate document identifies the very person they swore was never an owner as exactly that. When a

2

movant's sworn declarations are contradicted by the movant's own business records, summary judgment cannot be granted.

Furthermore, Defendant maintained a company WhatsApp chat (the "group chat") with over 100 individuals who worked for Ibanera, many of whom appear on the aforementioned Staff Directory. *See* ECF No. 68-4. In fact, Michael Carbonara and David Parr each appear as members of the group chat as well. *Id* at 1.

Defendant's Motion should be denied in its entirety. Even without the Staff Directory or the group chat, the Motion would be premature given this Court's stay of discovery. Importantly, the additional information transforms this case: it is not merely evidence that creates a genuine dispute – it is evidence that Ibanera's entire theory of the case rests on demonstrably false factual premises.

## A.     Ibanera's Structure and Plaintiff's Employment

Ibanera LLC is a Wyoming limited liability company controlled by Michael Carbonara, David Parr, and Bjorn Snorrason. Am. Compl. ¶¶ 6, 26–29. Carbonara served as CEO and Manager. *Id*. at ¶ 26.  Parr and Snorrason served as owners who exercised supervisory authority over Plaintiff, including the power to hire, fire, and direct her work. Am. Compl. ¶¶ 27, 28. Ibanera is a wholly owned subsidiary of Odessa Partners LLC, a Delaware limited liability company, of which Carbonara and Parr are the "financial beneficiaries of the majority owner." Carbonara Decl. ¶ 4.

In March 2024, Ibanera issued Plaintiff a company email address, business cards, and a signature block; assigned her two assistants; granted her portal access; and established a commission structure and stipend. Am. Compl. ¶ 49. In July 2024, Ibanera promoted Plaintiff to Client Relations and Success Manager and placed her on salary. Am. Compl. ¶ 50.

**B.      The Staff Directory**

The Staff Directory is an Ibanera document listing approximately ninety-eight (98) individuals as company staff. *See* ECF No. 68-1. The directory is organized by name, anniversary date, region, department, role, location, primary phone, emails, Skype ID, and Telegram username. Every listed individual has an '@ibanera.com email'. *Id*. Key entries include:

**C-Suite and Senior Management:** Grant Fields (Chief Technology Officer, United States) *See* Exhibit A[1]; Philip Louie (Chief Financial Officer, Vancouver); Jondalar Diepeveen (COO & Solutions Engineer, Miami, Florida) *See* Exhibit B; Hock Lai Chia (COO, Singapore); Cheng Mun Chan (Chief Compliance Officer, Singapore); Japman Kharbanda (Chief Strategy Officer / Head of Banking Partnerships, USA) *See* Exhibit C.

**Owners:** Michael Carbonara ("Owner, Board of Directors," Miami, Florida, with dual @ibanera.com and @phoenixam.net emails). *See* Exhibit D. Bjorn Snorrason ("Owner, Board of Directors," Spain/Iceland, with dual @ibanera.com and @phoenixam.net emails). *See* Exhibit E.

**Individuals from the Amended Complaint:** Daniel Baron ("Client Relations," Business Development, daniel.baron@ibanera.com). *See* Exhibit F. Tuck Hong (Compliance Analyst, Singapore). *See* Exhibit G. Johnson Aruldass (Compliance Analyst, Singapore). Cheng Mun Chan (Chief Compliance Officer, Singapore). Am. Compl. ¶¶ 81, 110.

---

[1]Listed below opposite to the names of the individuals to which they correspond, are the URLs of the referenced individuals' LinkedIn profiles, extracts of which are attached as Exhibits A through I:

- Grant Fields – Exhibit A – https://www.linkedin.com/in/grant--fields;
- Jondalar Diepeveen – Exhibit B – https://www.linkedin.com/in/jondalar-diepeveen-734279209;
- Japman Karbanda – Exhibit C – https://www.linkedin.com/in/japmankharbanda;
- Michael Carbonara – Exhibit D – https://www.linkedin.com/in/michaelcarbonara;
- Bjorn Snorrason – Exhibit E – https://www.linkedin.com/in/bsnorra;
- Daniel Barron – Exhibit F – https://www.linkedin.com/in/daniel-baron-31bb971bb;
- Tuck Hong – Exhibit G – https://www.linkedin.com/in/tuckhong;
- Angie Brian – Exhibit H – https://www.linkedin.com/in/angie-brian-318023224; and
- Gabriela Borges *a/k/a* Gabriela Coelho – Exhibit I – https://www.linkedin.com/in/gabriela-borges-coelho.

**HR Personnel:** Angie Brian ("Executive Assistant & Administrator/HR," United States). *See* Exhibit H. Gabriela Borges ("Human Resources/Administrator," Brazil). *See* Exhibit I.

**Phoenix AM Cross-Over:** At least fourteen individuals carry dual emails at both '@ibanera.com' and '@phoenixam.net', including Carbonara, Snorrason, and staff across multiple departments and countries. This dual-email structure indicates an operational relationship between Ibanera and an affiliated entity called "Phoenix AM."

Plaintiff has had no opportunity to depose any of these individuals, serve interrogatories, or request documents to better comprehend the employment relationship between these individuals and Ibanera – or to learn why they independently promoted any employment relationship or business dealings with Ibanera. These understandings are critical to the numerosity issue on which Defendant's Motion seeks relief. Defendant claims that it only employs one individual; however, the Staff Directory, group chat, and the results of a brief internet search contradict this contention entirely. Many of the individuals on the Staff Directory promoted, or still currently promote, that they held a position for Ibanera on their LinkedIn profiles, confirming their prior or current employment for Ibanera and rejecting Defendant's declarations and arguments.[2]

---

[2]For purpose of further illustration, Plaintiff has listed below the URLs of the LinkedIn profiles of *some* of the individuals listed on the Staff Directory, besides the ones identified above:

- Camila Vargas – https://www.linkedin.com/in/camila-vargas-4b2648371;
- Cristhian Rincon – https://www.linkedin.com/in/cristhian-rinc%C3%B3n-90366125a;
- Fabian Pinto – https://www.linkedin.com/in/fabi%C3%A1n-pinto-s%C3%A1nchez-a47697241;
- Felipe Pinto – https://www.linkedin.com/in/felipe-pinto-205467284;
- Julio Acosta – https://www.linkedin.com/in/julio-acosta-975a68370;
- Juan Manuel Russo *a/k/a* Manuel Russo – https://www.linkedin.com/in/juan-manuel-russo-lopez-44b88117a;
- Laura Badillo – https://www.linkedin.com/in/laura-isabel-badillo-3489712aa; and
- Laura Acosta – https://www.linkedin.com/in/laura-acosta-58963a287.

Other employees in the Staff Directory, such as Matheus Tres, Erika Suzuki, Daniela Barragan, and Daniel Baron, are referenced in an Ibanera LinkedIn post accessible at https://www.linkedin.com/posts/ibanera-llc_money2020-money2020-innovation-activity-7389469846301995008-4sm0.

## LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence and reasonable inferences must be viewed in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the nonmovant shows it cannot present facts essential to justify its opposition, the court may defer or deny the motion. FED. R. CIV. P. 56(d); *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989) (Rule 56(d) is "infused with a spirit of liberality").

## ARGUMENT

### I.    IBANERA'S OWN STAFF DIRECTORY LISTING 98 STAFF MEMBERS CREATES AN OVERWHELMING GENUINE DISPUTE

The threshold question in assessing Defendant's Motion is whether a genuine dispute exists as to Ibanera's employee count. The Staff Directory answers that question definitively. A company that maintains a ninety-eight-person staff directory – organized into formal departments, with C-suite officers, a compliance team, a legal department, an accounting team, HR personnel, an onboarding department, and a global sales force – does not have "one employee." The near-100 number is corroborated by the existence of a WhatsApp group containing the Ibanera logo, and 102 members, many of whom were listed in the Staff Directory, including Michael Carbonara and David Parr. *See* ECF No. 68-4.

Ibanera's theory is that all ninety-seven individuals other than Japman Kharbanda are "independent contractors." *See* Defendant's Motion (ECF No. 58 at 2-3). But the Staff Directory is not a vendor list or a roster of occasional consultants. It is a *staff directory* – organized by department, with anniversary dates tracking tenure, company email addresses, and formal titles

within a hierarchical management structure. *See* ECF 68-1. The document lists two dedicated HR professionals – Angie Brian and Gabriela Borges – whose positions would serve no function in a company with only one employee and a collection of independent contractors. *Id*. It lists an onboarding department with a manager and multiple specialists, again meaningless if there were no employees to onboard. *Id*.

Under *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 211–12 (1997), "what is ultimately critical under [the payroll] method is the existence of an employment relationship, not appearance on the payroll." The Staff Directory is powerful evidence of employment relationships that simply were not reflected on the ADP payroll. Whether those relationships qualify as "employment" under the common-law agency test is a question of fact. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992).

The *Darden* test is established precedent used "in determining whether a hired party is an employee under the general common law of agency," where the court will "consider the hiring party right to control the manner and means by which the product [or service] is accomplished." *Doe v. Mia. Gardens Square One, Inc.*, 2025 U.S. Dist. LEXIS 6051, 19-20 (S.D. Fla. Jan 13, 2025) (the Court weighed substantial evidence – testimony and documentation – to consider the following factors in determining whether plaintiff was an employee: type of work performed, skill required, equipment furnished and place of work, length of relationship, method of payment, termination of work relationship, annual leave, integral part of business, benefits, taxes paid, intention of the parties, and control). Importantly, contractual labels are not dispositive; courts must examine how the parties actually behaved. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013). That inquiry is inherently fact-intensive and cannot be resolved on summary judgment when, as here, the evidence overwhelmingly indicates an employment relationship.

When applying the *Darden* test to the Plaintiff, it is crucial to consider the following: Plaintiff could not perform work with access to Defendant's Google Drive, which she could not access without Defendant's permission; Plaintiff required help from her assistants, Natalia Silva and Daniel Baron, to perform her work; Defendant represented to its current or prospective clients that Plaintiff was a Client Relations and Customer Success Manager; and Plaintiff could not obtain work or perform work without Defendant's platform or permission – in short, Plaintiff could not work if she was not an employee. *See* ECF No. 68-2 ¶¶ 17—21.

The numerosity requirement is an element of a Title VII claim, not a jurisdictional prerequisite. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006). The FCRA contains a parallel threshold. Fla. Stat. § 760.02(7); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Plaintiff need not prove numerosity at this stage; she need only show a genuine dispute exists. The Staff Directory more than satisfies that burden.

## II. DEFENDANTS' SWORN DECLARATIONS ARE CONTRADICTED BY THEIR OWN RECORDS AND CANNOT SUPPORT SUMMARY JUDGMENT

Summary judgment depends on the movant's evidentiary showing. Here, that showing rests almost entirely on the Carbonara and Parr declarations. Importantly, both declarations contain statements that are directly contradicted by Ibanera's own business records.

Most strikingly, both Carbonara and Parr declared under penalty of perjury that "Bjorn Snorrason is not and has never been an owner, manager, employee, representative, or agent of, or contractor to, Ibanera." Carbonara Decl. ¶ 15 (ECF No. 32-3 at 4); Parr Decl. ¶ 11 (ECF 32-2 at 3). The Staff Directory lists Snorrason as "Owner, Board of Directors" with an @ibanera.com email address. The Amended Complaint alleges Snorrason exercised supervisory authority over Plaintiff, directed her travel, extended her business trip, and made decisions about her role and

compensation – conduct squarely consistent with an ownership interest. Am. Compl. ¶¶ 27, 79, 105, 151, 162–163, 170–171.

This contradiction is not a peripheral inconsistency. It goes to the heart of the movant's credibility. If Carbonara and Parr will misrepresent Snorrason's ownership status in sworn declarations, the Court cannot rely on their assertions that Ibanera had only "one employee." When a movant's declarations are contradicted by documentary evidence, summary judgment is inappropriate because the factfinder must assess credibility – a task reserved for trial. *Anderson*, 477 U.S. at 255.

### III.   PLAINTIFF ARGUES IN THE ALTERNATIVE THAT THE MOTION IS PREMATURE UNDER RULE 56(d)

Even with the Staff Directory, this Court should defer ruling because discovery has been stayed and essential facts remain exclusively within Defendants' control. The Eleventh Circuit has made clear that summary judgment should not be granted before the opposing party has had an adequate opportunity for discovery. *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988)).

The Staff Directory identifies approximately 98 individuals, but Plaintiff has had no opportunity to depose any of them, obtain their contracts, or examine the degree of control Ibanera exercised over their work. Discovery would also reveal: (a) the Ibanera LLC Operating Agreement; (b) corporate records for Odessa Partners LLC and Phoenix AM; (c) all independent contractor agreements; (d) IRS Forms 1099; (e) evidence of shared resources between Ibanera and affiliated entities; and (f) the actual working conditions of the individuals listed in the Staff Directory.

**IV.     THE INTEGRATED ENTERPRISE DOCTRINE REQUIRES DISCOVERY INTO IBANERA'S AFFILIATED ENTITIES**

The Staff Directory reveals a previously unknown connection between Ibanera and an entity called "Phoenix AM," which could be a correlated entity to Defendant with regards to joint-employment of Jane Doe and the other individuals listed in the Staff Directory. At least fourteen individuals carry dual email addresses at both @ibanera.com and @phoenixam.net – including Carbonara, Snorrason, the CFO, the COO, the HR administrator, and staff across multiple departments. *See* ECF No. 68-1. This is precisely the kind of interrelation of operations that triggers the integrated enterprise analysis. *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999) ("In keeping with this liberal construction, we sometimes look beyond the nominal independence of an entity and ask whether two or more ostensibly separate entities should be treated as a single, integrated enterprise when determining whether a plaintiff's "employer" comes within the coverage of Title VII."). Centralized control of labor relations is the most significant factor. *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1244 (11th Cir. 1998).

In *Stockett v. Tolin*, 791 F. Supp. 1536, 1541 (S.D. Fla. 1992), this District found three closely held companies constituted a single integrated employer where they shared resources and personnel, and listed 48 shared employees on one list. Here, the dual-email structure, common ownership through Odessa Partners LLC, and the same three principals controlling multiple entities present an even stronger case for integration; however, discovery is needed to develop the full picture.

**V.     THE OWNER-PRINCIPALS MAY THEMSELVES COUNT AS "EMPLOYEES"**

Under *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 449–50 (2003), company principals may qualify as "employees" for numerosity purposes depending on the actual structure of the organization. The Staff Directory lists both Carbonara and Snorrason as

"Owner, Board of Directors." Parr describes himself as contributing "personal time to support some of Ibanera's operations." Parr Decl. ¶ 2 (ECF 32-2 at 1). Whether any of these individuals is effectively subordinate to the organization requires discovery into the LLC operating agreement and actual governance structure. *See Fountain v. Metcalf, Zima & Co., P.A.*, 925 F.2d 1398, 1401 (11th Cir. 1991) ("the economic reality of the role played [is] a more probative indication" than formal labels).

## VI.   IBANERA CANNOT EVADE TITLE VII AND THE FCRA BY CLASSIFYING ITS ENTIRE WORKFORCE AS "INDEPENDENT CONTRACTORS"

The fundamental problem with Ibanera's Motion is its premise: a company can maintain a ninety-eight-person organizational structure with C-suite officers, department heads, compliance teams, HR professionals, an onboarding department, company email addresses, and formal titles, yet claim it has only "one employee" by the simple expedient of paying everyone except one person through 1099s or foreign vendor arrangements. This is precisely the outcome the common-law agency test was designed to prevent. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992). Title VII's protections cannot be so easily circumvented.

If Ibanera's theory were accepted, any employer could escape Title VII liability by structuring its workforce through contractor agreements while exercising the same degree of control, assigning the same duties, and maintaining the same organizational hierarchy as a traditional employer. The Eleventh Circuit has rejected exactly this approach, explaining that the determination of employee or independent contractor "is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether 'the work done, in its essence, follows the usual path of an employee.'" *Scantland*, 721 F.3d at 1311 (quoting *Rutherford Food v. McComb*, 331 U.S. 722, 729 (1947)). As such, Defendant's assertion, that it employed one individual, must be rejected.

**CONCLUSION**

Ibanera's Motion asks this Court to accept sworn declarations that are contradicted by Ibanera's own internal records. The Staff Directory and group chat – listing approximately 100 individuals as Ibanera staff during the relevant statutory period – creates not merely a genuine dispute but an overwhelming one. Defendant's Motion should be denied in its entirety.

Dated this 17th day of March, 2026.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on March 17, 2026, on all counsel of record on the service list below via CM/ECF.


By: */s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.


## SERVICE LIST

**COLE SCHOTZ P.C.**
Scott J. Topolski
Florida Bar No. 0006394
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
Telephone: (561) 609-3856
Facsimile: (561) 423-0392
Email: stopolski@coleschotz.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**

**COGENT LAW GROUP, LLP**
Evan Ronald Smith
2001 L St. NW, Suite 500
Washington, DC 20036
Telephone: 202.644.8880
Email: esmith@cogentlaw.com
*Co-Counsel for Defendants Ibanera LLC,*
*Michael Carbonara, and David Parr*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Naomi M. Berry
Florida Bar No. 69916
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami, FL 33136-4118
Telephone: (305) 530-0050
Email: nberry@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**CARLTON FIELDS, P.A.**
Aaron S. Weiss
Florida Bar No. 48813
2 Miami Central
700 NW 1st Avenue, Ste. 1200
Miami FL, 33136-4118
Telephone: (305) 530-0050
Email: aweiss@carltonfields.com
*Counsel for Defendant Bjorn Snorrason*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Virginia Regis Callahan
Florida Bar No. 1058943
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 200
Tampa, Florida 33607
Telephone: (410) 580-4328
Facsimile: (410) 580-3011
Email: Virginia.Callahan@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**

**DLA PIPER LLP (US)**
Ellen Dew
650 South Exeter Street, Suite 1100
Baltimore, MD 21202
Tampa, Florida 33607
Telephone: (410) 580-4127
Fax: (410) 580-3001
Email: Ellen.Dew@us.dlapiper.com
*Counsel for Marriott International, Inc,*
*Starwood Hotels & Resorts Management Company, LLC, and*
*Starwood Hotels & Resorts Worldwide, LLC*
**VIA CM/ECF**