**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

Plaintiff,

v.

IBANERA LLC,

MICHAEL CARBONARA,

DAVID PARR,

et al.,

Defendants.

_____/

**DEFENDANTS IBANERA LLC, MICHAEL CARBONARA, AND DAVID PARR'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF JANE DOE'S AMENDED COMPLAINT**

1

#66585208 v1

Defendants Ibanera LLC ("Ibanera"), Michael Carbonara, and David Parr (collectively, the "Ibanera Defendants") submit this reply in support of their Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's opposition does not cure the pleading defects identified in the Motion and does not defeat dismissal under the doctrine of forum non conveniens.

INTRODUCTION

Plaintiff's opposition confirms why dismissal is warranted. On forum non conveniens, Plaintiff does not seriously contest that the alleged assaults, the medical treatment, the police report, the hotel personnel, the hotel records, the paramedics, the client witnesses, and the other percipient nonparty witnesses are in Singapore. An alternative forum is adequate if it offers some remedy; it need not mirror every American statutory claim. Singapore plainly offers civil remedies sounding in tort and personal injury. The operative facts, witnesses, and evidence remain in the hands of third parties in Singapore, not Florida.

In response to the Rule 12(b)(6) issues raised in Defendants' Motion, Plaintiff attempts to recast an alleged foreign sexual assault as sex trafficking under the TVPRA, but the Amended Complaint does not plausibly allege a "commercial sex act," participation by the Ibanera Defendants in a trafficking venture, knowing benefit from such a venture, or any conspiracy by Parr to violate § 1591. The Complaint alleges a business trip to a trade show, followed by alleged assaults committed by Snorrason in Singapore. It does not plausibly allege that the Ibanera Defendants sent Plaintiff to Singapore for the purpose of causing her to engage in a commercial sex act, or that they knowingly joined a trafficking venture.

The negligence counts fail for the same reasons presented in the opening motion. Plaintiff's response doubles down on an unspecified allegation of a prior complaint by another woman, but pleading standards require facts, not speculation and promises of future discovery. Plaintiff still has not pleaded facts establishing a cognizable duty, specific foreseeability, or proximate causation under Florida law for an alleged criminal assault by a third party in a foreign country.

Finally, Plaintiff's opposition repeatedly addresses "Count 17" which is asserted only against Snorrason. The claim asserted against Parr and Carbonara is Count XVIII for negligent infliction of emotional distress. Count XVIII still fails because Plaintiff has not pleaded an

2

underlying duty owed by Parr or Carbonara, or facts establishing foreseeable emotional-distress liability for the alleged intentional criminal acts of Snorrason.

ARGUMENT

I.      **THE CASE SHOULD BE DISMISSED UNDER THE DOCTRINE OF FORUM NON CONVENIENS.**

**A. Singapore is an adequate alternative forum.**

Plaintiff's threshold forum argument rests on the mistaken premise that an alternative forum is inadequate unless it provides a private civil remedy equivalent to the TVPRA. That is not the law. The Supreme Court and the Eleventh Circuit have repeatedly held that an alternative forum is adequate unless the remedy there is "so clearly inadequate or unsatisfactory that it is no remedy at all." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 n.22 (1981). The forum need provide only "some relief." Leon v. Millon Air, Inc., 251 F.3d 1305, 1311 (11th Cir. 2001). It need not be a perfect substitute, and it need not offer "beneficial litigation procedures similar to those available in the federal district courts." Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001).

Plaintiff does not dispute that Singapore recognizes civil claims for negligence and personal injury, and that Singapore's courts are functioning courts of competent jurisdiction. That alone defeats her adequacy challenge. See Van Schijndel v. Boeing Co., 434 F. Supp. 2d 766, 775 (C.D. Cal. 2006), aff'd, 263 F. App'x 555 (9th Cir. 2008) (recognizing Singapore as an adequate forum because its civil proceedings derive from the English common law and permit negligence and personal-injury claims).

Plaintiff's argument that Singapore lacks a private trafficking statute identical to §1595, if accepted, would mean forum non conveniens could never apply where a plaintiff pleads an American statutory claim lacking a foreign analogue. Courts properly ask whether the foreign forum offers some avenue for relief for the underlying wrong, not whether it reproduces the exact U.S. statutory architecture. Leon, 251 F.3d at 1311; Satz, 244 F.3d at 1283. Plaintiff alleges sexual assault, battery, false imprisonment, and related personal injuries occurring in Singapore. Singapore offers civil avenues to litigate claims arising from that alleged conduct.

If the Court deems it appropriate, the Ibanera Defendants are prepared to accept service in Singapore and to stipulate that any limitations defense unavailable as of the filing of this action

3

will not be asserted there. That standard condition eliminates any practical concern about Plaintiff's ability to proceed in the alternative forum.

**B. Private-interest factors overwhelmingly favor Singapore.**

Plaintiff's response does not meaningfully address private-interest factors. She says the "venture" was orchestrated from Florida. Accepting that allegation as true for the purpose of evaluating this issue, this case has no link to Florida beyond threshold issues of whether any of the Ibanera Defendants took actions in Florida that make them legally responsible for alleged sexual assaults by a third party in Singapore. Any evidence relating to threshold issues of legal responsibility is in the hands of the parties to this suit and can be litigated anywhere.

This is not a records-only case. It is a fact-intensive dispute centered on alleged events in a foreign country. The witnesses and proof regarding those events are all in Singapore. The claims in this case will be decided based on what actually happened in Singapore: what Plaintiff's condition was; what Snorrason said and did; what the hotel employees saw; what the paramedics observed and recorded; what the police were told; what the hotel's room-access data, security materials, and incident reports show; and what third-party witnesses present in Singapore can testify to that might contradict Plaintiff's version of events. Those issues are central to whether Plaintiff is entitled to damages from the Ibanera Defendants.

The Ibanera Defendants were not present in Singapore. They do not know (and cannot hope to find out) what happened there without access to key nonparty witnesses who remain outside this Court's subpoena power, who were present during the events alleged in the Amended Complaint. See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1331–32 (11th Cir. 2011) (inability to compel testimony of important foreign witnesses favors dismissal). Plaintiff's invocation of Hague procedures and letters rogatory is no answer. The question is not whether some discovery mechanism exists in theory; it is whether the case can be litigated fairly and efficiently. In this case essentially *all* of the critical third-party proof that supports or contradicts Plaintiff's case is located abroad and beyond compulsory process, so private-interest factors overwhelmingly favor dismissal. See Montgomery v. Oberti, 945 F. Supp. 2d 1367, 1375 (S.D. Fla. 2013).[1]

---

[1] "But given the importance of these witnesses in assessing the disputed factual issues, the Court finds that no adequate substitute exists for the witnesses' live testimony and that the lack of access to this testimony weighs very strongly in favor of dismissal." Id. at 1377.

4

Plaintiff says there is documentary evidence in Florida concerning travel planning, employment, compensation, and internal communications. Even if that is true, that evidence is possessed by the parties and would be available in Singapore courts in any suit involving the Ibanera Defendants.

Plaintiff also overstates the importance of Florida-based proof by assuming her TVPRA theory is viable. It is not. Once the labels are stripped away, the case remains what the Complaint describes: an alleged assault abroad by Snorrason, followed by alleged emotional and economic harms. The operative proof remains overwhelmingly foreign. Litigating this matter in Florida is unfair to the Ibanera Defendants.

## B. Public Interest factors favor Singapore.

The public-interest factors point in the same direction. Singapore has a substantial interest in adjudicating allegations of events that allegedly occurred on its soil. Florida's connection, by contrast, is limited to Plaintiff's residence and the fact that Ibanera is based here. Further, Plaintiff's common-law claims arise from injuries allegedly sustained in Singapore, and the parties' own briefing confirms that disputes over Singapore law are likely to arise. The foreign sovereign has a stronger interest in events occurring within its borders and a greater familiarity with the governing law. See Piper, 454 U.S. at 260 n.29; Tazoe, 631 F.3d at 1333.

## II.     COUNTS I AND II FAIL BECAUSE THE AMENDED COMPLAINT DOES NOT PLAUSIBLY ALLEGE A COMMERCIAL SEX ACT, PARTICIPATION IN A TVPRA VENTURE, OR A KNOWING BENEFIT.

### A.     The Amended Complaint does not plausibly allege a "commercial sex act."

Plaintiff's opposition attempts to collapse the distinction between sexual assault and sex trafficking. The TVPRA does not erase that distinction. Section 1591 reaches "commercial sex act[s]," and Congress defined that phrase to mean a sex act "on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). The phrase "on account of which" requires a causal relationship between the sex act and the thing of value. See Treminio v. Crowley Maritime Corp., 707 F. Supp. 3d 1234, 1245 (M.D. Fla. 2023); Reed v. Barnes, 2025 WL 963072, at *3 (N.D. Tex. Mar. 31, 2025).

Plaintiff does not plead that causal relationship. Her own allegations are that she was sent to Singapore for a trade show before any alleged sex act occurred, that she did not agree to sex in

5

exchange for compensation or professional opportunities, and that Snorrason later assaulted and raped her by force, coercion, and drugging. That is not a pleading of a commercial exchange. It is an alleged violent assault. Nothing in the Complaint plausibly alleges that Plaintiff engaged in any sex act because something of value was promised or conferred "on account of" that act.

Plaintiff relies heavily on Noble v. Weinstein, 335 F. Supp. 3d 504 (S.D.N.Y. 2018), and United States v. Raniere, 55 F.4th 354 (2d Cir. 2022). Those cases do not rescue the pleading here. Noble involved allegations that film-industry opportunities were offered in exchange for sex. Raniere involved an organized structure in which intangible benefits were exchanged within the enterprise and the victims' compelled conduct was bound up with those benefits. Here, by contrast, Plaintiff alleges that she repeatedly refused sexual advances, was assaulted after refusing, and was raped while incapacitated. That is not a pleaded exchange of sex for compensation, status, or professional advancement. At most, Plaintiff alleges that Snorrason later made grotesque statements implying that workplace benefits would follow sexual compliance. Those statements may be relevant to other theories, but they do not plausibly transform the alleged rapes into "commercial sex act[s]" within the meaning of § 1591(e)(3).

Plaintiff's theory would effectively convert any sexual assault in a workplace setting into a trafficking claim whenever the perpetrator later references employment, compensation, or status. That is not what the statute says, and it is not what the case law permits. The Court should reject that effort.

**B.**     **The Amended Complaint does not plausibly allege participation by the Ibanera Defendants in a trafficking venture.**

Plaintiff next argues that the Complaint sufficiently alleges a "venture" because the TVPRA defines that term broadly and because ordinary business coordination may be enough. But Plaintiff still must plead facts showing that each moving defendant participated in a venture that violated the TVPRA as to her. Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 725–27 (11th Cir. 2021). Red Roof does not impose RICO's formal structural requirements, but it does require actual participation in the venture and actual or constructive knowledge of the venture's trafficking conduct. Id.

The Amended Complaint does not meet that standard. As to Parr and Ibanera, the alleged conduct consists of asking Plaintiff to attend a trade show, purchasing a plane ticket, arranging travel logistics, introducing Plaintiff to Snorrason by telephone, and later messaging Plaintiff to return to the hotel because her flight was not yet ready. Those allegations describe business-trip

6

coordination. They do not plausibly allege that Parr or Ibanera were participating in a trafficking venture.

The crude introductory remark attributed to Parr does not bridge that gap. Even accepted as true, it is an inappropriate comment, not a plausible allegation of an agreement to traffic Plaintiff for commercial sex acts. Nor do Plaintiff's allegations that she was expected to meet clients or represent the company transform routine work travel into trafficking. Red Roof rejected attempts to impose TVPRA liability based on commercial interactions untethered to participation in the trafficking venture itself. 21 F.4th at 726–29. That principle controls here.

The same defect defeats Plaintiff's "knowing benefit" theory. Plaintiff says the Ibanera Defendants stood to benefit from her client-relations work and from continued app development. But the statute requires a knowing benefit from participation in the trafficking venture, not a speculative or ordinary commercial benefit from the plaintiff's work. Red Roof, 21 F.4th at 724–27. Plaintiff alleges only that Defendants "would have profited" if she had continued to work with clients and develop the app. That is speculative future business revenue, not a pleaded benefit flowing from participation in sex trafficking.

Plaintiff's prior-complaint theory fares no better. She repeatedly invokes an alleged prior accusation by Japman Kharbanda, and overstates and mischaracterizes it as a report of a "sexual assault," although the Amended Complaint does not contain any allegations about when the report was made, to whom, what it said, what conduct it described, whether it involved comparable allegations, or what any moving defendant actually knew. Instead, she says those details are in Defendants' "exclusive possession" and can be discovered later. That is not how pleading works. Plaintiff must allege enough facts now to move the claim across the line from conceivable to plausible. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. A bare assertion that an unspecified prior accusation existed is too conclusory to establish that Parr, Carbonara, or Ibanera knew or should have known they were participating in a trafficking venture directed at Plaintiff.

Plaintiff also relies on Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017), and G.G. v. Salesforce.com, Inc., 76 F.4th 544 (7th Cir. 2023). Those cases are far afield. Ricchio involved motel operators alleged to have directly renewed a profit-seeking arrangement with the trafficker while observing circumstances strongly suggestive of trafficking. Salesforce concerned a long-running business relationship and allegations about the defendant's support for the specific online infrastructure used to facilitate sex trafficking. Nothing comparable is pleaded here as to the

7

Ibanera Defendants. The Complaint alleges that they sent Plaintiff on a business trip and that Snorrason later assaulted her abroad. That is not enough.

**C.      Count III fails because the Complaint does not plausibly allege a conspiracy by Parr to violate § 1591.**

Count III is asserted only against Parr and Snorrason. Even as to Parr alone, the claim fails. A conspiracy claim under § 1594(c) requires factual allegations supporting an agreement to violate § 1591. Plaintiff still offers none. She does not plead when the agreement was formed, what its terms were, how it was communicated, or what facts permit a plausible inference that Parr and Snorrason shared an unlawful objective to cause Plaintiff to engage in a commercial sex act.

Instead, Plaintiff strings together the same facts already discussed: the phone introduction, the travel arrangements, the fact that Parr knew Plaintiff was being sent to meet Snorrason, and the later text messages urging her to return to the hotel. Those allegations are equally consistent with lawful business coordination and with Parr's mistaken understanding—based on what Snorrason told him—that Plaintiff had travel confusion and needed to return until her flight was ready. Under Twombly, allegations that are just as consistent with independent, lawful conduct do not plausibly allege conspiracy. 550 U.S. at 554–57.

Plaintiff's effort to elevate Parr's alleged comment into proof of conspiracy also fails. The comment is offensive, but it is not an agreement to traffic a woman for commercial sex acts. Without factual allegations showing a meeting of the minds to violate § 1591, Count III must be dismissed.

**III.     THE NEGLIGENCE COUNTS FAIL BECAUSE PLAINTIFF STILL HAS NOT PLEADED DUTY, SPECIFIC FORESEEABILITY, OR PROXIMATE CAUSATION.**

Plaintiff's negligence response ultimately depends on a single proposition: that a conclusory reference to a prior accusation against Snorrason is enough to impose on Ibanera a duty to prevent a later alleged sexual assault by Snorrason in a foreign hotel room. Florida law does not support such an expansive theory.

**A. Count XI (general negligence) fails.**

To state a negligence claim under Florida law, Plaintiff must plausibly allege duty, breach, causation, and damages. McCain v. Fla. Power Corp., 593 So. 2d 500, 502–04 (Fla. 1992). In cases involving intentional criminal acts of third parties, duty and proximate cause require careful

attention to foreseeability. Florida law does not impose a general duty to protect against extraordinary and unforeseeable criminal acts by third parties. Stevens v. Jefferson, 436 So. 2d 33, 35 (Fla. 1983); Adika v. Beekman Towers, Inc., 633 So. 2d 1170, 1172 (Fla. 3d DCA 1994).

Plaintiff's response says the negligence here was not the failure to stop the assaults in real time, but the failure to send a chaperone, warn her, impose check-in procedures, or decline to send her at all. That reframing does not solve the problem. Plaintiff still must plead facts showing that the later criminal assault was reasonably foreseeable to the Ibanera Defendants. She has not done so. The Amended Complaint contains no concrete facts about any prior substantially similar incident known to Ibanera, no pleaded warning history with dates or recipients, and no factual basis showing that the Ibanera Defendants knew Snorrason would allegedly drug and rape Plaintiff in Singapore.

Nor does Florida law impose an open-ended duty on an employer to furnish chaperones, travel monitors, or special security protocols every time an employee or contractor travels for business. Plaintiff cites no Florida authority recognizing such a duty in the circumstances pleaded here. Without a recognized duty grounded in pleaded facts showing a foreseeable zone of risk, Count XI fails.

## B. Count XII (negligent retention) fails.

Negligent retention requires well-pleaded facts showing that the employer knew or should have known of the employee's dangerous propensities and nevertheless retained him, with the later injury being a foreseeable result of that retention. Plaintiff's response still does not supply those facts. Again, she relies on the alleged Japman accusation, but she offers no pleaded particulars about it.

Plaintiff's claim is not plausibly made out by a bare conclusion that some prior complaint existed. Plaintiff must allege facts showing what was reported, who received it, and why it made the later misconduct foreseeable. Her response admits she does not know those facts and asks the Court to let her discover them later. But a plaintiff cannot use discovery to search for the facts necessary to state a claim in the first place.

There is also a causation problem. Plaintiff alleges assaults occurring in Singapore after hours, in a hotel setting, involving alleged drugging and violence by Snorrason. The Complaint does not plausibly allege how any retention decision by Ibanera in Florida proximately caused

9

those alleged crimes. The criminal acts alleged are, on the pleadings, intervening intentional acts that break the chain of causation absent a pleading of specific facts making those acts foreseeable.

### C. Count XIII (negligent supervision) fails.

Plaintiff argues the supervision claim concerns the failure to adopt safeguards before the trip rather than failure to supervise Snorrason during the assaults. That is merely a repackaging of the same deficient theory. Negligent supervision presupposes a realistic ability to supervise and control the employee and facts showing that better supervision would likely have prevented the harm. Plaintiff still does not explain how Ibanera could have supervised Snorrason's alleged off-hours conduct in Singapore in a manner that makes proximate causation plausible. Nor does she identify any specific, recognized supervisory practice that Florida law required under the circumstances.

Her response that "business trips blur the line between on-duty and off-duty conduct" is too abstract to state a claim. The issue is not semantics; it is whether Florida law imposed on Ibanera a specific supervisory duty that plausibly would have prevented the alleged criminal conduct. Plaintiff cites no authority for that proposition and pleads no concrete facts that make it plausible.

### D. Count XIV (negligent failure to train) fails.

The failure-to-train count remains conclusory. Plaintiff now says Ibanera should have trained employees on recognizing and reporting sexual misconduct and on safe business-travel practices. But she still does not identify a cognizable legal duty under Florida law to provide that training in the circumstances alleged, what specific training should have been given, to whom, or how the absence of that training proximately caused the alleged assault. Broad references to better policies and more training are not enough.

Plaintiff is also incorrect that the overlap among Counts XI through XIV is irrelevant. Rule 8 permits alternative pleading, but it does not permit multiple negligence labels untethered to distinct facts, duties, and breaches. Here, the same alleged omission—the failure to prevent Snorrason's later criminal conduct—is repackaged as negligence, retention, supervision, and training without materially distinct factual support. At minimum, the counts are inadequately pleaded; more fundamentally, they fail because the Complaint does not plausibly allege duty, foreseeability, or proximate causation.

**IV.    COUNT XVIII FAILS, AND PLAINTIFF'S DISCUSSION OF
         COUNT XVII DOES NOT SAVE IT.**

Plaintiff's response repeatedly refers to "Count 17" as the emotional-distress claim challenged by the Ibanera Defendants. That is incorrect. Count XVII is asserted only against Snorrason. The claim asserted against Parr and Carbonara is Count XVIII for negligent infliction of emotional distress

Count XVIII rises or falls with the same duty, foreseeability, and causation problems as the other negligence counts. Plaintiff cannot maintain a negligent-infliction claim against Parr and Carbonara without first pleading an underlying duty and a plausible negligent breach by them. She has not done so. The claim instead seeks to hold them liable for emotional injuries caused by Snorrason's alleged criminal acts in Singapore. Because the Complaint does not plausibly allege that Parr or Carbonara owed and breached a cognizable duty to protect Plaintiff from that conduct, Count XVIII fails.

Plaintiff's reliance on Florida's impact rule does not cure that defect. Even assuming the alleged physical assault would satisfy the impact rule in an otherwise viable negligence case, the impact rule does not create duty where none exists and does not eliminate the need to plead foreseeability and proximate causation. Willis v. Gami Golden Glades, LLC, 967 So. 2d 846, 850 (Fla. 2007), therefore does not save Count XVIII. The threshold problem remains the same: the Complaint does not plausibly allege negligence by Parr or Carbonara that makes Snorrason's alleged criminal conduct a legally foreseeable consequence.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Motion, the Ibanera Defendants respectfully request that the Court dismiss this action against them on forum non conveniens grounds. Alternatively, the Court should dismiss Counts I, II, III, XI, XII, XIII, XIV, and XVIII of the Amended Complaint for failure to state a claim.

#66585208 v1

Respectfully submitted,

**Defendants Ibanera LLC, David Parr,
and Michael Carbonara**

By Counsel:

/s/ Scott J. Topolski
Scott J. Topolski, Esq.
Florida Bar No. 0006394
GRAYROBINSON, P.A.
2255 Glades Road, Suite 301E
Boca Raton, Florida 33431
T: (561) 368-3803
F: (561) 368-4008
Email: Scott.Toposli@gray-robinson.com
/s/ Evan R. Smith
Evan R. Smith, Esq.
*Admitted Pro Hac Vice*
Cogent Law Group, LLP
2001 L St. NW, Suite 500
Washington, D.C. 20036
Phone: (202) 644-8880
Fax: (202) 644-8880
Email: esmith@cogentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished electronically to all counsel of record on March 24, 2026.

*/s/ Scott J. Topolski*

12

#66585208 v1