**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE,

Plaintiff,

v.                                                             CASE NO.: 1:25-cv-24118-DSL

IBANERA LLC,

MICHAEL CARBONARA,

DAVID PARR, et al.,

Defendants.

_____/


**DEFENDANT IBANERA LLC'S REPLY TO PLAINTIFF'S OPPOSITION TO**

**MOTION FOR PARTIAL SUMMARY JUDGMENT**


Defendant Ibanera LLC ("Ibanera") submits this reply in response to Plaintiff's opposition brief and in support of its Motion for Partial Summary Judgment on the issue of employee numerosity.

**Introduction**

With its Motion, Ibanera submitted payroll registers and quarterly employer's tax reporting for 2023-2024 showing that the company's W-2 employee headcount remained below the statutory threshold throughout these two years. These documents were supported by declarations from Ibanera executives. As Ibanera has asserted at each stage of this dispute, Ibanera had only one employee in 2023 and 2024 (See Mot. Ex. A - Declaration of Michael Carbonara with attached payroll and tax records, ¶¶4-8).

In response, Plaintiff has submitted a series of Exhibits in an effort to suggest that Ibanera is being untruthful and has many employees. However, upon examination, these Exhibits do not

1

provide any meaningful or persuasive evidence that contradicts Ibanera's repeated assertions, supported by sworn declarations that it operates an international business with most of its staff located in other countries, and that it operates its business primarily using independent contractors.

Plaintiff fails to recognize that independent contractors, offshore developers, consultants, vendors, or foreign employees do not count as employees under Title VII and FCRA. Title VII covers U.S. employees, not independent contractors, and the payroll method counts individuals with whom the employer maintains an employment relationship. Walters, 519 U.S. at 206–12. Individuals paid via Form 1099, through invoices, or through foreign vendor arrangements are not employees. Doing work for a company is not the same as being an employee. Particularly in today's gig economy, many services are legitimately obtained from contractors who operate a business of providing such services to multiple clients.

**Plaintiff's "Evidence"**

Exhibit 1 to Plaintiff's Opposition Brief is an email address list that Plaintiff incorrectly claims is an "Ibanera Staff Directory". As explained by the declaration of Angie Brian submitted herewith, Exhibit 1 is an untitled list of Ibanera.com email addresses and does not represent an "Ibanera LLC Staff Directory" as claimed by the Plaintiff. Inclusion on this list does not imply that the person listed is a staff member, employee or officer of Ibanera LLC. In fact only one of the people listed are employees. (Brian Dec. ¶8)

Ibanera owns the web domain Ibanera.com and operates an email server on that domain to serve its own business purposes. Ibanera frequently provides Ibanera.com email accounts for people who are not employees of Ibanera LLC. Categories of persons listed on Exhibit 1 who are not part of Ibanera LLC but were provided with an Ibanera email account include, for example:

• Salespeople who independently contract with Ibanera, determine their own schedules and strategies without supervision or control by Ibanera, and are paid commissions if they sell Ibanera services.

• Salespeople who are part of an outside Independent Sales Organization (ISO) that has an agreement with Ibanera to sell Ibanera services and receives commissions based on those sales; these ISOs do not have common ownership or management with Ibanera, and supervise,

2

direct and pay their own employees and contractors. Ibanera has no financial or management relationship with the ISO's sales force.

- Officers of Ibanera, and beneficiaries of Ibanera's parent entities, who are not on the company's payroll and do not receive any salary or other payments from Ibanera.

- Personnel of other companies that do business with Ibanera, although these personnel are not employed by or related to Ibanera.

- Consultants, Advisors, and professional analysts who perform part-time services for Ibanera on a flexible schedule as independent contractors and may engage in similar work for other companies.

See Brian Dec. ¶9.

Ms. Brian reviewed Exhibit 1 and identified 27 persons in Exhibit 1 listed as based in the United States. Japman Kharabanda appears on the list and was an employee of Ibanera LLC. The other 26 were not employees. When she reviewed the company's records as to each listed person, she systematically confirmed the following:

1. Of the other 26 U.S. listings. eight (Alex Jesus Mesa, who is listed twice as Alex Mesa and Jesus Mesa, Belkys Garcia, James Cecil, Jay Torres, Jorge Fraga, Pedro Cavallari, and Samuel Teitelbaum) were at all relevant times individual employees or contractors to an external Independent Sales Organization (ISO) that contracted with Ibanera to sell Ibanera services. Ibanera did not supervise or make any payments to these persons, they were managed and paid by the ISO they worked for. The ISOs were separate companies that had no common ownership or management with Ibanera.

2. Another six of the listed persons (Glenn Murphy, Teresa Anaya, Belinda Rivera, Grant Fields, Joe Carbonara, and Namitha Chandrashekrappa Kavi), are the representatives of companies that acted as independent contractors to Ibanera, providing in each case occasional tech support services or compliance advice. Ibanera did not supervise or control the specific work of these contractor companies, or make any payments to individuals, and these contractors were each part of a separate company that had no common ownership or management with Ibanera.

3. Two of the listed persons (James Babb and Victoria Rios) were independent contractors to Ibanera, having agreed to sell its services on a commission basis. Their sales activities were not directed or controlled by Ibanera.

4. Two of the listed persons (Ana Gamez and Frances Tort) performed occasional real estate management services in Texas and Michigan as independent contractors.

5. Another two of the listed persons (Jennifer Tregre and Shawn Musil) provided occasional part time services as independent contractors to support onboarding of new Ibanera clients.

6. Two persons on the list are incorrectly listed as U.S. residents. Beatriz Helena Herrera is a Colombia citizen who has performed some services for Ibanera SaS, a company registered in Colombia, as an independent contractor. Zara Sellick was a part time intern who is a Mexican national and lives in Thailand. She was also not a U.S. employee of Ibanera.

7. Rita Whaley is a corporate communications consultant who Ibanera contracts with to provide professional advice on press releases and other communications, as needed. These services are obtained as needed on an occasional and irregular basis and she is not paid or managed as an employee.

8. Angie Brian provides contract human resources services to Ibanera.

9. Jondalar Diepeveen provided contract services to Ibanera as a part time engineer and fractional COO during the relevant time period.

10. Neither Michael Carbonara nor David Parr were employed by Ibanera, paid by Ibanera, or on its payroll in any regard.

11. Bjorn Snorrason appears on the list as "owner", but he was an owner of Ibanera Pvt. in Singapore. He was given an Ibanera LLC email but he has never been an employee or owner of Ibanera LLC.

12. Daniel Baron was, at the time of Plaintiff's trip to Singapore, an independent contractor to Ibanera based in Dubai, and has never been an employee of Ibanera LLC.

Brian Dec. 12-25. In her declaration, Ms. Brian accounts for all U.S. based persons on the list and explains why they are independent contractors and not employees. Plaintiff's presentation of an email list that is demonstrably NOT an employee list does not contradict or disprove the evidence submitted by the Defendant, including actual employee tax records.

4

Exhibit 2 is a declaration of Jane Doe which primarily demonstrates that despite claiming to have deep experience and knowledge of Ibanera LLC, she cannot distinguish between Ibanera LLC, a company that Bjorn Snorrason does not own or manage, and Ibanera Pvt. Ltd., the separate Singapore company that he does own and manage.

Exhibit 3 is an email requesting reimbursement of expenses that directly contradict's Doe's claim to be an employee. She asks that the funds be wired to her company, which is consistent with Ibanera's repeated statements that Doe was paid as a contractor, at her own request, through an overseas consulting company that she operates.

Exhibit 4 is a group chat record used to make general announcements to persons related in various ways to the company, and does not in any way prove that anyone in the chat is an employee.

Exhibits A through I to Plaintiff's Response are LinkedIn profiles of various people associated with Ibanera. Most of these profiles either do not support Doe's assertions about them, or directly contradict Doe's suggestion that these people are U.S. employees, by indicating that they are based in other countries or otherwise not employed in the U.S. by Ibanera LLC.

**Plaintiff Cannot Even Provide Evidence of Her Own Alleged Employment**

Plaintiff's professed certainty that Ibanera LLC had more than 15 employees is particularly suspect in view of her inability to provide evidence of even her own alleged employment by Ibanera LLC.

In the Declarations of Michael Carbonara (Mot. Ex. A - ¶15).and David Parr (Mot. Ex. B - ¶11), each of these Defendants who are active in management of Ibanera LLC confirmed that the Plaintiff "has never been an employee of Ibanera. Ibanera contracted with a Costa Rica company formed by Plaintiff to obtain sales consulting and support services, and the Plaintiff's consulting services were provided to Ibanera by that company. Ibanera did not perform any of the steps required under U.S. law to onboard Plaintiff as an employee, such as completing Form I-9, getting Plaintiff's name and Social Security number, verifying the Social Security number, and obtaining form W-4 from Plaintiff. Further, Ibanera has never issued Plaintiff any pay, paychecks or

paystubs. Ibanera has never withheld or paid any taxes relating to Plaintiff, nor has Ibanera prepared and issued form W-2 to Plaintiff."

Plaintiff fails to address these assertions. If she was ever an Ibanera employee as she claims, the Court might reasonably expect her to possess and present at least one document consistent with status as an employee. However, Ibanera's evidence stands unchallenged and unopposed—Plaintiff cannot even provide one document, such as her form W-4, a paycheck or paystub, tax withholding records, or a W-2.

Defendant has responded to all of Plaintiff's assertions by demonstrating that the identified persons were not U.S. employees of Ibanera LLC. Even if everyone who Plaintiff specifically alleges was an Ibanera employee was an employee, the total number of employees would not reach 15.

**Conclusion**

In view of the evidence presented, Defendant asks the Court to find that Plaintiff's claims of Title VII/FCRA applicability fail, and dismiss the relevant Counts in the case.

Respectfully submitted,

**Defendant Ibanera LLC**

By Counsel:

/s/ Scott J. Topolski
Scott J. Topolski, Esq.
Florida Bar No. 0006394
COLE SCHOTZ P.C.
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
T: (561) 609-3856
F: (561) 423-0392
Email: stopolski@coleschotz.com

/s/ Evan R. Smith
Evan R. Smith, Esq.
*Admitted Pro Hac Vice*
Cogent Law Group, LLP
2001 L St. NW, Suite 500
Washington, D.C. 20036
Phone: (202) 644-8880
Fax: (202) 644-8880
Email: esmith@cogentlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished electronically to all counsel of record on March 24, 2026.

*/s/ Scott J. Topolski*