UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-24118-LEIBOWITZ/AUGUSTIN-BIRCH

JANE DOE,
    *Plaintiff,*

v.

IBANERA, LLC, *et al.*,
    *Defendants.*
_____/

## ORDER ALLOWING LIMITED DISCOVERY

**THIS CAUSE** is before the Court upon the Motion for Partial Summary Judgment by Defendant Ibanera, LLC ("Ibanera") [ECF No. 58] (the "Motion"), filed on March 3, 2026.  In the Motion, Ibanera attests it did not meet the statutory definition of an employer under Title VII during the relevant time period, thereby entitling it to summary judgment on Plaintiff's Title VII claims—Counts V, VI, and VII of the First Amended Complaint  ("FAC"), ECF No. 36.  [ECF No. 58 (citing Declaration of Michael Carbonara, *id.* at ¶ 4 ("For all of 2023 and 2024, Ibanera had only one employee in the United States.  Ibanera has never had 15 or more employees.")].

"The term 'employer' [in Title VII] means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]"  42 U.S.C. § 2000e(b) (defining "employer" as an individual or firm "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person"); *Virgo v. Riviera Becah Assocs., Ltd.*, 30 F.3d 1350, 1359 (11th Cir. 1994).  "Simply put, Title VII is only applicable to individuals employed by an employer with fifteen or more employees." *Mousa v. Lauda Air Luftfahrt, A.G.*, 258 F. Supp. 2d 1329, 1334 (S.D. Fla. Mar. 31, 2003) (Moreno, J.) (cleaned up); *see also Copley v. Bax Glob., Inc.*, 80 F. Supp. 2d 1342, 1345 (S.D. Fla. Jan. 26, 2000) (Highsmith, J.) ("Because Title VII applies only to

employers with 15 or more employees, § 1981 provides the only refuge under federal law from race-based employment discrimination by those who hire fewer than 15 employees.") (quoting *Fadeyi v. Planned Parenthood Ass'n of Lubbock*, 160 F.3d 1048, 1049 (5th Cir. 1998)).  "A defendant is entitled to summary judgment in its favor if the plaintiff fails to produce sufficient evidence to show that the defendant had fifteen or more employees during the relevant time period."  *Mousa v. Lauda Air Luftfahrt, A.G.,* 258 F. Supp. 2d 1329, 1338 (S.D. Fla. 2003) (citing *Stinnett v. Iron Works Gym/Executive Health Spa, Inc.*, 301 F.3d 610 (7th Cir. 2002)).

In her opposition to Ibanera's Motion, Plaintiff attached unauthenticated print-outs from LinkedIn and other such sites, purporting to show nine (9) individuals employed full-time by Ibanera during certain time periods, as follows: (1) Grant Fields (Mar. 2022-Sept. 2025); (2) Jondalar Diepeveen (Jan. 2021-present); (3) Japman Kharbanda (May 2020-Apr. 2025); (4) Michael Carbonara (Aug. 2020-Sept. 2025); (5) Bjorn Snorrason (Jun. 2019-present); (6) Daniel Baron (Jul. 2023-Feb. 2024); (7) Lee Tuck Hong (Jul. 2024-Feb. 2025); (8) Angie Brian (no dates); (9) Gabriela Coelho (Sept. 2024-Nov. 2025).  [ECF No. 69-1–69-9].  Plaintiff further cites Ibanera's "WhatsApp chat with over 100 individuals" as support for her contention that Ibanera meets the statutory requirements for an employer under Title VII.  [*See* printout, ECF No. 68-4].  These showings are not sufficient to withstand summary judgment for two reasons.

First, "[u]nsworn, unauthenticated documents cannot be considered on a motion for summary judgment.  To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)--that the documents be admissible in evidence."  *Lorraine v. Markel Am. Ins. Co.,* 241 F.R.D. 534, 536 (D. Md. 2007) (citing *Miskin v. Baxter Healthcare Corp. et al.,* 107 F. Supp. 2d 669 (D. Md. 1999) (citing *Orsi v. Kirkwood,* 999 F.2d 86, 92 (4th Cir. 1993)).  Plaintiff has not supplied the Court with any affidavit attesting to the authenticity of the printouts sufficient to establish Ibanera employed fifteen (15) people during the

relevant time period.  The only declaration submitted by Plaintiff attests that during her employment, "Ibanera never had one employee."  [Doe Decl., ECF No. 68-2 ¶ 15].  That testimony does not establish that Ibanera met the statutory definition of an employer under Title VII.

Second, even if the Court were to consider the unauthenticated, unsworn exhibits, they also do not show Ibanera employed fifteen (15) individuals during the relevant time period.  At best, the printouts coupled with Plaintiff's declaration establish (1) Ibanera employed as many as nine (9) people (including Plaintiff) full-time in September of 2024; and (2) Ibanera maintained a company group chat on WhatsApp.  These showings do not rebut Ibanera's sworn declaration that Ibanera did not employ fifteen or more employees for Title VII purposes.

On March 9, 2026, the Court stayed all discovery in this action, pending the Court's resolution of Defendants' motions to dismiss which raised jurisdictional questions.  [ECF No. 63].  After due consideration, the Court is not inclined to rule on Ibanera's Motion without affording Plaintiff a short opportunity to obtain discovery on the question of whether Ibanera employed fifteen or more persons for purposes of Title VII coverage, as alleged in Counts V-VII of the FAC.  Accordingly, the Court will allow discovery into Ibanera's status as a Title VII employer (or not) during the relevant time period so as to permit Plaintiff to amend her response in opposition to summary judgment within thirty (30) days of the date of this Order.

Additionally, Ibanera raises in its Motion the issue of Plaintiff's having abandoned her Title VII claims before the EEOC after Ibanera asserted lack of jurisdiction due to its not employing 15 people.  [ECF No. 58 at 3].  Plaintiff, however, alleges in the FAC that she exhausted her Title VII claims against Ibanera prior to filing this lawsuit.  [*See* ECF No. 36 ¶¶ 19–24].  That conflict in the record must be resolved.

Before filing suit under Title VII, a plaintiff must exhaust his or her administrative remedies. *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996).  This requires two

steps: (1) the plaintiff must file a formal charge of discrimination with the EEOC, and (2) the plaintiff must receive a statutory right-to-sue letter. *See id.* (citing *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 1105 (1983) and 42 U.S.C. § 2000e-5(f)(1)); *see also Green v. Elixir Indus., Inc.,* 152 F. App'x 838, 840 (11th Cir. 2005) (per curiam) ("Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.") (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970)).   The purpose of this requirement is to give the EEOC "'the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279 (11th Cir. 2004) (quoting *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 929 (11th Cir. 1983)).

In a "deferral state" — that is, a state with its own agency authorized to address employment discrimination — a plaintiff must file a charge within 300 days of the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1).   Florida is a deferral state because the Florida Commission on Human Relations has authority to investigate and remedy employment discrimination. *See* Fla. Stat. §§ 760.01–760.11; *see also E.E.O.C. v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1271 (11th Cir. 2002) ("For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act.") (citing 42 U.S.C. § 2000e–5(e)(1)); *Fuller v. Edward B. Stimpson Co.,* 971 F. Supp. 2d 1146, 1162 (S.D. Fla. 2013), *on reconsideration in part* (Dec. 23, 2013), *aff'd sub nom. Fuller v. Edwin B. Stimpson Co. Inc.,* 598 F. App'x 652 (11th Cir. 2015) (explaining that a party seeking to pursue a Title VII claim in Florida must timely file a charge with the EEOC no later than 300 days after the last act of discrimination; otherwise, "the claim is barred.").

Thus, the Court will require Plaintiff to establish by affidavit that she exhausted her administrative remedies as to each Title VII claim asserted in this action in order for those claims to survive summary judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff is authorized to engage in limited discovery against Ibanera, LLC, for thirty (30) days from the date of this Order by pursuing discovery on Ibanera, LLC's status as a Title VII employer during the relevant time period.  If Plaintiff fails to amend her opposition memorandum [ECF No. 69] to cite competent summary judgment evidence **by April 27, 2026,** summary judgment will be granted to Ibanera on Counts V, VI, and VII of the FAC, *without further notice.*

2. Plaintiff must also file a sworn affidavit, attesting to all steps taken to exhaust her administrative remedies on Counts V, VI, and VII of the FAC prior to filing this lawsuit **no later than April 14, 2026,** after which Ibanera, LLC, will have fourteen (14) days to respond.

**DONE AND ORDERED** in the Southern District of Florida on March 26, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record