UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-DSL

JANE DOE,

Plaintiff,

v.

IBANERA LLC, *et al.*,

Defendants.

_____/

DEFENDANT IBANERA LLC'S RESPONSE TO PLAINTIFF'S

FIRST REQUESTS FOR ADMISSIONS

Defendant Ibanera LLC ("Ibanera"), pursuant to Federal Rule of Civil Procedure 36 and the Court's March 26, 2026 Order Allowing Limited Discovery, hereby responds to Plaintiff Jane Doe's First Request for Admissions as follows.

**Responses**

1. **Admit that during the Relevant Time Period, at least one individual other than Japman Kharabanda performed work for Defendant in any capacity.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between individuals working in the United States and foreign-based workers, who do not qualify as employees for

1

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Title VII purposes. Thus, Ibanera's admission or denial has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any

requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that the term encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and in any case Ibanera's response as to "Defendant" will have no probative value.

Subject to and without waiving the foregoing objections, Ibanera admits that an individual other than Japman Kharabanda performed work for at least one entity within Plaintiff's definition of Defendant, during the relevant time period.

3

Docusign Envelope ID: 6A7AE1EF-6348-88EF-80F8-52FBF7316FB3

2. **Admit that during the Relevant Time Period, Defendant paid any individual other than Japman Kharabanda for work performed, whether classified as wages, contract payments, or otherwise.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between individuals working in the United States and foreign-based workers, who do not qualify as employees for Title VII purposes. Thus, Ibanera's admission or denial has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of

4

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that the term encompasses hundreds and perhaps

5

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

thousands of companies and individuals, the Request is indefinite and, in any case, any response as to "Defendant" will have no probative value.

Subject to and without waiving the foregoing objections, Ibanera admits that an entity within Plaintiff's definition of Defendant paid individuals other than Japman Kharabanda for work during the relevant time period.

**3.      Admit that during the Relevant Time Period, Defendant issued IRS Form 1099 to at least one individual.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request asks Defendant to admit that it did business with at least one independent contractor, information which has no probative value in the context of the limited discovery authorized by the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors,

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Subject to and without waiving the foregoing objections, Defendant admits that at least one entity within the definition of Defendant issued Form 1099 to an individual.

**4.      Admit that during the Relevant Time Period, Defendant used the services of at least one individual whom it classified as an independent contractor.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between independent contractors working in the United States and foreign-based workers, who do not qualify as employees for Title VII purposes. Further, the requested admission relates only to a single independent contractor, information which also does not demonstrate Title VII numerosity.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge,

Docusign Envelope ID: 6A7AE1EF-6348-88EF-80F8-52FBF7316FB3

making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Subject to and without waiving the foregoing objections, Ibanera admits that at least one entity included in Plaintiff's definition of Defendant received services from at least one independent contractor during the relevant time period.

**5.     Admit that during the Relevant Time Period, Defendant directed or controlled the work schedule of at least one individual whom it classified as an independent contractor.**

10

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between independent contractors working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single independent contractor, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because the phrase "directed or controlled the work schedule" of a contractor does not have a clear meaning and Ibanera therefore cannot definitively admit or deny the Request. Independent contractors providing services to a company are likely, at some point, to be asked to join a scheduled call or zoom meeting or otherwise engage with the company, which could be considered directing the contractor's work schedule.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

11

Docusign Envelope ID: 6A7AE1FF-6348-88FF-80F8-52FBF7316FB3

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors,

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

"Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Subject to and without waiving the foregoing objections, Ibanera is unable to either admit or deny whether an entity included in Plaintiff's definition of Defendant directed or controlled the work schedule of an independent contractor during the relevant time period, due to the confusing definition of Defendant and further being unable to determine from the request what level of input by a Defendant party constitutes having "directed or controlled the work schedule" of a contractor.

6.      **Admit that during the Relevant Time Period, Defendant directed or controlled the manner or means by which at least one individual whom it classified as an independent contractor performed services.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between independent

13

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

contractors working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single independent contractor, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because the phrase "directed or controlled the manner or means" by which a contractor performed services does not have a clear meaning and Ibanera therefore cannot definitively admit or deny the Request. Independent contractors providing services to a company are likely, at some point, to be asked to do something in a certain way, but how much direction is required to justify an affirmative answer to Plaintiff's request is impossible for Ibanera to determine.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed

categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP

15

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Subject to and without waiving the foregoing objections, Ibanera is unable to either admit or deny whether any entity included in Plaintiff's definition of Defendant directed or controlled the manner or means by which an independent contractor provided a service during the relevant time period, due to the confusingly broad definition of Defendant, and Ibanera's inability to determine from the request what level of input by a Defendant party constitutes having "directed or controlled the manner or means" of a contractor providing a service.

**7.      Admit that during the Relevant Time Period, at least one individual whom Defendant classified as an independent contractor performed services exclusively or primarily for Defendant.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between independent contractors working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single independent contractor, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial,

16

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because the phrase "directed or controlled the manner or means" by which a contractor performed services does not have a clear meaning and Ibanera therefore cannot definitively admit or deny the Request. Independent contractors providing services to a company are likely, at some point, to be asked to do something in a certain way, but how much direction is required to justify an affirmative answer to Plaintiff's request is impossible for Ibanera to determine.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

17

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

18

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Without waiving the foregoing objections, Ibanera admits that at least one entity falling within Plaintiff's definition of Defendant had an independent contractor who performed services either exclusively or primarily for Defendant.

**8.      Admit that during the Relevant Time Period, at least one individual whom Defendant classified as an independent contractor used tools, equipment, materials, or facilities owned or provided by Defendant.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between independent contractors working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single independent contractor, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

19

Docusign Envelope ID: 6A7AE1FF-6348-88FF-80F8-52FBF7316FB3

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus,

the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge of the actions of other organizations sufficient to admit or deny the Request but believes it is likely that at least one entity falling within Plaintiff's definition of Defendant provided tools, equipment, materials, or facilities for use by an independent contractor.

**9.      Admit that during the Relevant Time Period, Defendant used the services of at least one individual sourced through a staffing agency, temporary employment agency, professional employer organization, or other third-party labor provider.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single individual, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the

21

Docusign Envelope ID: 6A7AE1EE-6348-88FF-80F8-52FBE7316FB3

Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business

enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge of the actions of other organizations sufficient to admit or deny the Request but believes that although Ibanera did not use the services of at least one individual sourced through a staffing agency, temporary employment agency, professional employer organization, or other third-party labor provider during the relevant time period, it is likely that at least one entity falling within Plaintiff's definition of Defendant did so.

**10.     Admit that during the Relevant Time Period, Defendant exercised day-to-day supervision over at least one individual sourced through a staffing agency, temporary employment agency, or other third-party labor provider.**

23

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBEF7316FB3

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Further, the requested admission relates only to a single individual, information which also does not demonstrate Title VII numerosity. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

24

Docusign Envelope ID: 6A7AE1FF-6348-88FF-80F8-52FBF7316FB3

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge of the actions of other organizations sufficient to admit or deny the Request but believes it is possible that at least

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

one entity falling within Plaintiff's definition of Defendant exercised day-to-day supervision over at least one individual sourced through a staffing agency, temporary employment agency, or other third-party labor provider.

**11.     Admit that during the Relevant Time Period, Defendant had the authority to approve or reject any individual placed by a staffing agency, temporary employment agency, or other third-party labor provider.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Thus, Ibanera's admission or denial, encompassing its worldwide operations, would have no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions,

26

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and

perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge relating to the operational practices of any staffing agency, temporary employment agency, or other third-party labor provider during the relevant time period sufficient to either admit or deny the request. However, Ibanera deems it likely that entities falling within Plaintiff's definition of Defendant would have had the right to approve or reject personnel provided to them by third parties.

**12.     Admit that during the Relevant Time Period, Defendant had the authority to terminate the placement of any individual sourced through a staffing agency, temporary employment agency, or other third-party labor provider.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request expresses no distinction between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Thus, Ibanera's admission or denial, encompassing its worldwide operations, would have no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers,

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the

29

Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks sufficient knowledge of contract provisions applying to placements by a staffing agency, temporary employment agency, or other third-party labor provider during the relevant time period to enable Ibanera to admit or deny the request. However, Ibanera deems it likely that entities falling within Plaintiff's definition of Defendant would have had the right to terminate personnel provided to them by third parties.

**13.     Admit that during the Relevant Time Period, Defendant is or was affiliated with, related to, or under common ownership or control with at least one other entity.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

30

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus,

31

Docusign Envelope ID: 6A7AE1EE-6348-88FF-80F8-52FBE7316FB3

the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera admits that an entity falling within Plaintiff's definition of Defendant is under common ownership or control with another entity.

**14.    Admit that during the Relevant Time Period, Defendant shared payroll processing functions with at least one Affiliate or related entity.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly

32

defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case,

33

Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera has no specific knowledge of an entity falling within Plaintiff's definition of Defendant sharing its payroll processing functions with another entity, and is therefore unable to admit or deny the same.

**15.      Admit that during the Relevant Time Period, Defendant shared human resources functions with at least one Affiliate or related entity.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

34

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it lacks any specific knowledge regarding an entity falling within Plaintiff's definition of Defendant sharing its

Human Resources functions with another entity, and is therefore unable to admit or deny the same.

**16.     Admit that during the Relevant Time Period, Defendant shared employee benefits administration with at least one Affiliate or related entity.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of

36

Docusign Envelope ID: 6A7AE1FF-6348-88FF-80F8-52FBF7316FB3

Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it lacks any specific knowledge regarding an entity falling within Plaintiff's definition of Defendant sharing its employee benefits functions with another entity and is therefore unable to admit or deny the same.

37

Docusign Envelope ID: 6A7AE1EE-6348-88FF-80F8-52FBE7316FB2

**17.     Admit that during the Relevant Time Period, Defendant shared office space, facilities, or other physical infrastructure with at least one Affiliate or related entity.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform

38

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it lacks knowledge of any entity falling within Plaintiff's definition of Defendant sharing office space, facilities, or other physical infrastructure with an affiliate and is therefore unable to admit or deny the same.

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

**18.      Admit that Defendant has never conducted a formal analysis, either independently or through counsel, to determine whether workers classified as independent contractors should be treated as employees for purposes of Title VII.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Ibanera further objects to the request on the basis that it calls for disclosure of attorney litigation work product, litigation strategy, and litigation analysis that is subject to privilege. Ibanera declines to respond to the request on that basis.

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

19.     **Admit that the decision to classify certain Workers as independent contractors rather than employees was made, at least in part, to reduce Defendant's obligations under federal or state employment laws.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have

42

Docusign Envelope ID: 6A7AE1EE-6348-88FF-80F8-52FBF7316FB3

authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it lacks any specific knowledge of an entity falling within Plaintiff's definition of Defendant classifying certain Workers as independent contractors rather than employee, at least in part, to reduce the entity's obligations under federal or state employment laws and is therefore unable to admit or deny the same.

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

**20.** **Admit that during at least 20 calendar weeks during the Relevant Time Period, more than 15 individuals performed services for Defendant in any capacity, regardless of how those individuals were classified.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request does not distinguish between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has the potential to be misleading and would have no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does

44

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case,

Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it lacks sufficient knowledge to admit or deny the request. Although Ibanera did not itself have 15 individuals performing services for it in the United States during the relevant time period, it is possible that other entities falling within Plaintiff's definition of Defendant had more than 15 individuals performing services for the entity in any capacity during at least 20 calendar weeks during the Relevant Time Period. Therefore, Ibanera is therefore unable to admit or deny the request.

**21.     Admit that Defendant has not produced all records reflecting every payment made to any individual for services rendered during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request does not distinguish between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Thus, Ibanera's admission or denial, encompassing its worldwide operations, has the potential to be misleading and would have no probative value with regard to the Title VII issue before the Court.

Ibanera further objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers,

46

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the

47

Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera states that it has itself produced all payment records not subject to legitimate objections but admits that other entities falling within Plaintiff's definition of Defendant have not produced payment records as they are not parties to the case or subject to Plaintiff's discovery requests.

**22.     Admit that Defendant maintained workers' compensation insurance during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

48

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus,

49

the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, after a diligent search Ibanera is unable to document whether or not any entities falling within Plaintiff's definition of Defendant maintained workers compensation insurance during the relevant time period.

**23.      Admit that Defendant's workers' compensation insurance policy covered individuals other than Japman Kharabanda during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions,

50

Docusign Envelope ID: 6A7AE1EE-6348-88FF-80F8-52FBF7316FB3

or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and

perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge as to whether any entities falling within Plaintiff's definition of Defendant maintained a workers compensation insurance policy covering persons other than Japman Kharabanda during the relevant time period and is therefore unable to admit or deny the request.

24.     **Admit that Defendant filed IRS Form 941 for at least one quarter during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Without waiving the foregoing objections, Ibanera admits that to its knowledge at least one entity falling within Plaintiff's definition of Defendant filed IRS Form 941 during the relevant time period.

**25.     Admit that Defendant's IRS Form 941 filings for the Relevant Time Period reflect the existence of employees other than Japman Kharabanda.**

RESPONSE: Ibanera objects to this Request because Plaintiff's unduly broad definitions of the terms "Defendant," "Affiliate," "Persons" and "Agent," taken together, expand the scope of the Request to include within the definition of "Defendant" a wide range of legal and natural persons entirely outside Ibanera's control and knowledge, making the request indefinite and confusing. Specifically, Plaintiff first defines the term "Defendant" to mean "IBANERA LLC, its officers, directors, agents, employees, representatives, predecessors, successors, subsidiaries, affiliates, servants, divisions and all persons acting or purporting to act on its behalf."

Plaintiff then defines "Affiliate" (all "affiliates" are included in the definition of Defendant) as "any parent company, subsidiary, sister company, joint venture, related entity, or any entity sharing common ownership, management, officers, directors, payroll, HR functions, or operational infrastructure with Defendant." The listed categories of entities are not clearly defined (e.g. what is a "related entity") and the definition is vague and indefinite in that it does not specify what level of commonality of ownership, management, officers, directors, or infrastructure qualifies another entity as an Affiliate. Having one officer or director in common appears to make two otherwise unrelated businesses "affiliates" in Plaintiff's construct.

Plaintiff defines "Agent" (all agents of Ibanera are included in the definition of Defendant) as "any agent, employee, officer, director, attorney, *independent contractor* or *any*

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

*other person acting at the direction of* or on behalf of another." In Plaintiff's construct, agents of Ibanera thus include all independent contractors, without any requirement that they have authority to act on behalf of Ibanera. For example, if Ibanera contracts with ADP to perform payroll functions, by Plaintiff's definitions, ADP becomes an agent of Ibanera and is included within the definition of Defendant. Ibanera is apparently required to respond to these Requests based on the actions of almost anyone it has done business with, in addition to its own actions.

Further, Plaintiff defines "person" as "any natural person(s), individual, firm, association, partnership, proprietorship, corporation, company, organization, joint venture, other business enterprise, governmental or public entity or other business or legal entity, *including its officers, directors, members, agents and/or employees.*" In addition to all entities that Ibanera does business with as independent contractors, "Agents" that are defined as integral with the Defendant for purposes of these Requests include any legal "person" acting at Ibanera's direction, and all officers, directors, members, agents and/or employees of the legal person. Thus, the definition of Defendant also includes all of the officers, directors, members, agents, and/or employees of ADP and likely every other company that provides goods or services to Ibanera. Given that Plaintiff has defined Defendant such that Defendant encompasses hundreds and perhaps thousands of companies and individuals, the Request is indefinite and, in any case, Ibanera's response as to "Defendant" is irrelevant to determining how many employees Ibanera had in the relevant time period. Thus, Ibanera's response will have no probative value.

Without waiving the foregoing objections, Ibanera lacks knowledge as to any entities falling within Plaintiff's definition of Defendant that reported employees on Form 941 during the relevant time period in addition to Japman Kharabanda.

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

**26. Admit that the Staff Directory [ECF 68-1] produced by Plaintiff in connection with her Opposition to Defendant's Motion for Partial Summary Judgment is a true and accurate copy of a document maintained by Defendant at one point during the Relevant Time Period.**

RESPONSE: Ibanera objects to Request No. 26 insofar as the request is predicated on Plaintiff's unsupported claim that the document in question is a "Staff Directory", as (1) that title does not appear in the document and (2) Ibanera denies that the document constituted a staff directory. Subject to the foregoing objection, Ibanera admits that it produced the document in question at some point during the relevant time period and denies that any of the other entities included in Plaintiff's definition of Defendant produced the document.

**27. Admit that the Staff Directory [ECF 68-1] produced by Plaintiff in connection with her Opposition to Defendant's Motion for Partial Summary Judgment identifies at least 15 individuals who performed services for Defendant during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request does not distinguish between personnel working in the United States and foreign-based workers, who cannot be employees for Title VII purposes. Thus, any admission or denial by Ibanera of Plaintiff's request has the potential to be misleading because the request is not limited to U.S. personnel and would thus have no probative value with regard to the Title VII issue before the Court.

Docusign Envelope ID: 6A7AE1FF-6348-88FF-80F8-52FBF7316FB3

Ibanera further objects to this Request insofar as the request is predicated on Plaintiff's unsupported claim that the document in question is a "Staff Directory", as (1) that title does not appear in the document and (2) Ibanera denies that the document constituted a staff directory.

Subject to and without waiving the foregoing objections, Ibanera admits that the document lists 15 individuals who provided services to Ibanera. Ibanera denies, however, that the document lists 15 individuals who performed services for Ibanera in the United States who were either employees or properly classified as employees, rather than independent contractors.

**28.    Admit that the individuals identified in the Staff Directory [ECF 68-1] produced by Plaintiff in connection with her Opposition to Defendant's Motion for Partial Summary Judgment, were employed by Defendant during at least 20 calendar weeks in a single calendar year during the Relevant Time Period.**

RESPONSE: Ibanera objects to this Request for Admission because as framed by Plaintiff it is not relevant to the Title VII numerosity issue for which the Court authorized discovery. The Request does not distinguish between personnel working in the United States and foreign-based workers, who cannot be considered employees for Title VII purposes. Thus, any admission or denial by Ibanera of Plaintiff's request has the potential to be misleading and irrelevant to the issue before the Court.

Ibanera further objects to this Request insofar as the request is predicated on Plaintiff's unsupported claim that the document in question is a "Staff Directory", as (1) that title does

57

not appear in the document and (2) Ibanera denies that the document constituted a staff directory.

Subject to and without waiving the foregoing objections, Ibanera admits that Japman Kharabanda was employed by Ibanera during at least 20 calendar weeks in a single calendar year during the Relevant Time Period, and denies that the remaining persons listed were employed by Ibanera.

### Certification

I declare under penalty of perjury according to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 16, 2026

DocuSigned by:

Ingrid Rivera

4D9951961EAB469...

**IBANERA LLC**

By: Ingrid Rivera, Chief Operating Officer

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

Objections made by the undersigned Counsel for IBANERA LLC:


*/s/ Evan R. Smith*

_____

Evan R. Smith
*Admitted Pro Hac Vice*

Cogent Law Group LLP
2001 L St. NW Suite 500
Washington, D.C. 20036
esmith@cogentlaw.com
202-644-8880

Docusign Envelope ID: 6A7AE1EF-6348-88FF-80F8-52FBF7316FB3

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing is being served by email on the following:


Daniel J. Barroukh, Esq.
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com


Dated: April 16, 2026


*/s/ Evan R. Smith*

_____

Evan R. Smith, Esq.