Docusign Envelope ID: A83B6507-0FCD-8447-81BA-FC4229ECF3BF

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

        Plaintiff,

v.

IBANERA LLC, *et al.*,

        Defendants.

                     /

**DEFENDANT IBANERA LLC'S RESPONSE TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify every Worker who performed services for Defendant at any point during the Relevant Time Period, regardless of how Defendant classified that individual (e.g., employee, independent contractor, volunteer, intern, leased worker, or otherwise). For each person identified, state:

    (a) Their full name, last known address, and contact information;

    (b) The dates on which they first and last performed services for Defendant;

    (c) How Defendant classified the individual (e.g., full-time employee, part-time employee, independent contractor, etc.);

    (d) The basis for that classification;

    (e) Whether Defendant issued a W-2 or 1099 to that individual, and for which tax years;

    (f) The average number of hours per week the individual performed services for Defendant; and

    (g) Whether Defendant continues to use that individual's services.

1

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-FC4229ECE3BF

**ANSWER:**

Ibanera objects to Interrogatory No. 1 on the basis that the interrogatory is vague, indefinite, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera does not have and cannot obtain the information requested. Further, this request is not reasonably limited as to place and the parties involved, and is therefore overly broad, unduly burdensome, and not reasonably calculated to elicit evidence relevant to the Court in deciding the single issue for which the Court allowed preliminary discovery and agreed to consider a summary judgment motion.

In addition, Ibanera objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing detailed information relating to such personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees Ibanera had in the relevant time period.

Ibanera further objects to this interrogatory to the extent that it calls for information not in Ibanera's possession, custody, or control or which is already in the possession of the Plaintiff.

Subject to and without waiving any of the foregoing objections, Ibanera hereby provides the attached spreadsheet containing the requested information for workers of Ibanera and

2

Phoenix Connect LLC domiciled in the United States, to the extent that Ibanera and Phoenix Connect LLC has the requested information in its possession, custody or control.

**INTERROGATORY NO. 2:** For each calendar week during the Relevant Time Period, state the total number of individuals who were on Defendant's payroll — i.e., with whom Defendant maintained an employment relationship — regardless of whether those individuals actually performed work during that specific week.

**ANSWER:**

Ibanera objects to Interrogatory No. 1 on the basis that the interrogatory is vague, indefinite, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera does not have and cannot obtain the information requested.

In addition, Ibanera objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing detailed information relating to such personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees Ibanera had in the relevant time period.

Docusign Envelope ID: A83B6507-05CD-8447-81BA-FC4229ECF3BF

Ibanera also objects to this interrogatory insofar as its use of the terms "payroll" and "employment" are confusing as to whether the interrogatory seeks information on employees, independent contractors, or both.

Subject to and without waiving the foregoing objections, Ibanera provides herewith a graph showing the calendar weeks during the relevant time period when each U.S.-domiciled employee and each individual working as an independent contractor were contracted with and eligible for payment from either Ibanera or Phoenix Connect LLC.

**INTERROGATORY NO. 3:** During the Relevant Time Period, did Defendant use the services of any staffing agency, temporary employment agency, professional employer organization (PEO), leasing company, or any other third-party labor provider? If so, for each such arrangement:

    (a) Identify the third-party provider;

    (b) Identify each individual supplied or placed through that provider;

    (c) Describe the nature of the work performed by each such individual;

    (d) State the duration of each individual's placement or engagement;

    (e) Describe the degree of control Defendant exercised over each individual's work, schedule, and day-to-day activities; and

    (f) Identify all agreements governing the arrangement.

**ANSWER:**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 3 on the basis that the interrogatory is vague, unduly broad and burdensome, and outside the scope of limited discovery permitted by the Court. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera and whose operations and employment activities are not

4

relevant to the issue for which discovery was authorized. Ibanera will therefore respond as to its own activities and activities of its sister company, Phoenix Connect LLC ("Phoenix") who provided certain independent contractors to perform work for Ibanera during the relevant time period.

In addition, Ibanera objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing detailed information about such personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees Ibanera had in the relevant time period.

Subject to and without waiving the above objections, neither Ibanera nor Phoenix used the services of any staffing agency, temporary employment agency, professional employer organization (PEO), leasing company, or any other third-party labor provider to obtain services in the United States during the Relevant Time Period.

**INTERROGATORY NO. 4:** Identify every individual who performed services for Defendant during the Relevant Time Period who was classified as an independent contractor. For each such individual, describe in detail:

(a) The specific services they performed;

(b) Who directed and controlled the manner and means by which those services were performed;

(c) Whether the individual performed services exclusively or primarily for Defendant;

(d) Whether the individual used Defendant's tools, equipment, facilities, or materials;

(e) Whether the individual set their own hours or was required to work specific hours set by Defendant;

(f) Whether the individual had the ability to profit or sustain a loss based on their own business decisions;

(g) Whether the individual was engaged in an independently established trade or business; and

(h) The total compensation paid to each individual during the Relevant Time Period.

**ANSWER:**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 4 on the basis that the interrogatory is vague, unduly broad and burdensome, and outside the scope of limited discovery permitted by the Court. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Ibanera will therefore respond as to its own activities and activities of its sister company, Phoenix Connect LLC ("Phoenix") who provided certain independent contractors to perform work for Ibanera during the relevant time period.

In addition, Ibanera objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing detailed information about such personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees Ibanera had in the relevant time period.

Ibanera further objects to the interrogatory to the extent that it requests information that is known to the contractor in question and not within the knowledge of Ibanera. For example, as so some contractors, Ibanera may not have information about whether they performed services for other parties, whether they had the ability to profit or sustain a loss based on their own business decisions; or whether they were engaged in an independently established trade or business.

6

Subject to and without waiving the above objections, Ibanera responds as follows, only as to U.S. domiciled contractors who provided services to Ibanera and Phoenix Connect LLC as individuals:

(a) The specific services performed by contractors are indicated in the spreadsheet provided in response to Interrogatory No. 1.

(b) Independent contractors generally determined the manner and means by which they performed services for Ibanera, except to the extent they were required to keep a reporting contact informed, or attend particular coordination meetings, as indicated in contracts which have been produced to Plaintiff.

(c) Some independent contractor agreements contained boilerplate language requiring permission from the company to work for other parties. However, those requirements were not observed or enforced. Ibanera generally does not know whether individual contractors performed services exclusively or primarily for Ibanera; where known, that information is indicated in the spreadsheet provided in response to Interrogatory No. 1.

(d) All of the independent contractors listed in the spreadsheet provided in response to Interrogatory No. 1 determined their own work locations, and did not use any tools, equipment, facilities, or materials belonging to Ibanera or Phoenix Connect LLC in performing their contracting work.

(e) The independent contractors listed in the spreadsheet provided in response to Interrogatory No. 1 were generally permitted to determine their own schedule for performing the services they provided to Ibanera. Ibanera did not track or monitor work schedules of independent contractors to evaluate how many hours the contractor took to provide services.

(f) As noted, Ibanera did not monitor or control the outside activities of contractors or how the contractors delivered services to Ibanera. To the extent that Ibanera has direct knowledge of whether an individual contractor had the ability to profit or sustain a loss based on their own business decisions, that information is indicated in the spreadsheet provided in response to Interrogatory No. 1.

(g) Ibanera or Phoenix Connect LLC contracted with each individual listed in the spreadsheet provided in response to Interrogatory No. 1 to provide specific services, and in most cases is unable to determine whether each individual was providing similar services to others. To the extent Ibanera has this information about a particular contractor, it is provided in the spreadsheet.

(h) The total compensation paid to each individual contractor during the Relevant Time Period can be ascertained from the copies of Form 1099 already produced to the Plaintiff by Ibanera.

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-FC4229ECF3BF

**INTERROGATORY NO. 5:** Identify every Affiliate of Defendant that existed during the Relevant Time Period. For each Affiliate identified, state:

(a) The Affiliate's full legal name, state of incorporation or organization, and principal place of business;

(b) The nature of the relationship between Defendant and the Affiliate (e.g., parent, subsidiary, sister company);

(c) The identities of any shared officers, directors, or owners;

(d) Whether Defendant and the Affiliate share or shared any of the following: payroll processing, human resources functions, employee benefits administration, office space, bank accounts, insurance policies, or other operational resources; and

(e) The total number of individuals employed by each Affiliate during the Relevant Time Period.

**ANSWER:**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 5 on the basis that the interrogatory is vague, unduly broad and outside the scope of limited discovery permitted by the Court. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Plaintiff defines "Defendant" to include Ibanera and all "Affiliates", rendering questions about the relationship between Defendant and any Affiliate vague and indefinite because under Plaintiff's definition they constitute a single entity. Plaintiff assigns an unduly broad meaning to "Affiliate" so that the term is not limited to affiliates of Ibanera in the conventional sense, but includes, for example, joint ventures to which Ibanera and/or any of its affiliates, independent contractors, or agents are a party, and any entity having a common officer or director

8

with any of this overly broad range of entities that under the applicable case law cannot be consolidated with Ibanera for Title VII numerosity purposes.

In addition, Ibanera objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees who live and work overseas cannot be counted for Title VII purposes. To the extent that any "Affiliates" as defined by Plaintiff have employees outside the United States, collecting and providing detailed information about such personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees Ibanera had in the relevant time period.

Ibanera will therefore respond only as to its own activities and the activities of its parent company and sister companies (Ibanera has no subsidiaries), and as to employees, to those in the United States.

Subject to and without waiving the foregoing objections, Ibanera hereby identifies the following three entities:

1. Odessa Partners LLC
   a. Odessa Partners LLC is a Delaware limited liability company, with principal place of business at 16192 Coastal Highway, Lewes, DE 19958.
   b. Odessa Partners LLC was the owner and sole member of Ibanera LLC during the Relevant Time Period.
   c. Odessa Partners LLC had no ownership, officers, or directors in common with Ibanera LLC during the Relevant Time Period.
   d. Ibanera LLC did not share payroll processing, human resources functions, employee benefits administration, office space, bank accounts, insurance policies, or other operational resources with Odessa Partners LLC.
   e. Odessa Partners LLC had no U.S. employees during the Relevant Time Period.

2. Phoenix Connect LLC

   a. Phoenix Connect LLC is a Nevada limited liability company, with principal place of business at 1350 E. Flamingo Rd., Suite 701, Las Vegas, NV 89119.
   b. Phoenix Connect is owned by Odessa Partners LLC, the owner of Ibanera.
   c. Odessa Partners LLC is the owner of both Ibanera and Phoenix Connect. Michael Carbonara was the Manager of Phoenix Connect, and also the President of Ibanera LLC, during the Relevant Time Period.

9

    d. Ibanera and Phoenix Connect did not share payroll processing, human resources functions, employee benefits administration, office space, bank accounts, or insurance policies during the Relevant Time Period. Ibanera and Phoenix Connect had sources of funding in common.

    e. Phoenix Connect LLC had no U.S. employees during the Relevant Time Period.

3. Alpha Watt LLC

    a. Alpha Watt LLC is a Delaware limited liability company, with principal place of business at 8929 S. Mackinac Trail, Sault Ste. Marie, MI 49783.

    b. Alpha Watt is owned by Odessa Partners LLC, the owner of Ibanera.

    c. Odessa Partners LLC is the owner of both Ibanera and Alpha Watt. During the relevant time period, Jondalar Diepeveen was COO and Solutions Engineer of Ibanera, and also Director of Operations of Alpha Watt during the Relevant Time Period.

    d. Ibanera and Alpha Watt did not share payroll processing, human resources functions, employee benefits administration, office space, bank accounts, or insurance policies during the Relevant Time Period. Ibanera and Alpha Watt had the resource of Jondalar Diepeveen in common.

    e. Alpha Watt LLC had no U.S. employees during the Relevant Time Period.

**INTERROGATORY NO. 6:** During the Relevant Time Period, did Defendant share ownership, management, control, financial resources, or operational infrastructure with any other entity such that those entities could be considered a "single employer" or "integrated enterprise" for purposes of federal employment law? If so, identify each such entity and describe in detail the nature of that interrelationship.

**<u>ANSWER:</u>**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 6 on the basis that the interrogatory is vague, indefinite, and is (as written) outside the scope of limited discovery permitted by the Court. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Moreover, since "Defendant" is defined as a monolithic group including all of these entities, everything about each of those entity's operations is literally shared with "Defendant", that

10

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-EC4229ECF3BF

is, with itself. Thus, the interrogatory is not reasonably calculated to obtain information relevant to the limited issue on which discovery was authorized. In addition, the interrogatory prematurely calls for a legal conclusion, at this preliminary stage of litigation, before Ibanera has fully formulated its legal positions and filed responsive pleadings, and without specifying to which aspects of "federal employment law" the question is intended to apply.

Subject to and without waiving any of the foregoing objections, Ibanera states that some of Phoenix Connect LLC's independent contractors performed work for Ibanera LLC. Therefore, Ibanera has responded to these initial discovery requests by providing information pertaining to both Ibanera LLC and Phoenix Connect LLC, to the extent relevant to the requests. Ibanera will update its response to this interrogatory as it evaluates and finalizes its legal position regarding the subject of the interrogatory.

**INTERROGATORY NO. 7:** During the Relevant Time Period, did Defendant jointly employ, or exercise joint control over the employment of, any individual along with any other person or entity? If so:

    (a) Identify all such individuals;

    (b) Identify all other persons or entities who jointly employed or exercised joint control over those individuals; and

    (c) Describe the nature of the joint employment arrangement, including a description of who controlled the terms and conditions of each individual's work.

**<u>ANSWER:</u>**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 7 on the basis that the interrogatory is vague, indefinite, impossible to clearly understand, and is (as written) outside the scope of limited discovery permitted by the Court. Plaintiff's definitions of "Defendant," "Affiliate,"

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-FC4229FCF3BF

"Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Moreover, since "Defendant" is defined as a monolithic group including all of these entities, the interrogatory cannot be clearly understood; as defined, every employee of every entity included in the definition of "Defendant" would be inherently shared with and controlled by "Defendant," that is, with and by itself. In addition, Plaintiff's interrogatory cannot be clearly understood because "employ" in the context of employment law is normally distinct from "independently contract with"; Plaintiff purports to define "employment" as "the entire time period during which an individual was receiving compensation of any kind from the Defendant, regardless of whether Defendant classified the individual as an independent contractor or an employee for tax purposes during that period," thus making no distinction between employees and contractors, but does not separately define "employ," leaving the scope of the interrogatory unclear.

Ibanera also objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing information about overseas personnel would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees can be attributed to Ibanera in the relevant time period.

Subject to and without waiving any of the foregoing objections, Ibanera states that it did not have any employees domiciled in the United States during the relevant time period who were employed jointly with, or controlled jointly with, another entity.

12

**INTERROGATORY NO. 8:** Identify each person who was responsible for, or involved in, making the determination that Defendant employed fewer than 15 employees during the Relevant Time Period. For each such person, state:

(a) Their name and title;

(b) The methodology they used to reach that determination;

(c) The documents they relied upon; and

(d) Whether counsel was involved in that determination.

**<u>ANSWER:</u>**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 8 on the basis that the interrogatory is vague, indefinite, not reasonably limited as to time, place, or purpose, and potentially calls for information subject to attorney-client privilege and/or subject to attorney work product immunity, as to work during the course of this litigation and the underlying EEOC complaint. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera cannot know how many employees "Defendant" has in total. Further, the interrogatory is not reasonably limited as to time or place or purpose, so that the interrogatory encompasses "determinations" made by anyone involved with any of the entities that are part of the definition of "Defendant" who may have formed a judgment about numerosity of employees for any part of "Defendant," for purposes unrelated to this litigation, at any time from January 1, 2023 to the present. This scope of inquiry is overly broad, unduly burdensome, and not reasonably calculated to provide evidence relating to the single subject on which limited discovery was authorized.

Subject to and without waiving any of the foregoing objections, Ibanera states that none of its personnel have attempted to determine how many employees "Defendant" (as defined in the interrogatory) had during the relevant time period. Ibanera also states, with regard only to itself and not to "Defendant," that its legal counsel has been involved in responding to Plaintiff's EEOC claim and this lawsuit at several points in time, and that the methodology and documents used in preparing those responses are subject to attorney work product immunity.

**INTERROGATORY NO. 9:** Describe in complete detail Defendant's ownership structure during the Relevant Time Period, including the identity of all owners, partners, members, shareholders, and their respective ownership interests.

**ANSWER:**

Ibanera LLC ("Ibanera") objects to Interrogatory No. 9 on the basis that the interrogatory is vague, indefinite, not reasonably limited as to time, place, or purpose, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera cannot possibly identify all owners, partners, members, and shareholders of "Defendant" and their respective ownership interests as requested.

Subject to and without waiving any of the foregoing objections, Ibanera states that during the relevant time period Odessa Partners LLC, a Delaware limited liability company, was the sole member and owner of Ibanera LLC.

14

**INTERROGATORY NO. 10:** During the Relevant Time Period, did Defendant employ or engage any individuals who were paid in cash, off-book, or otherwise outside of Defendant's formal payroll system? If so, identify those individuals and describe the compensation arrangements.

**ANSWER:**

Ibanera objects to Interrogatory No. 10 on the basis that the interrogatory is vague, indefinite, not reasonably limited as to time, place, or purpose, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera cannot possibly determine whether anyone falling within the definition of "Defendant" was paid in cash or outside of a formal payroll system as requested. Further, the term "engage" renders the interrogatory unduly broad, unduly burdensome, and indefinite, to the extent that "engage" is not limited to employees or contractors who Plaintiff might reasonably argue should be classified as Ibanera employees. It is possible that Ibanera, or any other person or entity encompassed in the definition of "Defendant," has engaged (and compensated with cash) skycaps, hotel bellmen, restaurant waitstaff, occasional yard workers, Doordash drivers, babysitters, and the like, who cannot possibly count as Ibanera employees for Title VII purposes.

Ibanera also objects to this interrogatory because it is not reasonably limited as to location and the parties involved. Ibanera is an international company; employees and contractors who live and work overseas cannot be counted for Title VII purposes. Collecting and providing information

15

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-EC4229ECF3BF

about payments to persons "engaged" overseas would be unduly burdensome, goes beyond the scope of authorized discovery, and is not reasonably calculated to provide information useful in determining how many U.S. employees can be attributed to Ibanera in the relevant time period.

Subject to and without waiving any of the foregoing objections, Ibanera states that during the relevant time period neither Ibanera nor Phoenix Connect LLC paid any employees or contractors of either company who were domiciled in the United States in cash, off-book, or otherwise outside of the companies' formal payroll systems.

**INTERROGATORY NO. 11**: Did Defendant maintain workers' compensation insurance during the Relevant Time Period? If so, identify the insurer, the policy number, and identify every individual listed or covered under that policy.

**ANSWER:**

Ibanera objects to Interrogatory No. 11 on the basis that the interrogatory is vague, indefinite, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera does not have and cannot obtain the information requested.

Subject to and without waiving any of the foregoing objections, Ibanera states that (1) after a diligent search and inquiry, Ibanera is unable to locate or identify any worker's compensation insurance policies that it maintained for its sole employee or otherwise, and (2) Phoenix Connect LLC did not maintain worker's compensation insurance during the relevant time period.

16

**INTERROGATORY NO. 12:** Did Defendant file any employer-related tax forms with the IRS during the Relevant Time Period, including but not limited to Form 940 (FUTA), Form 941 (Employer's Quarterly Federal Tax Return), or any state equivalent? If so, state the number of employees reported on each such form for each quarter of the Relevant Time Period.

**ANSWER:**

Ibanera objects to Interrogatory No. 12 on the basis that the interrogatory is vague, indefinite, and beyond the scope of authorized discovery. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera does not have and cannot obtain the information requested.

Subject to and without waiving any of the foregoing objections, Ibanera states that it filed Form 941 for the second, third and fourth quarters of 2023 and for all four calendar quarters of 2024, reporting one employee for each of those seven quarters. Phoenix Connect LLC did not file any Form 941s during the relevant time period.

**INTERROGATORY NO. 13:** Identify all individuals for whom Defendant issued a W-2 during each year of the Relevant Time Period, and separately identify all individuals for whom Defendant issued a Form 1099-NEC or 1099-MISC during each year of the Relevant Time Period.

17

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-EC4229ECF3BF

**ANSWER:**

Ibanera objects to Interrogatory No. 13 on the basis that the interrogatory is vague, indefinite, beyond the scope of authorized discovery, and duplicative of Interrogatories 1 and 4. Plaintiff's definitions of "Defendant," "Affiliate," "Agent," and "Person," taken in combination, result in the term "Defendant" encompassing a large number of entities and natural persons who are not related to Ibanera, for which Ibanera does not have the requested information, and whose operations and employment activities are not relevant to the issue for which discovery was authorized. Since "Defendant" is defined as a monolithic group including all of these entities, Ibanera does not have and cannot obtain the information requested.

Subject to and without waiving any of the foregoing objections, Ibanera states that it has already provided this information for itself and for Phoenix Connect LLC in its responses to Interrogatories 1 and 4.

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-EC4229ECF3BF

**Certification**

I declare under penalty of perjury according to the laws of the State of Florida that the foregoing is

true and correct to the best of my knowledge, information, and belief.


Dated: April 20, 2026                                      _____

 

**IBANERA LLC**

DocuSigned by:

*Ingrid Rivera*

4D9951961EAB469...

_____

By: Ingrid Rivera, Chief Operating Officer



Objections made by the undersigned Counsel for IBANERA LLC:


*/s/ Evan R. Smith*

_____

Evan R. Smith
*Admitted Pro Hac Vice*

Cogent Law Group LLP
2001 L St. NW Suite 500
Washington, D.C. 20036
esmith@cogentlaw.com
202-644-8880

Docusign Envelope ID: A83B6507-0FCD-8447-81BA-EC4229ECF3BF

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing is being served by email on the following:


Daniel J. Barroukh, Esq.
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
danielb@dereksmithlaw.com


Dated: April 20, 2026


                                        */s/ Evan R. Smith*
                                        _____
                                        Evan R. Smith, Esq.