UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-24118-LEIBOWITZ/AUGUSTIN-BIRCH

JANE DOE,

     *Plaintiff,*

v.

IBANERA, LLC, *et al.*,

     *Defendants.*

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon the "Notice of Disassociation of Daniel J. Barroukh, Esq. as Counsel of Record for Plaintiff" [ECF No. 82] (the "Notice"), filed on May 1, 2026, informing the Court that counsel is no longer affiliated with the law firm representing Plaintiff in this action, and incorrectly assuming that fact relieves him of his obligations in these proceedings. [*See id.* at 1]. Under our Local Rules, counsel of record may not withdraw his appearance "except by leave of Court after notice served on the attorney's client and opposing counsel." S.D. Loc. R. 11.1(d)(3)(A). Mr. Barroukh may not, therefore, simply remove himself as counsel of record for Plaintiff in this litigation.

Further, Florida's Rules Professional Conduct provide that an attorney may withdraw if:

(1) the withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client insists upon taking a course of action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(5) other good cause for withdrawal exists.

Rules Regulating Members of the Florida Bar, R. 4–16(b). The attorney seeking to withdraw has the burden of establishing one of these legitimate bases for withdrawal. *Sands v. Moron,* 339 So. 2d 307,

307 (Fla. Dist. Ct. App. 1976).  Mr. Barroukh's leaving his law firm alone does not establish good cause for his withdrawal.  Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Notice [**ECF No. 82**] is **STRICKEN** for non-compliance with the Court's Local Rules.

2.  Mr. Barroukh must file a motion seeking leave to withdraw that makes the showings required by the Local Rules and Florida's Ethics Rules **no later than May 14, 2026**, or face sanctions, *without further notice*.  *See* Fed. R. Civ. P. 16(f)(1)(C).

**DONE AND ORDERED** in the Southern District of Florida on May 1, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record