**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-LEIBOWITZ/AUGUSTIN-BIRCH**

**JANE DOE,**

      *Plaintiff,*

v.

**IBANERA, LLC,** *et al.*,

      *Defendants.*

_____/

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Ibanera, LLC's ("Ibanera") motion for partial summary judgment [ECF No. 58] (the "Motion"), seeking judgment as a matter of law on Counts V, VI, VII, VIII, IX, and X of the First Amended Complaint [ECF No. 36]. In the Motion, Ibanera argues it is not liable to Plaintiff for alleged employment discrimination because Ibanera did not meet the statutory requirements of an "employer" under Title VII or the Florida Civil Rights Act ("FCRA") during the relevant time period. [ECF No. 58 at 8–11]. Because discovery had been stayed by the Court, the undersigned allowed limited discovery on Ibanera's employer status. [*See* ECF No. 76].

After the discovery period closed, Plaintiff filed an amended opposition memorandum, arguing record evidence shows Ibanera employed fifteen (15) persons during the relevant time period. [ECF No. 80]. Ibanera has replied in turn, contending Plaintiff failed to meet her burden to rebut Ibanera's evidence that it did not qualify as a Title VII/FCRA employer during the relevant time period. [ECF No. 90]. After due consideration of the Motion, the parties' papers, the summary judgment evidence, and the governing law, the Court concludes that Ibanera is entitled to partial summary judgment on Counts V, VI, VII, VIII, IX, and X of the First Amended Complaint, as discussed below.

## II.      STANDARD OF REVIEW

### A.  Partial summary judgment under Rule 56(a)

Under Rule 56 of the Federal Rules of Civil Procedure, "summary judgment is appropriate where there 'is no genuine issue as to any material fact,' and the moving party is 'entitled to a judgment as a matter of law.'" *See Alabama v. N. Carolina*, 560 U.S. 330 (2010) (quoting Fed. R. Civ. P. 56(a)). At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).  It may not weigh conflicting evidence to resolve disputed factual issues.  *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007). Yet, the existence of some factual disputes between litigants will not defeat an otherwise properly grounded summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the record as a whole could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but [instead] must set forth specific facts showing that there is a genuine issue for trial." *See Anderson*, 477 U.S. at 248. "Likewise, a [nonmovant] cannot defeat summary judgment by relying upon conclusory assertions." *Maddox–Jones v. Bd. of Regents of Univ. of Ga.*, 448 F. App'x 17, 19 (11th Cir. 2011). Mere "metaphysical doubt as to the material facts" will not suffice.  *Matsushita*, 475 U.S. at 586.

### III.   DISCUSSION

#### A.   Plaintiff may not proceed under a pseudonym without leave of court.

As an initial matter, Plaintiff is proceeding under a pseudonym without leave of court. Generally, "fictitious-party pleading is not permitted in federal court." *See Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020) (citation omitted). Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). "Although this creates a 'strong presumption in favor of parties proceeding in their own names … the rule is not absolute.'" *Doe v. Neverson,* 820 F. App'x 984, 986–87 (11th Cir. 2020) (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)).

A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981))). Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). The "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Francis*, 631 F.3d at 1316). For example, the Eleventh Circuit has considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *B.S. v. Jay Shree Maa Durga, Inc.,* No. CV424-251, 2024 WL 4728033, at *1 (S.D. Ga. Nov.

3

8, 2024) (citing *Francis*, 631 F.3d at 1316 (citations omitted)).  The burden to establish, in the first instance, that their privacy rights outweigh the presumption of judicial openness belongs with the party who seeks to proceed under a pseudonym.  *In re: Chiquita Brands Int'l, Inc.,* 965 F.3d 1238, 1247 (11th Cir. 2020) (citation omitted).

Here, Plaintiff has made no showing as to why she should be permitted to proceed anonymously.  She simply filed her complaint as "Jane Doe."  [*See* Compl., ECF No. 1].  Accordingly, Plaintiff must show cause **no later than May 29, 2026,** as to the circumstances that would entitle her to proceed anonymously in this case.

### B.        Ibanera's Employer Status

Title VII of the Civil Rights Act of 1964 does not cover all employers.  Under Title VII, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]"  42 U.S.C. § 2000e(b).  Therefore, for Ibanera to qualify as a Title VII employer, Ibanera must have had at least fifteen employees or agents during at least twenty weeks of the year preceding or the year of Plaintiff's termination.  *See Walters v. Metro Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (citation omitted) (indicating employer must meet statutory definition of employer at the time of the alleged retaliation). "[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief," so Plaintiff bears the burden of proof on this question.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006).

"[I]n determining the existence of an employment relationship, [courts] look first and primarily to whether the individual in question appears on the employer's payroll."  *Walters*, 519 U.S. at 211. Still, "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Id.* at 212.  Ibanera terminated Plaintiff in September of 2024. [FAC, ECF No. 36 ¶¶ 199].  The

calendar years of 2023 and 2024 thus constitute the relevant period for calculating the number of Ibanera employees in this case. *See* 42 U.S.C. § 2000e(b). Ibanera has submitted affidavits attesting that Ibanera did not have fifteen employees in 2023 or 2024. [*See* ECF No. 32-3 Decl. of Michael Carbonara, ECF No. 32-2 ¶ 6 (attesting Ibanera had only one employee in 2023 and 2024).

Plaintiff maintains she has created a question of fact by relying on documents obtained during the limited discovery. [ECF No. 80]. First, Plaintiff points to Ibanera's purported admission that "15 individuals provided services to Ibanera," during the relevant time period. [*Id.* at 8]. Second, Plaintiff maintains Ibanera's "Weekly Worker Presence" log (when combined with Ibanera's "Staff Directory") "raises a triable dispute about whether" the "20-week/15-individual count" statutory requirement was met. [*Id.* at 8–9]. Third, Plaintiff argues Ibanera's characterization of certain persons as "independent contractors" rather than "employees" does not control the Court's inquiry into Ibanera's employer status. [*Id.* at 9–11]. Plaintiff presses the argument that independent contractors may count as employees under Title VII under the Eleventh Circuit's "hybrid economic-realities" test. [*Id.*]. Next, Plaintiff contends that persons who provided services for Ibanera in 2023 and 2024, coupled with those persons who provided services of a sister company, Phoenix Connect, LLC ("Phoenix Connect"), must be included in the 15-employee count under the joint-employer doctrine. [*Id.* at 11–12]. Finally, Plaintiff repeats her first argument that Ibanera's "Staff Directory" (showing 15 persons who provided services to Ibanera in 2023 and 2024) is sufficient to withstand summary judgment on whether those individuals satisfy the 15-employee requirement. [*Id.*].

Ibanera responds that "Plaintiff mischaracterizes Ibanera's request-for-admission responses," and misrepresents that the document she relies upon to meet the 15-employee threshold is, in fact, Ibanera's "Staff Directory." [ECF No. 90 at 2–3]. Ibanera attests that the so-called "Staff Directory" is, in fact, an e-mail list that does not reflect any employment relationship—as it includes people based in foreign countries as well as individuals who are neither employees nor contractors. [*Id.* (citing

Declaration of Angie Brian ("Brian Decl."), ECF No. 74-1 ¶¶ 8–9)]. Ibanera contends partial summary judgment is appropriate because, even after Ibanera produced

> all of its contracts with U.S. based individuals, all of its records of actual payments to U.S. based contractors and employees for 2023 and 2024, a spreadsheet listing all U.S. based employee and individual contractors of Ibanera and Phoenix Connect with their start and stop dates of services, and a Weekly Work Matrix chart … that graphically illustrates the period of service for each U.S. person and convincingly demonstrates that Ibanera[,] . . . Plaintiff [still] cannot identify the 15 individuals she claims were employed by Ibanera, and cannot identify in what 20-week period such people were all employed.

[ECF No. 90 at 4–5].

Taking up the 15-employee requirement first, Ibanera correctly argues that a person's "providing services" to Ibanera is not sufficient to show they were Ibanera employees. [*Id.* at 6 (citing *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202 (1997) (setting forth payroll test for Title VII employment)]. Moreover, Ibanera also correctly points out that foreign-based aliens do not factor in the Court's Title VII-employee analysis. [ECF No. 90 at 6–7 (citing 42 U.S.C. § 2000e(f); 42 U.S.C. § 2000e(f))]. Title VII's definition of "employee" provides that, "[w]ith respect to employment in a foreign country, such term includes an individual who is a citizen of the United States." 42 U.S.C. § 2000e(f). Title VII, however, "shall not apply to an employer with respect to the employment of aliens outside any State[.]" 42 U.S.C. § 2000e-1(a). Thus, Plaintiff cannot include foreign nationals in her count. Moreover, Ibanera maintains that, even if Plaintiff could show fifteen (15) U.S. citizens employed by Ibanera and Phoenix Connect combined, Plaintiff utterly fails to identify any 20-week period during 2023 or 2024 when the combined companies employed fifteen (15) qualifying persons. [ECF No. 90 at 8–9].

The Court concludes that Plaintiff has not met Ibanera's evidence head-on sufficient to withstand summary judgment on her Title VII and FCRA claims.

In *Vazquez v. Melamed*, 598 F. App'x 760, 760–61 (11th Cir. 2015) (per curiam), using payroll records that "clearly demonstrated that it never had more than 14 employees on its payroll at any point

6

during the relevant time period," the defendant employer moved for summary judgment. The Eleventh Circuit affirmed the district court's grant of summary judgment for the employer because "[a]lthough Vazquez argued that [the employer] actually employed more individuals than those listed on its payroll, he failed to produce any evidence in support of this claim. Vazquez's conclusory assertion that [the employer] employed more than 15 employees cannot save the day." *Id.* at 761 (citation omitted). Consequently, when an employer in defense of a Title VII claim examines its employment records and asserts to a court under penalty of perjury that its records reflect a particular data point, a plaintiff cannot contradict the data simply by stating that the data is incorrect. *See id.* Rather, a plaintiff must provide some contradictory data or some other evidence to support the plaintiff's assertion that the employer's data is inaccurate.

Here, as in *Vazquez*, Ibanera's summary of its payroll records and affidavit indicate that it did not have fifteen or more employees for 20 weeks so as to accord Ibanera "employer" status under Title VII. (*See* ECF No. 90-1; Brian Decl., ECF No. 90-2 ¶¶ 8–9); *Vazquez*, 598 F. App'x at 760–61. Also as in *Vazquez*, Plaintiff has attempted to rebut Ibanera's showing with unsupported, conclusory assertions (and mischaracterized admissions) that Ibanera had fifteen or more employees for that entire time period. [ECF No. 80]; *see Vazquez*, 598 F. App'x at 760–61. More importantly, Plaintiff cannot avoid summary judgment by merely attaching a series of documents to her opposition memorandum. *See Gossett v. Du– Ra–Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) ("[O]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial."). That is especially true here, where the Court directed Plaintiff to supplement the record with competent summary judgment evidence; she still failed to file a single affidavit or point to any deposition testimony to rebut Ibanera's sworn and supported statements that it did not employ fifteen individuals during the relevant time period. [*See* ECF Nos.

76, 80].[1]  And Plaintiff's mischaracterization of Ibanera's admission as to the true nature of the "Staff Directory" does not create a genuine issue of material fact as to the number of employees Ibanera actually employed during the relevant period for her Title VII/FCRA claims. *See Vazquez*, 598 F. App'x at 761; Fed. R. Civ. P. 56(a).

Therefore, as a matter of law, Ibanera does not constitute an employer for the purposes of Plaintiff's Title VII/FCRA claims.  Accordingly, Ibanera is entitled to partial summary judgment on Counts V, VI, VII, VIII, IX, and X of the First Amended Complaint [ECF No. 36].  *See Burpo v. Fairfield Hous. Auth.,* No. 2:22-CV-00577-MHH, 2025 WL 1019786, at *2–4 (N.D. Ala. Apr. 4, 2025) (granting summary judgment to the defendant where the plaintiff failed to rebut the defendant's evidence that it did not employ 15 people during the relevant time period).

## IV.    CONCLUSION

In view of the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendant's Motion for Partial Summary Judgment [**ECF No. 58**] is **GRANTED**.

2.  The Court grants judgment as a matter of law against Plaintiff and in favor of Defendant Ibanera, LLC Counts V, VI, VII, VIII, IX, and X of the First Amended Complaint [ECF No. 36].

3.  Final Judgment will be entered by separate order under Federal Rule of Civil Procedure 58(a).

4.  Ibanera is directed to provide a MS Word version of proposed final judgments to be entered in this case to leibowitz@flsd.uscourts.gov **no later than June 30, 2026**.

---

[1] Before the Court directed Plaintiff to supplement the record with competent evidence, Plaintiff had attested only that during her employment with Ibanera, "Ibanera never had only one employee."  [Pl. Decl., ECF No. 68-2 ¶ 15]. Clearly, this showing is not sufficient to withstand summary judgment in light of Ibanera's evidence that it did not employ fifteen employees during the relevant time period.

9

**DONE AND ORDERED** in the Southern District of Florida on May 20, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record

9