**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-24118-DSL**

JANE DOE,

Plaintiff,

v.

IBANERA LLC, *et al.*,

Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS IBANERA LLC, MICHAEL CARBONARA, AND DAVID PARR'S MOTION FOR ATTORNEY'S FEES**

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") respectfully submits this Response in Opposition to the Motion for Attorney's Fees as to Entitlement Only filed by Defendants Ibanera LLC ("Ibanera"), Michael Carbonara ("Carbonara"), and David Parr ("Parr") (collectively, the "Ibanera Defendants"). *See* ECF No. 94 (the "Motion"). For the reasons set forth below, the Motion should be denied in its entirety.

**INTRODUCTION**

This is not the "rare" case that justifies a prevailing-defendant fee award under Title VII. It is an ordinary case in which a plaintiff litigated a genuinely contested coverage question in good faith, developed a substantial documentary record through Court-authorized discovery, advanced recognized Eleventh Circuit doctrines, and lost on summary judgment. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), was written precisely to prevent what the Ibanera Defendants ask this Court to do: convert a plaintiff's loss into a fee-shifting penalty through the very "post hoc reasoning" the Supreme Court forbade. *Id.,* at 421-22.

The fact the Motion never confronts is that this Court declined to grant Ibanera's first summary-judgment motion and instead opened a discovery period so that Plaintiff could test Ibanera's proof. *See* ECF No. 76. The Court did not merely defer; it found that Plaintiff's pre-discovery submissions already placed "as many as nine (9) people (including Plaintiff) full-time" at Ibanera in September 2024, and it authorized thirty days of targeted discovery so that the numerosity question could be resolved on a fuller record. *Id.* A claim that this Court found substantial enough to warrant a discovery period cannot fairly be called "frivolous, unreasonable, or without foundation."

The Motion also misstates the record in a manner central to its theory. It represents that Plaintiff "did not even submit her own affidavit attesting to her claimed employee status or personal knowledge of other employees." *See* ECF No. 94 at 3. Plaintiff filed exactly such a sworn declaration. *See* ECF No. 68-2. And the Motion's repeated assertion that Plaintiff had "no evidence" is irreconcilable with the thirteen exhibits she submitted, most of them Ibanera's own business records and sworn discovery responses. *See* ECF No. 80.

The controlling authority is squarely against Ibanera. In *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169 (11th Cir. 2005), the Eleventh Circuit reversed a prevailing-defendant fee award in its entirety, holding that claims "though weak, were not entirely 'without foundation.'" *Id.* at 1187. In *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005), the court vacated a fee award and held that a plaintiff who makes a prima facie showing in opposing summary judgment cannot thereafter be deemed frivolous. Further, in *Walker v. NationsBank of Florida, N.A.*, 53 F.3d 1548 (11th Cir. 1995), the court vacated a fee award while affirming judgment for the defendant, because the claim had been "meritorious enough to receive careful attention and review." *Id.* at 1559. Each describes this case.

The Motion's alternative demand, that Plaintiff's counsel be held personally liable under 28 U.S.C. § 1927 and the Court's inherent authority, fares worse still. Section 1927 does not reach the filing of a complaint, so it cannot reach the pleading-stage dismissal of the Trafficking Victims Protection Reauthorization Act ("TVPRA") counts. The TVPRA provides no prevailing-defendant fee remedy of any kind. And the Motion never identifies which attorney engaged in which specific post-filing act, or ties any such act to any specific increment of excess fees; it offers instead a "totality of counsel's conduct" theory that the Eleventh Circuit does not permit. The Motion should be denied.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's First Amended Complaint asserted nineteen counts arising from her alleged drugging and sexual assault during a business trip to Singapore: TVPRA claims (Counts I-IV), Title VII and FCRA employment-discrimination claims against Ibanera (Counts V-X), and Florida common-law claims (Counts XI-XIX). *See* ECF No. 36. Counts V through X were pleaded against Ibanera alone. *Id.*

The employment claims turned on a single threshold element: whether Ibanera was a covered "employer," that is, whether it had fifteen or more employees for each working day in twenty or more calendar weeks in 2023 or 2024. *See* 42 U.S.C. § 2000e(b); Fla. Stat. § 760.02(7). Ibanera moved for partial summary judgment on that element. *See* ECF No. 58. Rather than grant the motion, the Court declined to rule "without affording Plaintiff a short opportunity to obtain discovery on the question of whether Ibanera employed fifteen or more persons," and authorized thirty days of targeted discovery. *See* ECF No. 76 (the "Discovery Order"). The Court further concluded that Plaintiff's pre-discovery submissions, including LinkedIn records for nine

individuals, a WhatsApp roster of more than 100 participants, and Plaintiff's declaration, already placed "as many as nine (9) people (including Plaintiff) full-time" at Ibanera. *Id.*

Plaintiff used the discovery the Court authorized. She served document requests, requests for admission, interrogatories, and submitted an amended opposition supported by thirteen exhibits: Ibanera's Rule 36 admissions; corporate organizational charts; sworn interrogatory responses; compensation and payroll records; a Form W-2; consulting agreements, addenda, and termination letters; a Weekly Worker Presence log; and bank statements from seven institutions. *See* ECF No. 80. She also filed a sworn declaration attesting to her employment, her Ibanera email address, business card, and signature block, her assigned assistants, and a Staff Directory listing nearly 100 Ibanera personnel. *See* ECF No. 68-2.

On May 20, 2026, the Court granted partial summary judgment to Ibanera on Counts V-X, holding that merely "providing services" does not establish employment under *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202 (1997), that foreign-based aliens could not be counted, and that Plaintiff had not tied fifteen qualifying persons to a specific twenty-week period. *See* ECF No. 91.

On May 21, 2026, the Court entered its Omnibus Order. As to the Ibanera Defendants, the Court granted their motion to dismiss in part and dismissed Counts I-IV "for forum non conveniens and for failure to state a claim upon which relief may be granted under Rule 12(b)(6)." *See* ECF No. 92 at 39. The dismissals for lack of personal jurisdiction concerned other defendants, namely Bjorn Snorrason and the Marriott and Starwood entities. *Id.* The Court declined to exercise supplemental jurisdiction over the remaining Florida common-law claims and dismissed them without prejudice. *Id.* Final Judgment on Counts V-X was entered May 28, 2026. *See* ECF No. 93. The Ibanera Defendants filed the present Motion on July 27, 2026. *See* ECF No. 94.

## LEGAL STANDARD

A prevailing Title VII defendant faces a far more demanding standard than a prevailing plaintiff. A defendant may recover fees only where the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. The Supreme Court has described that standard as "stringent." *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The FCRA's parallel fee provision is construed consistently with Title VII. *See* Fla. Stat. § 760.11(5).

The Supreme Court has twice cautioned against precisely the reasoning the Motion invites. A court must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," because "[t]his kind of hindsight logic could discourage all but the most airtight claims." *See Christiansburg*, 434 U.S. at 421-22. "[T]he course of litigation is rarely predictable," and "[d]ecisive facts may not emerge until discovery." *Id.* at 422. The asymmetry is deliberate: it exists so that a plaintiff is not penalized for merely defending or prosecuting a lawsuit and so that private enforcement of the civil-rights laws is not chilled. *Id.* at 418, 422.

The Eleventh Circuit applies these principles rigorously, and applies them in the plaintiff's favor. On review of a frivolity determination, the court "view[s] the evidence in the light most favorable to the non-prevailing plaintiff." *Cordoba*, 419 F.3d at 1177. The *Sullivan* guideposts, whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the case was dismissed before trial, are "general guidelines only, not hard and fast rules," and frivolity is assessed "on a case-by-case basis." *See Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). The ultimate question is whether the claim was "so lacking in

arguable merit as to be groundless or without foundation." *Id.* at 1189; *accord Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1304 (11th Cir. 2001).

Fee awards against counsel demand more still. Section 1927 reaches only an attorney whose conduct is "unreasonable and vexatious," who thereby "multiplies" the proceedings, and only up to the costs occasioned by the objectionable conduct. *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997); *accord Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). The conduct must be "so egregious that it is tantamount to bad faith," measured objectively. *Amlong*, 500 F.3d at 1239, 1241-42; *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)(internal citation omitted). Critically, a lawyer cannot violate § 1927 in the course of filing a complaint, because the statute only applies to unnecessary filings after the lawsuit has begun. *See Peterson*, 124 F.3d at 1396; *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006). The inherent power requires a threshold at least as high. *See Cordoba*, 419 F.3d at 1178; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 50 (1991); *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001).

## ARGUMENT

### I. CARBONARA AND PARR HAVE NO FEE CLAIM AT ALL, AND THE MOTION DOES NOT COMPLY WITH LOCAL RULE 7.3.

#### A. Carbonara and Parr Were Not Parties to Counts V Through X and Cannot Be Prevailing Parties on Them.

The Motion is brought by all three Ibanera Defendants, and its prayer for relief asks the Court to determine that "the Ibanera Defendants" are entitled to fees. *See* ECF No. 94 at 9-10. But Counts V through X were asserted against Ibanera alone. *See* ECF No. 36. Carbonara and Parr were never parties to the Title VII or FCRA claims, obtained no judgment on them, and cannot be "prevailing parties" under 42 U.S.C. § 2000e-5(k) or Fla. Stat. § 760.11(5) with respect to claims

that were never brought against them. The Motion's own argument section tacitly concedes the point by shifting to the singular, stating that "Ibanera seeks only the fees that would not have been incurred but for Plaintiff's pursuit of Counts V through X." *See* ECF No. 94 at 8. Whatever the disposition of the balance of the Motion, Carbonara and Parr should be denied statutory fees outright.

**B. The Motion Does Not Satisfy the Mandatory Requirements of Local Rule 7.3.**

Local Rule 7.3 is not a formality. It requires that a motion for attorney's fees be verified, disclose the terms of any applicable fee agreement, and certify that a good-faith conferral occurred addressing entitlement and amount separately. S.D. Fla. L.R. 7.3(a)(5), (7), (8). It further requires that "a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing," and that the parties confer within twenty-one days of that service. S.D. Fla. L.R. 7.3(b). The Rule expressly provides that "[f]ailure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion." Noncompliance with a district court's local rule is grounds for denial of a motion for attorneys fees. *See Watkins v. McMillan*, 779 F.2d 1465, 1465 (11th Cir. 1986) (per curiam); *see also Gutierrez v. El Toro Loco Churrascaria*, No. 21-22062-CIV, 2022 WL 3621615, at *3 (S.D. Fla. Aug. 9, 2022), *report and recommendation adopted*, 2022 WL 3594970 (S.D. Fla. Aug. 23, 2022).

Local Rule 7.3(a) requires filing "within sixty (60) days of the entry of the final judgment or order giving rise to the claim," and that deadline, not Rule 54(d)(2)(B)'s fourteen-day default, governs in this District. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001). Sixty days from the May 28, 2026 Final Judgment is July 27, 2026. Sixty days from the May 21, 2026 Omnibus Order closing the case is July 20, 2026.

The Motion is not verified, discloses no fee agreement, and its conferral certificate states only that "Defendant provided a draft of this Motion to Plaintiff's counsel" without identifying the date of service. *See* ECF No. 94 at 2. Further, the draft was not served until July 24, 2026, well inside the thirty-day window, and the Rule's conferral sequence was therefore never completed.

Plaintiff does not contend that seeking an entitlement determination with the amount reserved is itself improper; Local Rule 7.3(a) and Federal Rule of Civil Procedure 54(d)(2)(C) permit that course. Plaintiff opposes entitlement on the merits, and for the independent procedural reasons stated above.

## II. IBANERA CANNOT SATISFY CHRISTIANSBURG'S STRINGENT STANDARD AS TO COUNTS V THROUGH X.

### A. The Court's Decision to Authorize Discovery Rather Than Rule Forecloses a Finding That the Claims Were Without Foundation.

The most telling fact in this record is that the Court declined to grant summary judgment on Ibanera's first motion and instead opened discovery. *See* ECF No. 76. The Court wrote that it was "not inclined to rule on Ibanera's Motion without affording Plaintiff a short opportunity to obtain discovery on the question of whether Ibanera employed fifteen or more persons." *Id.* Relief of that kind is not automatic. It requires the nonmovant to identify specified facts essential to her opposition and to show that those facts are obtainable through discovery. In granting it, the Court necessarily concluded that Plaintiff had made that showing and that the coverage question warranted development on a fuller record.

That judicial determination is difficult to reconcile with the frivolity finding Ibanera now seeks. *Christiansburg*'s central premise is that "[d]ecisive facts may not emerge until discovery," 434 U.S. at 422, and here the Court structured the litigation around exactly that possibility. The Eleventh Circuit has treated a district court's own procedural assessment as probative of non-

frivolity: in *Walker*, the court vacated a fee award in part because the district court had twice denied summary judgment, showing the claim was "meritorious enough to receive careful attention and review." 53 F.3d at 1559 (quoting *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)). The same reasoning applies with equal force to a court that declines to rule and orders discovery instead.

The Discovery Order did more. It recorded that, even before discovery, Plaintiff's evidence established "as many as nine (9) people (including Plaintiff) full-time in September of 2024." *See* ECF No. 76. A plaintiff who has adduced evidence of nine of the fifteen required persons, and who is then granted discovery to close the gap, is prosecuting a claim with a foundation. *Christiansburg* does not require an "airtight" claim; it protects all but the frivolous. 434 U.S. at 422.

**B. The Motion's Central Factual Premises Are Contradicted by the Record.**

The Motion asserts that Plaintiff, "[d]espite alleging that she had been an Ibanera employee for years, . . . did not even submit her own affidavit attesting to her claimed employee status or personal knowledge of other employees." *See* ECF No. 94 at 3. That is incorrect. Plaintiff filed a sworn declaration attesting to her employment, her Ibanera email address, her Ibanera business card and signature block, the assistants assigned to her, and a Staff Directory listing nearly 100 Ibanera personnel. *See* ECF No. 68-2. A motion that asks this Court to brand a claim frivolous should not rest on a misstatement of what the non-movant filed.

The Motion's companion refrain, that Plaintiff had "no evidence," is equally unsupportable. In her amended opposition Plaintiff submitted, among other things: Ibanera's Rule 36 admissions authenticating the Staff Directory and admitting that it lists fifteen individuals who provided services to Ibanera; organizational charts showing that Ibanera and Phoenix Connect LLC share

common ownership through Odessa Partners LLC and a common Wyoming trust; sworn interrogatory responses acknowledging shared management, funding, and workforce; compensation statements identifying twelve U.S.-based payees in 2024; a Form W-2; consulting agreements, addenda, and termination letters for the individuals Ibanera labeled contractors; a Weekly Worker Presence log; and bank statements from seven institutions reflecting regular weekly and biweekly payments. *See* ECF No. 80. Much of that record consists of Ibanera's own business records and sworn discovery responses. It is the antithesis of the empty record on which frivolity findings rest. *Cf. Sullivan*, 773 F.2d at 1189.

### B. Ibanera's EEOC Position Statement Was Advocacy, Not Adjudicated Fact, and Plaintiff Was Entitled to Test It.

The Motion's frivolity theory depends almost entirely on the premise that Plaintiff had "pre-suit notice" because Ibanera told the EEOC it had one employee, and that her failure to rebut that assertion before the agency renders everything that followed sanctionable. *See* ECF No. 94 at 2, 6-7. This premise does not survive examination.

An employer's EEOC position statement is an unsworn, self-interested submission prepared by the party with exclusive control of the relevant payroll, tax, and corporate records. It is advocacy. It is not evidence, it is not subject to cross-examination, and it binds no one. A charging party has no obligation to litigate the merits of her claim before the agency, and nothing in Title VII conditions her right to sue on having persuaded the EEOC that her employer's account is wrong. Ibanera's position is that a claimant must accept the respondent's unverified denial or forfeit the courthouse. That is not the law and adopting it would invert the burden that Ibanera itself bore on summary judgment.

The point has particular force here, because the numerosity inquiry is fact-intensive and depends on information peculiarly within the defendant's possession: payroll records, tax filings,

the corporate relationships among affiliated entities, and the degree of control exercised over persons labeled contractors. Plaintiff could not have resolved those questions before suit. She resolved them the way the Federal Rules contemplate, through discovery, and she did so with this Court's express authorization. That is the ordinary operation of *Christiansburg*'s recognition that "[d]ecisive facts may not emerge until discovery." *See Christiansburg*,434 U.S. at 422.

**D. Plaintiff Advanced Recognized Legal Doctrines, Not Invented Ones.**

On the record she developed, Plaintiff pressed three established routes to numerosity in this Circuit. First, Ibanera's Rule 36 admissions, read with the authenticated Staff Directory, established fifteen service providers under Federal Rule of Civil Procedure 36(b). Second, that Ibanera and Phoenix Connect must be aggregated as a single or joint employer under *Lyes v. City of Riviera Beach*, 166 F.3d 1332 (11th Cir. 1999) (en banc). Third, that the "independent contractor" label could not survive the hybrid economic-realities test of *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318 (1992), and *Cobb v. Sun Papers, Inc.*, 673 F.2d 337 (11th Cir. 1982), given the record of control, including Ibanera's admission that its restrictive covenants were "not observed or enforced." *See* ECF No. 80.

These are the doctrines courts apply to decide precisely the question Ibanera put in issue. The Court disagreed with their application to this record. It did not hold them baseless. And *Cordoba* forecloses any argument that a legally unsuccessful theory is thereby frivolous: there, the plaintiff's constructive-knowledge theory "lacked support in logic and commonsense" and was legally wrong, yet the Eleventh Circuit held it was not frivolous because it drew on prior statements of the court. *See* 419 F.3d at 1179-80.

**E. Losing on a Threshold Coverage Element Is Not Frivolity.**

Ibanera's theory reduces to this: because the Court ultimately credited Ibanera's payroll evidence and found Plaintiff's contrary showing insufficient, the claim must always have been frivolous. That is the hindsight logic *Christiansburg* forbids, 434 U.S. at 421-22, and the Eleventh Circuit has rejected it repeatedly.

In *Cordoba*, the court reversed an award of $10,000 against the plaintiff and more than $191,000 against her counsel, holding that "[b]ecause Cordoba's claims, though weak, were not entirely 'without foundation,' . . . the district court's award of fees and expenses constituted an abuse of discretion." *See Cordoba,* 419 F.3d at 1187. The court explained that in cases sustaining frivolity findings, plaintiffs have "typically" failed to introduce any evidence, *id.* at 1176, but that even "pure conjecture" supported by some circumstantial evidence is "not so unreasonable that it can be termed frivolous," *id.* at 1178. In *Quintana*, the court held that "the presentation of a prima facie case in response to a motion for summary judgment means that a claim necessarily cannot then be considered frivolous," and vacated the award. *See Quintana,* 414 F.3d at 1309. In *Walker*, the court vacated a fee award while affirming a directed verdict for the employer. *See Walker,* 53 F.3d at 1558-59. And in *Richardson v. Bay District Schools*, 560 F. App'x 928 (11th Cir. 2014), the court reversed a fee award, explaining that the plaintiff's "claim was weak, but not so patently devoid of arguable legal merit to justify an attorney's fee award," because he "presented evidence in support of his claim," and "[j]ust because this evidence was ultimately not enough to create a jury question . . . does not make [the] claim frivolous." *Id.* at 928-930.

Ibanera's reliance on *Vazquez v. Melamed*, 598 F. App'x 760 (11th Cir. 2015), illustrates the gap in its argument. *Vazquez* was a summary-judgment decision, not a fee decision, and the plaintiff there failed to produce any evidence beyond a conclusory assertion. Here, Plaintiff

produced Ibanera's own admissions, corporate records, payroll and banking documents, and a sworn declaration. The Court finding the showing legally insufficient does not equate this record to the empty one in *Vazquez*. The comparison Ibanera actually needs is to the fee cases, and those cases, *Cordoba*, *Quintana*, *Walker*, and *Richardson*, all cut against it.

*Head v. Medford*, 62 F.3d 351 (11th Cir. 1995), does not assist Ibanera either. *Head* held that a defendant may recover fees for a frivolous federal claim even where pendent state claims were dismissed without prejudice. *Id.* at 355-56. Its premise, however, was a federal claim the court had found frivolous. That premise is absent here. And *Quintana* confirms that where frivolous and non-frivolous claims are joined, an award may reach only work attributable exclusively to the frivolous claim, 414 F.3d at 1312, which is the same limitation *Fox* imposes.

**F. The *Sullivan* Guideposts Weigh Against Any Award.**

*Prima facie* showing. Plaintiff adduced evidence of nine full-time persons before discovery, and after discovery developed a documentary record on aggregation and misclassification drawn largely from Ibanera's own files. Under *Quintana*, that showing forecloses frivolity. 414 F.3d at 1309.

Ibanera does not represent that it ever offered to settle Counts V through X, and Plaintiff is aware of no such offer. A defendant that never sought to resolve claims it now calls frivolous, and never invoked Rule 11 to test them, is poorly positioned to argue this factor.

The claims were resolved at summary judgment on a developed record, after Court-ordered discovery, on a contested legal question about which categories of persons count toward the statutory threshold. They were not dismissed at the pleadings as baseless. Ibanera never moved under Rule 12(b)(6) to dismiss Counts V through X for want of coverage, and it required two

dispositive motions, approximately 1,000 pages of production, and a reply brief to prevail. Frivolous claims do not ordinarily consume that much of a defendant's attention.

The case-by-case inquiry *Sullivan* commands, 773 F.2d at 1189, viewed as it must be "in the light most favorable to the non-prevailing plaintiff," *Cordoba*, 419 F.3d at 1177, points decisively away from a fee award.

**G. The Discretionary Equities Independently Foreclose an Award.**

Even if the legal standard were a closer call, which it is not, the Court's discretion should be exercised against entitlement.

First, Ibanera never served a Rule 11 safe-harbor notice, as the Motion concedes. *See* ECF No. 94 at 6. Rule 11 exists precisely to give a party twenty-one days to withdraw a contention the opponent believes is baseless. Fed. R. Civ. P. 11(c)(2). A defendant that declines to use that mechanism, never warns the plaintiff, and instead waits until after final judgment to seek fees undercuts its own account of when and how obviously the claims became frivolous. *Cf. Cordoba*, 419 F.3d at 1185-87 (questioning why a defendant asserting frivolity did not move to resolve the dispositive issue earlier).

Second, the Eleventh Circuit requires the Court to consider Plaintiff's financial resources as a distinct factor in assessing a prevailing Title VII defendant's fee request. *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982). Plaintiff is an individual of modest means litigating against a corporate defendant represented by two firms. Should the Court reach the question, Plaintiff requests leave to submit a financial declaration.

Third, *Christiansburg*'s asymmetry exists to keep the courthouse open to civil-rights claimants. 434 U.S. at 418, 422. Plaintiff alleges she was drugged and sexually assaulted on a business trip and terminated after reporting it. Taxing her with a corporate defendant's fees for

having litigated a coverage question in good faith, and lost, is the paradigm of the deterrent effect the Supreme Court warned against.

**III. IBANERA'S OWN ALLOCATION THEORY DEFEATS THE MOTION UNDER FOX v. VICE.**

Even where some fees are recoverable, a defendant in a case with both fee-eligible and other claims may recover only "the portion of his fees that he would not have paid but for the frivolous claim." *Fox v. Vice*, 563 U.S. 826, 836 (2011). The burden of isolating that work rests on the defendant. *Id.* at 838.

Ibanera cannot carry it, and its own submission shows why. The Motion asks the Court to include work that "had incidental relevance to other issues." *See* ECF No. 94 at 8. That is the precise inverse of but-for causation: fees for work that would have been incurred anyway are not recoverable, no matter how the entries are later characterized. *Fox*, 563 U.S. at 836. The problem is structural here, not clerical. Counts V through X were embedded in a nineteen-count complaint arising from a single factual narrative; the numerosity dispute overlapped with the parties' broader employment relationship, the corporate-structure evidence, and the Florida common-law claims that were dismissed without prejudice and remain viable elsewhere. The Motion also asks the Court to treat as recoverable the fees incurred to "prepare the fee submissions" themselves. *See* ECF No. 94 at 8. Fees incurred litigating entitlement to fees are not fees Ibanera incurred because of Counts V through X; they are fees it incurred because it chose to file this Motion, and they fall outside the but-for limitation *Fox* imposes. Because Ibanera fails at the entitlement threshold, and because the allocation theory it has announced is legally backwards, the Court need not proceed to any amount phase.

## IV. THE SECTION 1927 AND INHERENT-POWER REQUEST AGAINST COUNSEL FAILS AS A MATTER OF LAW.

### A. Section 1927 Does Not Reach the Filing of the TVPRA Counts.

The Motion's § 1927 theory rests principally on the TVPRA claims, which were dismissed at the pleading stage. *See* ECF No. 92. Section 1927 only applies to unnecessary filings after the lawsuit has begun, and accordingly a lawyer cannot violate § 1927 in the course of filing a complaint. *Peterson*, 124 F.3d at 1396; *accord Macort*, 208 F. App'x at 786. The initial assertion of Counts I through IV is quintessential filing conduct that the statute does not reach. Amending the complaint once, and opposing motions directed at those counts, is ordinary litigation, not vexatious multiplication.

### B. No Statute Authorizes Fees to a Prevailing TVPRA Defendant.

The TVPRA's civil-remedy provision is one-directional. It permits "an individual who is a victim" to "recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). It contains no "prevailing party" language and no defendant-fee provision. Because the statute is not neutrally worded, the rule permitting defendants to recover under prevailing-party statutes has no application. *Cf. Christiansburg*, 434 U.S. at 421; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). Under the American Rule, that ends the matter: absent statutory authority, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *superseded by Lackey v. Stinnie,* 604 U.S. 192 (2025). Ibanera therefore cannot recover TVPRA-related fees from Plaintiff under any statute, and § 1927 and the inherent power are the only conceivable vehicles, each of which requires a showing wholly absent here.

**C. The Employment-Claim Conduct Was Ordinary, Court-Authorized Litigation.**

As to the employment claims, the Motion recasts routine litigation as "multiplication": responding to Ibanera's dispositive motions, taking the discovery the Court expressly authorized, and filing an amended opposition the Court expressly permitted. *See* ECF Nos. 76, 81. Conduct a court invites and authorizes is not "so egregious that it is tantamount to bad faith." *Amlong*, 500 F.3d at 1239. The Motion's complaints that Plaintiff "forced" a summary-judgment motion and "required" a reply describe the adversarial process, not sanctionable conduct. That the Court ultimately rejected Plaintiff's reading of Ibanera's qualified admissions establishes that she was wrong, not that advancing the reading was objectively reckless.

**D. The Motion Fails the Specificity and Causation Requirements.**

Section 1927 requires the movant to establish a causal connection between the objectionable conduct of counsel and multiplication of the proceedings, and limits any award to the costs occasioned by the objectionable conduct. *Peterson*, 124 F.3d at 1396; *Amlong*, 500 F.3d at 1239. The Motion satisfies neither requirement. It asks the Court to find that "the totality of counsel's conduct justifies action under §1927 or the Court's inherent authority." *See* ECF No. 94 at 9. A totality theory is not a causal showing. The Motion identifies no specific post-filing act, by any specific attorney, tied to any specific increment of fees that would not otherwise have been incurred.

That defect is not curable by deferring the question to an amount phase. Section 1927 makes an attorney liable to satisfy the excess costs "personally," and liability attaches only to the individual attorney who performed the offending conduct. Much of the conduct the Motion describes, filing and amending the complaint, serving discovery, and briefing the motions to dismiss and for summary judgment, was performed by counsel who has since withdrawn. *See* ECF

No. 87. Current counsel appeared on May 4, 2026. *See* ECF No. 84. The Motion nowhere identifies who did what, and a sanction cannot be imposed on an attorney for acts she did not commit.

**E. The Inherent-Power Request Fails a Fortiori.**

Inherent-power sanctions require a specific finding that a party or counsel "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," and the power is to be exercised "with restraint and discretion." *Chambers*, 501 U.S. at 45-46, 50; *Byrne*, 261 F.3d at 1106. The Eleventh Circuit has held that where a fee award "cannot be upheld" on frivolity grounds, "then it also cannot be upheld under § 1927 or as an exercise of the court's inherent power." *Cordoba*, 419 F.3d at 1178. Nothing in this record supports a bad-faith finding. The claims were litigated through normal channels, on a developed record, under recognized doctrines, with this Court's active management including a Court-ordered discovery period. Bad faith cannot be inferred from a good-faith loss.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Ibanera Defendants' Motion for Attorney's Fees as to Entitlement Only in its entirety, and grant such further relief as the Court deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ *Caroline H. Miller*
Caroline H. Miller, Esq.
Florida Bar No.: 1012331
1628 Pine Street
Philadelphia, Pennsylvania 19103
Tel: (215) 391-4790
Fax: (215) 893-5288
Email: caroline@dereksmithlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 10, 2026 on all counsel of record on the Service List via CM/ECF.

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

/s/ *Caroline H. Miller*
Caroline H. Miller, Esq.
Florida Bar No.: 1012331
1628 Pine Street
Philadelphia, Pennsylvania 19103
Tel: (215) 391-4790
Fax: (215) 893-5288
Email: caroline@dereksmithlaw.com