**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 1:25-cv-24118-LEIBOWITZ/AUGUSTIN-BIRCH**

**JANE DOE**,
*Plaintiff*,
*v.*

**IBANERA LLC,**
**MICHAEL CARBONARA,**
**DAVID PARR,** *et al.*,
*Defendants.*
_______________________________/

# ORDER

**THIS CAUSE** is before the Court upon the Motion by Defendants Ibanera, LLC, Michael Carbonara, and David Parr for Attorneys' Fees as To Entitlement Only [ECF No. 94], filed on July 27, 2026. Plaintiff filed a Response [ECF No. 95], and Defendants filed a Reply [ECF No. 96]. The Court has considered the Motion, the parties' written submissions, the record, and applicable law. Upon due consideration, the Motion is DENIED IN PART and GRANTED IN PART.

## BACKGROUND

This case arose from Plaintiff's alleged sexual assault by Defendant Icelandic citizen Bjorn Snorrason ("Snorrason") during a business trip to Singapore, which Plaintiff took at the request of her Defendant employer, Ibanera, LLC ("Ibanera"). [*See generally*, FAC, ECF No. 36].

On May 22, 2026, the Court granted in part the motion to dismiss by Defendant Michael Carbonara ("Carbonara"), Ibanera, and David Parr ("Parr") and dismissed Counts I, II, III, and IV of the First Amended Complaint for *forum non conveniens* and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). [*See* ECF No. 92 at 39]. The Court declined to exercise its discretion to retain supplemental jurisdiction over the state law claims asserted against Ibanera, Parr, and Carbonara and dismissed those counts without prejudice. [*Id.*].

On May 20, 2026, the Court granted summary judgment in favor of Ibanera and against Plaintiff on Plaintiff's employment claims asserted under Title VII and the FCRA. [ECF No. 91]. On May 28, 2026, Final Judgment was entered in favor of Ibanera and against Plaintiff on these counts. [ECF No. 93].

On July 27, 2026, Ibanera, Carbonara, and Parr filed the instant Motion, asking the Court to rule that they are entitled to reasonable attorneys' fees for defending this action as contemplated by Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, without their having submitted "billing records, attorney declarations, allocation analysis, and any other materials needed to determine the amount" of the fee award. [ECF No. 94 at 1]. In the alternative, Defendants seek an award of attorney's fees against Plaintiff's *counsel* as a sanction under 28 U.S.C. § 1927, or the court's inherent powers. [*Id.* at 8–9].

**DISCUSSION**

Plaintiff advances three main reasons she believes the Motion should be denied. First, because only Ibanera obtained a Final Judgment in this case, Carbonara and Parr (who were dismissed without prejudice) are not entitled to any fee award, as they are not prevailing parties. [ECF No. 95 at 6–7].[1] Second, Plaintiff says Defendants failed to comply with Local Rule 7.3's mandatory conferral, which warrants denial of the Motion. [*Id.* 7–8]. Third, Plaintiff contends that Defendants cannot meet *Christianburg*'s stringent standard given that the *Sullivan* guideposts weigh against any fee award. [*Id.* 8–14]. Plaintiff adds to these three main arguments what the Court views as essentially "the kitchen sink," which arguments the Court need not consider to resolve the Motion. [*See id.* at 14–19].

[1] Defendants reply memorandum clarifies that only Ibanera seeks attorney's fees as the prevailing party and that Carbonara and Parr seek attorney's fees as a sanction against Plaintiff's counsel under § 1927 or the court's inherent powers. [ECF No. 96 at 5].

**A. Local Rule 7.3 and motions for attorney's fees.**

Under Local Rule 7.3(a), "[a] motion for an award of attorneys' fees ... arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in [Local Rule 7.3(b)], has been completed." S.D. Fla. L.R. 7.3(a) (alterations added). Local Rule 7.3(b) requires parties to serve motions for attorney's fees at least 30 days before the filing deadline. S.D. Fla. L.R. 7.3(b). The Rule also requires parties to "confer and attempt in good faith to agree on entitlement to and the amount of fees… within twenty-one (21) days" after the motion is served. S.D. Fla. L.R. 7.3(b). If the parties cannot resolve the dispute, the motion — once filed — must contain a "certif[ication] that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b)" and "describ[e] what was and was not resolved by agreement[.]" ." S.D. Fla. L.R. 7.3(a)(8) (alterations added).

Non-compliance with this Rule is, alone, a sufficient basis to deny the Motion. *See Norych v. Admiral Ins. Co.*, No. 08-60330-Civ, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying motion for fees where the movant failed to serve a draft motion or confer in compliance with Local Rule 7.3). However, "where[,] as here, the party seeking denial of the Motion has identified no prejudice suffered from" violations of Local Rule 7.3, it is within the Court's discretion to excuse the violation. *Kowalski v. Jackson Nat' Life Ins. Co.*, No. 12-60597-Civ, 2014 WL 4101567, at *4 (S.D. Fla. Aug. 20, 2014) (alteration added); *see also W.P. Prods., Inc. v. Tramontina USA, Inc.*, No. 18-63162-Civ, 2020 WL 13604878, at *2 (S.D. Fla. Oct. 2, 2020). Local Rule 7.3's good-faith conference procedures are separate from the similar requirements of Local Rule 7.1(a)(3). *See* S.D. Fla. Loc. R. 7.1(a)(a)(3).

Plaintiff and Defendants disagree about whether Defendants complied with Local Rule 7.3. At the top of page 2 of Defendants' Motion, titled **CERTIFICATION OF GOOD FAITH EFFORT TO RESOLVE BY AGREEMENT,** counsel for Defendants

> certifies that Defendant provided a draft of this Motion to Plaintiff's counsel, and that the parties have conferred in good faith to agree on the issue of entitlement. The

> parties were unable to agree on the issue of entitlement and therefore did not reach a discussion of amounts.

[ECF No. 94 at 2].

Plaintiff challenges Defendants' compliance with Local Rule 7.3 by pointing out that the "Motion is not verified, discloses no fee agreement," and fails to identify a "date of service" which was July 24, 2026—all rendering the conferral process incomplete. [ECF No. 95 at 8]. Defendants reply that their technical failure to comply with the Rule should not result in a merits decision on the Motion given Plaintiff's lack of prejudice. [ECF No. 96 at 4–5]. The Court agrees with Defendants on this point. The Court declines to deny the Motion on a technicality when Plaintiff has failed to cite any prejudice. That said, the Motion is due to be denied under *Christiansburg/Sullivan*, as discussed below.

**B. Defendants do not satisfy *Christiansburg/Sullivan*.**

Generally, parties pay their own attorney's fees in the United States. However, this rule has exceptions. Congress has passed many fee-shifting statutes to achieve different public policy goals. One of these statutes, 42 U.S.C. § 12205, allows a court "in its discretion" to award a prevailing party attorney's fees in actions commenced pursuant to Chapter 126 of Title 42. A district court evaluating an attorney's fee to a prevailing defendant under § 12205 applies the standard set out in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

> In *Christiansburg,* the Supreme Court reiterated that, under Title VII, a prevailing plaintiff should ordinarily be awarded attorney's fees in all but special circumstances. However, the Court noted that the equitable considerations supporting this standard for prevailing plaintiff attorney's fees is absent for prevailing defendants, and thus a different standard was needed to be applied for prevailing defendants. The Court stated that Congress wanted to assure that defendants could be protected from burdensome litigation having no legal or factual basis, and held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 418–21, 98 S.Ct. 694. To be deemed "meritless" for purposes of assessing a prevailing defendant's attorney's fees, it is not enough that the plaintiff had ultimately lost his case. The Court cautioned district courts to resist the understandable temptation to engage in *post hoc*

> reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been a victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. *Id.* at 421–22, 98 S.Ct. 694.

*Bruce v. City of Gainesville, Ga.,* 177 F.3d 949, 951 (11th Cir. 1999). Under the *Christiansburg* standard then, a district court may exercise its discretion to award attorney's fees to a prevailing defendant in a Title VII action if it concludes that plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg,* 434 U.S. at 421. Pursuant to that standard, the term "frivolous" means "so lacking in arguable merit as to be groundless or without foundation." *Id.*

"[D]eterminations regarding frivolity are to be made on a case-by-case basis . . . ." *Bruce.,* 177 F.3d at 952. Although there are no "hard and fast rules" that the Court must consider in making that determination, the Eleventh Circuit has identified "several factors, which the Eleventh Circuit and district courts within the Eleventh Circuit often refer to as "the *Sullivan* factors" to help inform that determination. *Sullivan v. Sch. Bd. of Pinellas Cnty.,* 773 F.2d 1182, 1189 (11th Cir. 1985)); *see also Bonner v. Mobile Energy Servs. Co., L.L.C.,* 246 F.3d 1303, 1304–05 & n.9 (11th Cir. 2001). The *Sullivan* factors include "(1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Bruce,* 177 F.3d at 952 (quoting *Sullivan,* 773 F.2d at 1189) (internal quotation marks omitted)); *Head v. Medford,* 62 F.3d 351, 356 (11th Cir. 1995).

But "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Hodges v. Publix Super Markets, Inc.*, 372 F. App'x 74, 78 (11th Cir. 2010). The Eleventh Circuit has clearly stated "that a plaintiff's claim *should not be considered*

*groundless or without foundation for the purpose of awarding fees to a prevailing defendant* when the claims are meritorious enough to receive careful attention and review." *Walker v. NationsBank of Fla., N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995) (emphasis added); *see also O'Neal v. Dekalb Cnty., Ga.,* 850 F.2d 653, 658 (11th Cir. 1988). The Supreme Court has stated a similar principle. *See Hughes v. Rowe,* 449 U.S. 5, 15–16 (1980) ("Even those allegations that were properly dismissed for failure to state a claim deserved and *received the careful consideration of both the District Court and the Court of Appeals.* Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.*") (emphasis added).

To show frivolousness, Defendants argue Plaintiff and her counsel knew from the prior EEOC proceedings that (1) Ibanera lacked the requisite number of employees to fall within Title VII/FCRA; and (2) that Plaintiff was not an employee of Ibanera; yet (3) Plaintiff sued Ibanera under Title VII/FCRA nonetheless. [ECF No. 94 at 6–7].

According to Defendants' memorandum in support of Ibanera's motion for partial summary judgment on Plaintiff's Title VII/FCRA claims, the evidence provided Plaintiff in the EEOC proceeding included Ibanera's Position Statement and the declarations of Carbonara and Parr, attesting Ibanera employed only one person during the relevant time period. [*See* ECF No. 58 at 2–3].

The Complaint filed in this action on September 9, 2025, alleged that: "The exact number of IBANERA's employees is unknown, but upon information and belief, there are well more than the statutory minimum under Title VII and the FCRA. … At all relevant times, IBANERA was an 'employer' within the meaning of, 42 U.S.C. § 2000e(b). … At all times relevant, Plaintiff was an 'employee' of IBANERA within the meaning of 42 U.S.C. § 2000e(f)." [ECF No. 1 ¶¶ 8–10].

On March 3, 2026, Ibanera moved for partial summary judgment on Plaintiff's Title VII/FCRA employment claims on the grounds that the company employed fewer than fifteen (15)

employees during the relevant time period such that Title VII/FCRA did not apply. [ECF No. 58]. That motion did not challenge Plaintiff's employment status directly. [*See id.*]. Rather, Ibanera maintained it employed only one unidentified person during the relevant time period. [*Id.* at 3]. Importantly, Ibanera argued in the motion that: "Plaintiff may incorrectly believe that independent contractors, offshore developers, consultants, vendors, or foreign employees count as employees under Title VII and FCRA. That belief is incorrect." [*Id.* at 5]. That concession is important on the Court's review for frivolity.

Further, the docket reflects that Ibanera, Carbonara, and Parr joined a motion to stay discovery in this case [ECF No. 53], which discovery would have provided Plaintiff with the documents and other supporting information for Defendants' prior attestations that Ibanera fell outside Title VII/FCRA's reach. It was not until March 26, 2026, when the Court lifted the stay to allow limited discovery on Ibanera's status as a covered employer under Title VII/FCRA that Plaintiff had access to documents reflecting the status of Ibanera personnel.

In opposition to Ibanera's motion for partial summary judgment, Plaintiff relied on two main documents disclosed in discovery that she contended showed Ibanera employed more than fifteen persons during the relevant time period: (1) a Staff Directory of 15 individuals who provided services to Ibanera; and (2) and an organizational chart. [ECF No. 80]. At summary judgment, the Court agreed with Ibanera that these records were not sufficient to rebut Defendants' evidence that Ibanera was not a covered employer under Title VII/FCRA. [ECF No. 91].

In sum, it does not seem frivolous that Plaintiff pursued discovery in this action on an issue Defendants deemed established before the Complaint was filed. Through discovery in this case (which Defendants asked be delayed), Plaintiff obtained the following documents not provided in the EEOC proceedings: "payment records, contractor agreements, and start and stop dates for each U.S. based individual." [ECF No. 90 at 5]. In short, Plaintiff's refusal to take Defendants' "word for it"

was not unreasonable. Consequently, the Court does not find Plaintiff's Title VII/FCRA claims asserted against Ibanera to have been frivolous. Accordingly, the Court DENIES Ibanera's Motion on this ground.

**C. Sanctions may be warranted.**

In the alternative, Defendants ask the Court to award them attorney's fees as a sanction against Plaintiff's *counsel* under 28 U.S.C. § 1927, and/or the Court's inherent powers, for asserting multiple counts of "far-fetched claims" against them under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), as well as pursuing Title VII/FCRA claims counsel should have known were baseless. [ECF No. 94 at 8–9]. The Court has dealt with the Title VII/FCRA claims above and need not revisit that issue again. However, the Defendants' TVPRA argument is well taken.

Title 28, United States Code, Section 1927 is titled "Counsel's liability for excessive costs" and provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 imposes three requirements for an award of sanctions under the statute:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997). An attorney multiplies proceedings "unreasonably and vexatiously" only when the attorney's conduct is so egregious that it is "tantamount to bad faith." *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir. 1991); *see also Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003) ("'Bad faith' is the touchstone."). "[B]ad faith turns not on the

attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239–40 (11th Cir. 2007). "The term 'unreasonably' necessarily connotes that the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard." *Id.* "The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct. *Id.* (citing *Christiansburg*, 434 U.S. at 421).

"In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings." *Amlong & Amlong*, 500 F.3d at 1241. However, "negligent conduct, standing alone, will not support a finding of bad faith under § 1927—that is, an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney." *Id.* "Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242. Finally, "an attorney threatened with sanctions under § 1927 is entitled to a hearing." *Id.* (citing *Reynolds v. Roberts,* 207 F.3d 1288, 1302 (11th Cir. 2000)).

Applying these principles to the case at bar, the Court agrees with Defendants that Plaintiff's counsel's assertion of multiple TVPRA counts against them (when there was absolutely no basis to do so) is objectively egregious conduct sufficient to support sanctions under Section 1927. Accordingly, the Court orders Plaintiff's counsel to SHOW CAUSE in writing why Section 1927 sanctions should not be imposed against counsel **no later than October 6, 2026**.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [**ECF No. 94**] is **DENIED IN PART** and **GRANTED IN PART** as set forth in this Order.

2. Plaintiff's counsel must SHOW CAUSE in writing **no later than October 6, 2026**, as to why Section 1927 sanctions should not be imposed against counsel for asserting multiple baseless claims against Defendants Ibanera, Carbonara, and Parr under the TVPRA.

**DONE AND ORDERED** in the Southern District of Florida on September 28, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record